UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RYAN BAUGH, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 2:24-cv-10036 |
| CENTRAL INTELLIGENCE AGENCY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

      Plaintiff Ryan Baugh brings this action against Defendant Central Intelligence Agency pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, Executive Order 12,968, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

      1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

**VENUE**

      2.      Venue is appropriate under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

**PARTIES**

      3.      Plaintiff Ryan Baugh ("Baugh") is a U.S. citizen and a resident of the state of Michigan.

      4.      Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 701 and is in possession and/or control of the information requested by Baugh which is the subject of this action.

# BACKGROUND

## *PART I: THE SECURITY CLEARANCE APPEALS PROCESS*

5. The federal security clearance adjudication process is generally established by Executive Order 12,968 ("the Executive Order"). Office of the Director of National Intelligence ("ODNI") publications Intelligence Community Directive ("ICD") 704 and its associated Intelligence Community Policy Guidance ("ICPG") 704.3 establish personnel security policy governing eligibility for access to Sensitive Compartmented Information ("SCI")[1] across the Executive Branch. Each agency also promulgates its own regulations governing its implementation of the Executive Order, ICD 704, and ICPG 704.3.

6. A person who has been denied a security clearance or had a security clearance revoked is entitled to appeal that determination administratively. Even though each agency establishes its own internal procedures, all agencies must provide such a person the minimum amount of due process established by Section 5.2 of the Executive Order ("Section 5.2"). "When an adjudicative determination is made to deny or revoke eligibility for access to classified information or eligibility to hold a sensitive position, review proceedings, to the extent they are made available in EO 12968, as amended, Part 5, shall be afforded covered individuals at a minimum." ODNI, *Security Executive Agent Directive 4: National Security Adjudicative Guidelines* § E(6) (June 8, 2017).

7. A key provision of this due process is the right of a person to know with specificity the information available to the agency before engaging in the appeals process.

---

[1] SCI is an access control used to further limit access to certain sensitive information beyond its classification. For the intents of this case the distinction is immaterial, since CIA consolidates its security clearance and SCI access processes because all CIA employees and contractors must be able to obtain both a TOP SECRET clearance and SCI access (colloquially known as a "TS/SCI clearance").

2

"Applicants and employees who are determined to not meet the standards for access to classified information established in section 3.1 of this order shall be: . . . provided within 30 days, upon request and to the extent the documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act (5 U.S.C. 552a), as applicable, any documents, records, and reports upon which a denial or revocation is based." Exec. Order 12,968 § 5.2(a)(2).[2] They are also legally entitled "to request the entire investigative file, as permitted by the national security and other applicable law, which, if requested, shall be promptly provided prior to the time set for a written reply." *Id.* § 5.2(a)(3). This right exists independently of any statutory rights under the Freedom of Information Act and Privacy Act (collectively "FOIA/PA") and may be exercised without the filing of a request under either of those statutes.

8.  ICPG 704.3 provides that any person who has been denied access is entitled "to request any documents, records or reports upon which the denial or revocation is based; and to request the entire investigative file as permitted by the national security and applicable law." ODNI, *ICPG 704.3: Denial or Revocation of Access to Sensitive Compartmented Information, other Controlled Access Program Information, and Appeals Processes* § D(1)(b) (Oct. 2, 2008).

9.  Agency Regulation ("AR")[3] 7-7 is CIA's implementing regulation for the Executive Order, ICD 704, and ICPG 704.3.

10.  AR 7-7 "prescribes the policy and responsibilities for providing reviews and appeals to covered personnel who the CIA has determined are ineligible for access to classified information, in accordance with the adjudicative guidelines promulgated pursuant to Executive

---

[2] "Employee" is defined in the Executive Order to include contractors and subcontractors. *Id.* § 1.1(e).

[3] Agency Regulations are "[d]ocuments containing Agency-wide directives of a continuing nature that prescribe Agency policies, implement and define authorities, and assign responsibilities." CIA, *AR 1-3: The Agency Regulatory System* 1 (July 19, 2017).

