# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | CASE NO.: 2:24-cv-10036-MFL-APP |
| | * | |
| v. | * | HON. MATTHEW F. LEITMAN |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S APPLICATION PER LOCAL RULE 83.20(f)(1)
FOR COUNSEL TO APPEAR WITHOUT LOCAL COUNSEL**

Pursuant to Local Rule 83.20(f)(1), Plaintiff Ryan Baugh ("Baugh"), by and through undersigned counsel, respectfully requests that this Honorable Court grant his counsel leave to appear without the obligation to specify local counsel. The undersigned was admitted to the Eastern District of Michigan on 5 January 2024 for the purpose of litigating this case for Baugh, who resides in the Detroit area, but he is not a member of the Michigan State Bar.

As explained in the following brief, which has been included in this application due to its short length, Baugh maintains that this case presents the type of unusual or extenuating circumstances which are typically present when the requirement is waived.

## **BRIEF**

I.      **STATEMENT OF ISSUE PRESENTED**

Whether the Court should permit Plaintiff to be represented solely by the undersigned counsel, who is admitted to the bar of the Eastern District of Michigan but not the State Bar of Michigan, without specifying local counsel pursuant to Local Rule 83.20(f)(1)?

Plaintiff answers: Yes

Defendant answers: Unknown

The Court should answer: Yes

**II.     CONTROLLING AUTHORITIES**

E.D. Mich. LR 83.20(f)(1)

*Keck v. Graham Hotel Sys.*, No. 07-11042, 2007 U.S. Dist. LEXIS 35282, 2007 WL 1452909 (E.D. Mich. May 15, 2007)

*Koenemann v. Marberry*, No. 06-10852, 2006 WL 1421527 (E.D. Mich. May 23, 2006)

*Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, 2015 WL 12990475 (E.D. Mich. July 1, 2015)

**III.     ARGUMENT**

Baugh is aware that this Court strictly enforces this Local Rule, but he respectfully maintains that this matter presents sufficiently unusual or extenuating circumstances to waive the requirement. The undersigned has represented Baugh for five years in all areas relevant to this case, and he has been litigating primarily national security-related cases like this one for sixteen years, during which time he has been admitted to practice before the United States District Courts for the District of Columbia, the Eastern District of New York, the Southern District of New York, the Northern District of Texas, the District of Vermont, and the Western District of Washington, the United States Court of Appeals for the Second, Fourth, Fifth, Ninth, Eleventh, and District of Columbia Circuits, and the United States Supreme Court.[1]

Moreover, this case centers around a dispute over due process requirements in the security clearance process—an area of the law in which the Eastern District of Michigan (or even the Sixth Circuit) does not have a distinct interpretation—and with respect to the threshold question of the scope of the Court's reviewability of security clearance decisions (about which there is a circuit split), the Sixth Circuit shares the majority opinion. *See* Mot. Leave to File *Amici Curiae* Br. & Br. of *Amici Curiae* Nat'l Sec. Legal Academics Supp. Pet. at 6-9 (filed Nov. 2, 2020), *Campbell v. McCarthy*, No. 20-435, *available at* http://www.supremecourt.gov/DocketPDF/20/20-435/159454/20201102235600117_2020-11-02%20-%20A%20-%20Amici%20brief.pdf (last accessed Jan. 8, 2024) (explaining the majority view shared by the Third, Fifth, Sixth, Eighth, Ninth, Tenth, and D.C. Circuits). As this *amicus curiae* brief demonstrates, the undersigned specializes in this uniquely federal area of the law, litigating it as well as writing and lecturing about it as an adjunct professor teaching a course in

---

[1] The undersigned remains a member of good standing in all of these jurisdictions.

4

the Law of Secrecy at the George Washington University Law School. In fact, the only other federal case to address the specific controversy at issue in this case—*Moyar v. Department of Defense*, No. 22-478 (D.D.C.)—was litigated by the undersigned, who is currently litigating the appeal before the D.C. Circuit. As with that case, Baugh expects that this case will likely be decided on motions and will not require an actual trial before the Court, and so the parties and the Court should not be inconvenienced by the undersigned's lack of physical proximity to the Court.