Order 12968, and for cases involving access to Sensitive Compartmented Information, incorporated into ICD 704." CIA, *AR 7-7: Appeal of Personnel Security Decisions* 1 (Jan. 12, 2010).

      11.     AR 7-7 largely tracks the relevant language of Section 5.2 and ICPG 704.3:

> The [Statement of Reasons] shall inform the applicant or contractor that he or she may: . . . Request from the [Office of Security ("OS")] those documents, records, and reports, including the entire investigative file, upon which the initial security decision was based. (The applicant or contractor must make the request for documents at the time of his or her request for a review of the initial security decision. Within 30 days of receiving the request, the OS shall provide the requested documentation in a manner consistent with national security and to the extent the documentation would be provided if requested under the Freedom of Information Act or the Privacy Act.)

*Id.* § II(16)(e)(1)(b)(3).

      12.     The OS is responsible for "mak[ing] a decision to deny or revoke an applicant's or a contractor's security clearance and/or access approval(s)." *Id.* § II(16)(d)(1). Pursuant to the information and directions provided to applicants who have been the subject of such a decision, this decision is a final agency decision for the purposes of triggering due process rights. The standard denial letter states that "[t]he US Government disapproved your request for access to classified information" and calls the decision "the US Government's security determination." The document named "Security Decision Information and Instructions" which accompanies such a letter states, "As a result of your disapproval, you must now indicate in all future US Government processing that you have been denied access to classified information by this organization. This included completing forms, and speaking to a Background Investigator or other security professionals." This document also states, "Your company's security officer may resubmit you for a security approval with this organization one year after the date of your disapproval." This last statement tracks the governmentwide prohibition that "[p]ersons found to

4

be ineligible for SCI access will remain so for a minimum of one year from the date of the disqualifying decision." ODNI, *ICPG 704.4: Reciprocity of Personnel Security Clearance and Access Determinations* § D(6) (Apr. 6, 2022).

13. This document also states:

In accordance with the Intelligence Community Policy Guidance (ICPG) 704.3 Appeals Processes, you may receive a copy of the unclassified security information (investigative file) used in the decision. You may obtain your investigative file even if you do not want the security decision reviewed. . . . Within 30 days of receiving your request, we will send you an unclassified copy of your investigative file consistent with any applicable restrictions until the Privacy Act (5 USC 552a) or the Freedom of Information Act (5 USC 552). You may rely upon the investigative file provided to you in making any statements in support of your request that the security decision be overturned.

### *PART II: BAUGH'S SECURITY CLEARANCE PROCEEDINGS*

14. In December 2018, Baugh, an employee of a government subcontractor, was directed to apply for a TS/SCI clearance so that he could be placed on a contract by the prime contractor.

15. In January 2019, Baugh submitted his Standard Form 86 ("SF-86") application to CIA for a TS/SCI clearance.

16. On 13 March 2019, an unknown OS officer recommended "[d]isapproval" of Baugh's application due to "SEAD 4 concerns regarding Drug Involvement and Substance Misuse."

17. On 1 June 2019, an unknown Senior Case Manager stated, "I concur with the recommendation of disapproval [redacted] based on SEAD 4 guidelines pertaining to Drug Involvement and Substance Misuse."

18. On 2 July 2019, CIA sent Baugh a letter, stating, "The US Government disapproved your access to classified information on 01 June 2019. This letter provides the reasons for the US Government's security determination."

19. This letter was signed by "Connor S. Knowles, Senior Adjudication Officer."

20. The aforementioned document labeled "Security Decision Information and Instructions" advised Baugh of his rights to appeal this decision and to request his investigative file.

21. This document instructed Baugh to send these requests to "Connor S. Knowles" at "Knowles & Hoffman" in Great Falls, VA.

22. "Connor S. Knowles" is a pseudonym, and no business named "Knowles & Hoffman" exists in Great Falls, VA, or elsewhere. Both are fictitious entities used by CIA for security clearance appeals.