Baugh recognizes that personal accessibility is only one purpose for the local counsel rule, and that the rule serves other salutary purposes: "Familiarity with the Local Rules and the local legal culture is another. More important, however, is the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar." *Keck v. Graham Hotel Sys.*, No. 07-11042, 2007 U.S. Dist. LEXIS 35282, 2007 WL 1452909 at *5 (E.D. Mich. May 15, 2007). With respect to the first concern, the undersigned has carefully familiarized himself with this Court's Local Rules, Administrative Orders, Electronic Filing Procedures, and Practice Guidelines. While he admittedly does not have extensive experience with these rules and procedures due to just becoming a member of the bar last week for the purpose of litigating this case, that very fact has been considered to support waiver in the past. *See Wagner v. Comm'r of Soc. Sec.*, No. 15-11553, 2015 WL 12990475, at *3 (E.D. Mich. July 1, 2015) (distinguishing case from *Koenemann v. Marberry*, No. 06-10852, 2006 WL 1421527 (E.D. Mich. May 23, 2006) because "in *Koenemann* . . . Local Rule 83.20 was waived not as a matter of common practice, but upon counsel's first application to practice in the Eastern District of Michigan").

With respect to the second concern, despite practicing in fifteen different courts for sixteen years, the undersigned has never been the subject of any disciplinary action. Furthermore, to comply with Local Rule 83.20(d)(3), the undersigned's application for admission included a declaration from a sponsor who is admitted to practice in this Court—in this case Nathan Wessler of the American Civil Liberties Foundation—that the undersigned "is of good character and reputation and that he is qualified to practice as a member of the Bar of this Court." *Koenemann*, 2015 WL 1421527 at *1 (citing sponsorship as a reason to waive local counsel requirement). To the extent that the Court remains concerned about potential misbehavior going unpunished, the District of Columbia Bar, where the undersigned primarily practices, would apply the Rules of Professional Conduct of this jurisdiction regarding any complaint. *See* D.C. Bar, R. Prof. Cond. 8.5(b)(1) ("For conduct in connection with a matter pending before a tribunal, the rules to be applied shall be the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise."), *available at* https://www.dcbar.org/for-lawyers/legal-ethics/rules-of-professional-conduct/maintaining-the-integrity-of-the-profession/disciplinary-authority;-choice-of-law (last accessed Jan. 8, 2024).

Finally, it should be noted that Baugh will be significantly prejudiced by the denial of this application, the core purpose of which is "to avoid the financial burden" of requiring him to hire local counsel. *Koenemann*, 2015 WL 1421527 at *1. Unlike most cases where a plaintiff of limited means can attain counsel on a contingency fee basis, there is no prospect of financial reward at the end of this case, since it only seeks to compel Defendant to provide the appropriate due process in Baugh's security clearance appeal. The undersigned is able to represent Baugh at a significantly reduced rate solely because his firm is organized as a non-profit public interest law firm, and Baugh, who has been struggling financially due to Defendant's ongoing delays,

6

would simply not be able to afford to pay local counsel what any competent lawyer would request for a case as complex as this. This fact distinguishes this case from cases like *Wagner*, where the court considered the likelihood that "any such fees [the plaintiff would owe local counsel] would merely be deducted from any award she receives." 2015 WL 12990475 at *2.

Similarly, for the reasons described above, this case is not amenable to the suggestion in *Wagner* that the undersigned "could vitiate the monetary burden by referring the instant plaintiff to an attorney who is a member of the bar of this court and a member of the State Bar of Michigan." *Id.* Simply put, the undersigned is one of a handful of lawyers in the country with experience litigating in this incredibly niche area of the law, and identifying a lawyer with comparable expertise who would not require local counsel would be very difficult if not practically impossible. Any lawyer Baugh would be able to hire would be facing a Department of Justice lawyer supported by a team of Central Intelligence Agency lawyers who *do* specialize in such matters, and Baugh respectfully suggests that the purposes of Local Rule 83.20(f)(1)—no matter how salutary—do not warrant imposing such an imbalance on him in these circumstances.

Because this application is being filed before any attorney has entered an appearance for Defendant—and even before Defendant has been fully served—the undersigned inquired directly with Defendant's Office of General Counsel in an attempt to obtain concurrence pursuant to Local Rule 7.1(a)(1). An attorney in that office informed the undersigned, "Regarding your pending motion to waive a local rule, we cannot provide a response to your request." Baugh is accordingly treating this application as opposed out of an overabundance of caution, and he respectfully requests that the Court grant this Motion without prejudice and allow Defendant to file a motion to reconsider once it enters an appearance if it so chooses.

A proposed Order accompanies this application.

7

Date:   January 9, 2024

                                                        Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*