23. On 13 August 2019, Baugh's undersigned counsel sent a letter to CIA formally requesting Baugh's investigative file and requesting that Baugh's deadline for submitting an appeal request be tolled until after the file was received.

24. On 3 September 2019, CIA allegedly sent a letter to Baugh's undersigned counsel[4] acknowledging Baugh's "review request" and purporting to include "a copy of your client's investigative file and the specific documents, records, and reports the Government used to arrive at its security determination in your client's case." The letter stated:

> The investigative file has been provided to you consistent with processing under the Privacy Act or the Freedom of Information Act. Certain categories of Government information are exempt in their entirety from release. The release of the file has been made pursuant to the provisions of Executive Order 12968.

---

[4] Baugh's undersigned counsel has no record of receiving this letter in 2019.

25. The 24-page file attached to this letter consisted of CIA's 2 July 2019 denial letter, Baugh's 20-page SF-86, and three pages of apparent OS notes.

26. CIA's release was heavily redacted, with a significant amount of information being redacted which would not be exempt under FOIA/PA.

27. For example, CIA consistently redacted Baugh's identifying information, such as his Social Security Number, military service numbers, and a loan number. This is information which cannot be withheld from a first-party FOIA/PA requester.

28. More importantly, CIA redacted the vast majority of information in the three pages of notes, including virtually all of the initial recommendation and most of the Senior Case Manager's comments. From context, it appears that CIA considers this information to be protected by the deliberative process privilege, which is not a recognized exemption under the Privacy Act.

29. No further information has been provided by CIA regarding the extent to which it withheld other documents in full on the basis that they are allegedly "exempt in their entirety from release."

30. On 11 October 2022, CIA officer "Vivian Roberts"—a pseudonym—attempted to contact Baugh's undersigned counsel by phone, leaving a voicemail message that CIA was "getting around now to attempting to schedule a personal appearance."

31. On 18 October 2022, "Roberts" again attempted to contact Baugh's undersigned counsel by phone, leaving a voicemail message restating the desire to schedule a personal appearance.

32. On 19 October 2022, Baugh's undersigned counsel contacted "Roberts" by phone and informed her that he had not yet received the investigative file requested on 13 August 2019.

"Roberts" advised him that it had been sent in September 2019 and agreed to resend it. In this call, Baugh's undersigned counsel confirmed that Baugh was requesting a personal appearance as part of his appeal of his security clearance denial.

33. On 21 October 2022, CIA resent the 3 September 2019 letter and investigative file to Baugh's undersigned counsel.

34. On 7 November 2022, Baugh's undersigned counsel attempted to reach "Roberts" by phone to resolve the matter of the improperly censored investigative file but was forced to leave a detailed message with a coworker.

35. Between November 2022 and March 2023, Baugh's undersigned counsel attempted between 1-3 additional times to reach "Roberts" by phone to resolve the matter of the improperly censored investigative file, but he was unable to do so.

36. On 23 March 2023, Baugh's undersigned counsel contacted a CIA attorney to attempt to resolve the matter of the improperly censored investigative file and was advised that she would "reach out to the appeals staff."

37. On 26 April 2023, Baugh's undersigned counsel contacted the CIA attorney to check on the status of the matter and was advised on 9 May 2023 that "the appeals staff here is reviewing this matter."

38. On 29 June 2023, Baugh's undersigned counsel contacted the CIA attorney to again check on the status of the matter and was advised that "this will be wrapped up week [sic]."

39. On 21 July 2023, CIA sent a modified copy of the investigative file to Baugh's undersigned counsel.

8

40. The only additional information released by CIA in the modified copy of the investigative file was six brief paragraphs summarizing information provided by Baugh in his SF-86.

41. Baugh's identifying information and most of the OS officer's recommendation and Senior Case Manager's conclusion remain redacted, as well as several other parts of the three pages of notes, the nature of which cannot be determined from context.

42. On 14 and 16 August 2023, "Roberts" attempted to contact Baugh's undersigned counsel by phone, leaving voicemail messages stating a desire to advise him of "alternatives" to a personal appearance.

43. On 13 September 2023, Baugh's undersigned counsel contacted "Roberts" by phone and was informed that the only alternative being offered to Baugh was withdrawing his appeal. He advised "Roberts" that the investigative file still contained numerous instances of improperly redacted information and confirmed that Baugh still wished to have a personal appearance.

44. On 18 October, 23 October, and 4 December 2023, "Roberts" attempted to contact Baugh's undersigned counsel by phone, leaving voicemail messages stating the desire to schedule Baugh's personal appearance and making no mention of the improperly censored investigative file.

45. On 20 December 2023, CIA sent a letter to Baugh's undersigned counsel, stating, "If we do not receive a response within 10 business days, your client's request for a /review [sic] will be cancelled, due to our inability to contact you using the most current information we have on file."

46. Ten business days from 20 December 2023 is 5 January 2024.

47.     Due to CIA's delay and obstruction, Baugh is now being informed that, unless he withdraws his appeal of the denial of his security clearance, he must complete the appeal without having access to the entire investigative file to which he is legally entitled, despite the fact that CIA has directed him, pursuant to its standard practice, to "rely upon the investigative file provided to you in making any statements in support of your request that the security decision be overturned."

48.     Without relief from this Court, Baugh will be forced to appeal an adverse security clearance decision without full knowledge of the facts behind it, most critically the information being withheld about the recommendations and conclusions of the adjudicating officials, which, depending on their content, could be used to demonstrate "that the security decision [should] be overturned." The mere fact that several words immediately following "disapproval" are consistently redacted suggests that the disapproval is less than total: information which Baugh might be able to use to his advantage.

49.     Furthermore, the investigative file will be provided to any other federal agency with which Baugh attempts to work in the future if a security clearance is required, while Baugh himself will not know what those future agencies will be reading. This prospect of future harm is the reason that CIA informs each applicant denied a security clearance, "You may obtain your investigative file even if you do not want the security decision reviewed."

## CAUSE OF ACTION

**(APA/MANDAMUS – FAILURE TO PROVIDE DOCUMENTATION)**

50.     Baugh repeats and realleges the allegations contained in all paragraphs set forth above.

51. Baugh properly submitted his request for documentation to CIA as part of an ongoing administrative proceeding. Sections 5.2(a)(2)-(3), as implemented by ICPG 704.3 and AR 7-7, govern the processing and release of the requested documentation when sought in the context of the separate administrative proceeding. The duty to provide such information upon request to a person who has had a security clearance denied or revoked is non-discretionary and ministerial in nature.

52. CIA has impermissibly withheld information from the investigative file from Baugh which is not exempt under FOIA/PA and has impermissibly required Baugh to choose between withdrawing his appeal and prosecuting it without access to the information to which he is legally entitled.

53. The refusal by CIA to produce all of the requested information constitutes final agency action. This action is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. It also constitutes a violation of a clearly mandated ministerial duty.

54. As a result of CIA's actions, Baugh has not been meaningfully able to continue with the ongoing administrative proceeding, thereby causing him adverse and harmful professional and financial effects.

55. Accordingly, Baugh has exhausted all required administrative remedies.

56. Baugh is therefore entitled to relief in the form of either: (a) a declaratory order that CIA is in violation of Section 5.2 of Executive Order 12,968, ICPG 704.3, and AR 7-7, and an injunction compelling CIA to follow those provisions and immediately provide him with all information in his investigative file to the extent that the information would not be exempt under FOIA/PA if requested by him; or (b) a writ of mandamus ordering CIA to comply with those provisions and do the same.

57. Furthermore, if CIA carries out its threatened cancellation of Baugh's security clearance appeal on the basis of his refusal to schedule a personal appearance before the matter of the improperly censored investigative file is resolved, Baugh is entitled to an injunction compelling CIA to reopen his appeal upon the conclusion of the instant case, regardless of the outcome of the litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan Baugh prays that this Court:

(1) Order the Central Intelligence Agency to release all requested documentation to him subject to any applicable FOIA/PA exemptions;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 28 U.S.C. § 2412(d) or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   January 5, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*