IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

    Plaintiff,

    v.                           Case No. 24-10036

CENTRAL INTELLIGENCE           Hon. Susan K. DeClercq
AGENCY,

    Defendant.

---

## DEFENDANT'S MOTION TO DISMISS

---

Defendant, by undersigned counsel, requests that the claims in this case be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Pursuant to Local Rule 7.1(a), on April 10, 2024, undersigned counsel sent Plaintiff's counsel an email explaining the nature of the relief sought in this motion and to request concurrence. Concurrence was not obtained.

                      Respectfully submitted,

                      BRIAN M. BOYNTON
                      Principal Deputy Assistant Attorney General

                      CHRISTOPHER R. HALL
                      Assistant Branch Director
                      Federal Programs Branch

*s/Marcia K. Sowles*
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 11028
Washington, DC 20530
Tel: (202) 514-4960
Fax: (202) 616-8470

Dated: April 12, 2024

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

    Plaintiff,

    v.                                     Case No. 24-10036

CENTRAL INTELLIGENCE                    Hon. Susan K. DeClercq
AGENCY,

    Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

### ISSUES PRESENTED

1. Whether Plaintiff states a claim under the Administrative Procedure Act ("APA") for alleged violation of Executive Order 12,968 and of the other cited authorities.

2. Whether Plaintiff states a claim for mandamus relief under 28 U.S.C. § 1361.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Carson v. U.S. Off. of Special Counsel,* 633 F.3d 487 (6th Cir. 2011)

*Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367 (2004)

*Dep't of Navy v. Egan,* 484 U.S. 518 (1988)

*Haleem v. U.S. Dep't of Def.,* Civ. A. No. 23-1471, 2024 WL 230289 (D.D.C. Jan. 22, 2024)

*Moyar v. Dep't of Def.,* Civ. A. No. 22-478, 2023 WL 2662915 (D.D.C. Mar. 28, 2023), *appeal filed,* No. 23-5084 (D.C. Cir. Apr. 25, 2023)

*Romero v. Dep't of Def.,* 527 F.3d 1324 (Fed. Cir. 2008)

*State of Michigan v. Thomas,* 805 F.2d 176 (6th Cir. 1986)

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................3

    A.    Executive Order 12,968 and Related Directives ...................................3

    B.    Baugh's Factual Allegations ................................................................7

LEGAL STANDARDS ....................................................................................11

ARGUMENT ...................................................................................................11

I.    Baugh Fails to State an APA Claim for Alleged Violations of Executive Order 12,968 or Any of the Other Directives.............................13

II.    Baugh Fails to State a Claim for Mandamus Relief. ....................................16

CONCLUSION ................................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Allied Chem. Corp. v. Daiflon, Inc.*,
  449 U.S. 33 (1980) ................................................................16

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
  528 F.3d 426 (6th Cir. 2008) ..............................................11

*Carson v. U.S. Off. of Special Couns.*,
  633 F.3d 487 (6th Cir. 2011) ..............................................16

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ............................................................16

*Citizens for Resp. & Ethics in Wash. v. Sec. & Exch. Comm'n*,
  916 F. Supp.2d 141 (D.D.C. 2013) ....................................17

*Dep't of Navy v. Egan*,
  484 U.S. 518 (1988) ................................................. 3, 11, 12

*Dorfmont v. Brown*,
  913 F.2d 1399 (9th Cir. 1990) ............................................12

*El Ganayni v. U.S. Dep't of Energy*,
  591 F.3d 176 (3d Cir. 2010) ...............................................12

*Haleem v. U.S. Dep't of Def.*,
  Civ. A. No. 23-1471, 2024 WL 230289 (D.D.C. Jan. 22, 2024) ........................14

*Heckler v. Ringer*,
  466 U.S. 602 (1984) ............................................................18

*Hegab v. Long*,
  716 F.3d 790 (4th Cir. 2013) ..............................................12

*Helicopter Ass'n Int'l, Inc. v. Federal Aviation Admin.*,
  722 F.3d 430 (D.C. Cir. 2013) ............................................15

*Hill v. Blue Cross & Blue Shield of Mich.*,
409 F.3d 710 (6th Cir. 2005) ................................................................11

*Hill v. Dep't of the Air Force*,
844 F.2d 1407 (10th Cir. 1988) ............................................................12

*Humm v. Crowell*,
172 F.3d 48 (Table) (6th Cir. 1998) ....................................................12

*Maczko v. Joyce*,
814 F.2d 308 (6th Cir. 1987) ................................................................16

*McCarthy v. Madigan*,
503 U.S. 140 (1992)................................................................................19

*Meyer v. Bush*,
981 F.2d 1288 (D.C. Cir. 1993)............................................................15

*Morongo Band of Mission Indians v. Federal Aviation Admin.*,
161 F.3d 569 (9th Cir. 1998) ................................................................15

*Moyar v. Dep't of Def.*,
Civ. A. No. 22-478, 2023 WL 2662915 (D.D.C. Mar. 28, 2023),
*appeal filed*, No. 23-5084 (D.C. Cir. Apr. 25, 2023) ..........................14

*National Mining Ass'n v. United Steel Workers*,
985 F.3d 1309 (11th Cir. 2021) ............................................................15

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
650 F.3d 1046 (6th Cir. 2011) ..............................................................11

*Norton v. S. Utah Wilderness All.*,
542 U.S. 55 (2004)..................................................................................17

*Parks v. Lyash*,
No. 22-584, 2023 WL 6237062 (6th Cir. April 12, 2023) ..................12

*Rimmer v. Holder*,
700 F.3d 246 (6th Cir. 2012) ................................................................16

*Romero v. Dep't of Def.*,
   527 F.3d 1324 (Fed. Cir. 2008) ..........................................................14

*Shearson v. Holder*,
   725 F.3d 588 (6th Cir. 2013) ..............................................................19

*State of Michigan v. Thomas*,
   805 F.2d 176 (6th Cir. 1986) ......................................................... 14, 15

*Sur Contra La Contaminacion v. En. Prot. Agency*,
   202 F.3d 443 (1st Cir. 2000)..............................................................15

*U.S. Fish & Wildlife Serv. v Sierra Club, Inc.*,
   592 U.S. 261 (2021)............................................................................18

*Wilbur v. United States ex rel. Kadrie*,
   281 U.S. 206 (1930).............................................................................17

## CONSTITUTION

U.S. Const., Art. II, § 2 ..........................................................................2

## STATUTES

5 U.S.C. § 552 ............................................................................. 1, 2, 4

5 U.S.C. § 552(b)(3).............................................................................18

5 U.S.C. § 552(b)(5).............................................................................18

5 U.S.C. § 552a ........................................................................... 1, 2, 4

5 U.S.C. § 702 .................................................................................2, 13

28 U.S.C. § 1361 ...................................................................... 2, 13, 16

50 U.S.C. § 3003(a)(4)...........................................................................6

50 U.S.C. § 3024(i)(1) .........................................................................18

**EXECUTIVE ORDERS**

Exec. Order No. 12,291, 46 Fed. Reg. 13,193 (Feb. 17, 1991). ...................... 14, 15

Exec. Order No. 12,968, 60 Fed. Reg. 40,245 (Aug. 2, 1995) ...................... *passim*

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 11, 13

# INTRODUCTION

Defendant the Central Intelligence Agency (hereafter "Defendant" or "United States")[1] respectfully submits this memorandum of law in support of its motion to dismiss the claims in the complaint.  This case stems from a denial of an application by Plaintiff Ryan Baugh ("Baugh"), a government subcontractor employee, for a security clearance.  Baugh has been provided a redacted copy of the investigative file upon which the denial is based and an opportunity to seek administrative review of the denial.  Baugh alleges that the United States Government has violated Executive Order 12,968, 60 Fed. Reg. 40,245 (Aug. 2, 1995) ("E.O. 12,968") by withholding certain information in the file that he contends is not exempt from disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 or the Privacy Act ("PA"), 5 U.S.C. § 552a.  Rather than raise that issue in the administrative review process, Baugh seeks to challenge the redactions in this Court and requests this Court to issue an order to require the United States to release additional portions of his investigative file.

---

[1] The United States assumes the well-pleaded factual allegations in the complaint are true for the limited purpose of this motion.  Nothing in this submission should be considered an acknowledgment by the United States of, or indeed any comment on, the factual veracity of any of the allegations.  As just one example, while Defendant acknowledges that Plaintiff challenges an action of, or failure to act by, the United States, the United States does not even confirm or deny that Plaintiff has named the proper Defendant in this lawsuit.

Baugh's complaint should be dismissed for failure to state a claim under either the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361. Baugh fails to state a claim under the APA because the Executive Order 12,968 expressly provides that it does not create any judicially enforceable rights. Indeed, that Executive Order is intended only to improve the internal management of the Executive Branch. Both the policy guidance and internal agency regulations on which Baugh relies each contain the same limitations.

Baugh also fails to meet any of the requirements for mandamus relief. First, Baugh has no clear and undisputed right to his investigative file under Executive Order 12,968 or any of the authorities cited in his Complaint; nor does the Defendant have a clear duty to provide Baugh a copy of his investigative file. Second, even if Baugh had an enforceable right to certain portions of the investigative file, the determination of what portions of the investigative file is exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, is not a ministerial function, but an action that requires exercise of judgment. Third, mandamus is not appropriate because he has not exhausted his administrative remedies by raising his redaction claim in the administrative process.

## BACKGROUND

**A.    Executive Order 12,968 and Related Directives**

"The President" of the United States, as "Commander in Chief of the Army and Navy of the United States'" has "authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position . . . that will give that person access to such information." *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988) (quoting U.S. Const., Art. II, § 2).  Thus, the "Presidents, in a series of Executive Orders, have sought to protect sensitive information and to ensure its proper classification throughout the Executive Branch by delegating this responsibility to the heads of agencies." *Id*. at 528.

Executive Order 12,968 "establishe[d] a uniform Federal personnel security program for employees who will be considered for initial or continued access to classified information."  60 Fed. Reg. at 40,245. This Executive Order explains that "[t]he national interest requires that certain information be maintained in confidence through a system of classification."  *Id*. "The unauthorized disclosure of information classified in the national interest can cause irreparable damage to the national security."  *Id*.

Under Executive Order 12,968, a determination of eligibility for access to classified information "is a discretionary security decision based on judgments by

3

appropriately trained adjudicatory personnel." *Id.* § 3.1(b). "Eligibility shall be granted only where facts and circumstances indicate access to classified information is clearly consistent with the national security interests of the United States, and any doubt shall be resolved in favor of the national security." *Id.*

The Executive Order sets out internal agency review procedures for "[a]pplicants and employees who are determined to not meet the standards for access to classified information established in . . . this order." *Id.* § 5.2(a). This review process is designed to provide meaningful review while protecting the interests of national security. *See id.* § 5.2(a), (d). An individual subject to a denial or revocation of a security clearance is allowed, with certain exceptions, several procedural protections. *Id.* § 5.2(a). These procedures include (1) a "comprehensive and detailed written explanation of the basis for [the denial] as the national security interests of the United States and other law permit[,]" (2) upon request, "to the extent documents would be provided if requested under the Freedom of Information Act (5 U.S.C. 552) or the Privacy Act ([5] U.S.C. 552a), as applicable, any documents, records, and reports upon which the denial or revocation is based[,]" (3) an opportunity to be represented by counsel and "to request the entire investigative file, as permitted by national security and other applicable law, which if requested shall be promptly provided prior to the time set for a written reply[,]" (4) "a reasonable opportunity to reply in writing to, and

request a review of the determination," (5) "written notice of and the reasons for the results of the review, identity of the deciding authority, and written notice of the right to appeal[,]" (6) an opportunity to appeal in writing to a high level panel appointed by the agency head, which shall be comprised of at least three members, two of whom shall be selected outside the security field" and (7) "an opportunity to appear personally and to present relevant documents, materials and information at some point in the process before an adjudicative or other authority, other than the investigative entity, as determined by the agency head." *Id*. ¶ 5.2(a).

The Executive Order, however, makes clear that it is "intended only to improve the internal management of the executive branch and is not intended to, and does not, create any right to administrative or judicial review, or any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other persons." *Id*. § 7.2(e).

The Office of the Director of National Intelligence ("ODNI") has issued Intelligence Community Policy Guidance ("ICPG") to the federal agencies or departments that are elements of the intelligence community[2] on the review and

---

[2] The term "intelligence community" is defined to include (a) the ODNI and seven other specified agencies or offices, (b) "the intelligence elements of the Army, Navy, the Air Force, Marine Corps, the Space Force, the Coast Guard, the Federal Bureau of Investigation, the Drug Enforcement Administration, Department of Energy" and (c) such other elements of any department or agency designated by

appeal processes for denial or revocation of security clearances.  *See* Exhibit 1–

Intelligence Community Policy Guidance No. 704.3 (Denial or Revocation of

Access to Sensitive Compartmented Information, Other Controlled Access

Program Information and Appeals Process).  The procedures set forth track the

procedures outlined in Executive Order 12,968.  Like Executive Order 12,968, the

ICPG explicitly states that

> [t]his document does not create or confer on any person or entity any
> right to administrative or judicial review of these procedures, their
> implementation, or decisions or actions rendered there under.  Nor
> does it create or confer any right, benefit, or privilege, whether
> substantive or procedural, for access to classified national  intelligence
> or create or confer any substantive or procedural right, benefit, or
> privilege enforceable by any party against the United States or any
> agency, department, or instrumentality of the executive branch, its
> officers or employees, for [sic] any other person.

*Id*. ¶ E.[3]

---

the President or designated jointly by the DNI and the heads of the department or
agency concerned.  50 U.S.C. § 3003(a)(4).

[3] Pursuant to E.O. 12,968, and other applicable law, the CIA, like other members of
the intelligence community, has adopted internal regulations prescribing
procedures for review and appeals of decisions regarding eligibility determinations
for access to classified information, for which Plaintiff alleges he is entitled to
relief. *See* Exhibit 2 – AR 7-7 Appeal of Personnel Security Decisions.  Like
Executive Order 12,968, it explicitly states that it "does not create for or confer on
any person or entity any right to administrative or judicial review of these
procedures, their implementation, or decisions or actions rendered thereunder."
AR 7-7 i.(5).  As stated in footnote 1, *supra,* the United States does not confirm or
deny that Plaintiff has named the proper defendant.

**B.     Baugh's Factual Allegations**

In December 2018, Baugh's employer, a government subcontractor, directed

him to apply for a Top Secret/Sensitive Compartmented Information (TS/SCI)

clearance "so that he could be placed on a contract by the prime contractor."

(Compl., ECF No. 1, PageID.5, ¶ 14).  In January 2019, Baugh submitted his

Standard Form 86 ("SF-86") for a TS/SCI clearance to the United States.  *Id*. ¶ 15.

On July 2, 2019, the United States sent Plaintiff a letter stating "[t]he US

Government disapproved your request for access to classified information on 01

June 2019."  *Id.,* PageID.6, ¶ 18. Exhibit 3 – July 2, 2019 Letter to Plaintiff.  The

letter stated that the determination "was based on the Security Executive Agency

Directive 4, National Security Adjudicative Guidelines for Drug Involvement and

Substance Misuse" and information Baugh had provided in his SF-86 detailing his

drug use.  Exhibit 3– July 2, 2019 Letter to Plaintiff.  The letter also attached a

document labeled "Security Decision Information and Instructions."  (Compl.,

ECF No. 1, PageID.6, ¶ 18); Exhibit 4 – Security Decision Information and

Instructions.  The attached document explained (1) how to request review of the

decision and (2) how to request an unclassified copy of his investigative file, which

would be provided to the extent consistent with any applicable restrictions under

the Privacy Act or Freedom of Information Act.  Exhibit 4 – Security Decision

Information and Instructions.  It also explained that if Baugh seeks review, he has

the option to make a personal appearance before a security officer.  *Id.* at 3.

Finally, it included a copy of Guideline H in the Security Executive Agent

Directive 4, which sets forth the National Security Adjudicative Guidelines for

Drug Involvement and Substance Abuse.  *Id.* at 7.

On August 13, 2019, Baugh's counsel sent a letter "formally requesting

Baugh's investigative file and requesting that Baugh's deadline for submitting an

appeal request be tolled until the file was received."  (Compl., ECF No. 1,

PageID.6, ¶ 23).  On September 3, 2019, the United States sent Baugh's counsel a

letter enclosing the investigative file with redactions.  *Id.*, ¶ 24. Exhibit 5 –

September 3, 2019 Letter to Kel McClanahan.  Baugh's counsel claims that he has

no record of receiving the letter in 2019. (Compl., ECF No. 1, PageID.6 ¶ 24 n. 4).

On October 11, 2022, after not hearing anything from Baugh's attorney for

more than two years, Vivian Roberts, an employee of the United States, attempted

to contact Baugh's attorney about his request for review.  *Id.*, PageID.7, ¶ 30.  She

left a voicemail indicating that she was reaching out to schedule a time for Baugh's

personal appearance in response to his request for review.  *Id.*  On October 18,

2022, Ms. Roberts again attempted to contact Baugh's attorney by leaving a

voicemail restating the desire to schedule a personal appearance.  *Id.*, ¶ 31.  On

October 19, 2022, Baugh's attorney contacted Ms. Roberts by phone and informed

her that he had not received the investigative file.  *Id.*, ¶ 32.  Ms. Roberts advised

him that it had been sent in September 2019 and agreed to resend it.  *Id*., PageID.8,

¶ 32.  On October 21, 2022, the United States resent its letter dated September 3,

2019, with the redacted investigative file.  *Id.*, ¶ 33.

On November 7, 2023, Baugh's attorney attempted to contact Ms. Roberts

by phone but was unable to reach her.  (Compl., ECF No. 1, PageID.8, ¶ 34).  He

left a detailed message with a coworker.  *Id*.  Baugh's attorney alleges that between

November 2022 and March 2023, he "attempted between 1-3 additional times" to

reach Ms. Roberts by phone regarding his claim that the investigative file had been

improperly redacted.  *Id*., ¶ 35.  On July 21, 2023, the United States sent a

modified copy of the investigative file to Baugh's counsel.  *Id.*, ¶ 39.

Between August 14 and 16, 2023, Ms. Roberts attempted to contact Baugh's

counsel by telephone, leaving voicemail messages stating a desire to advise him of

alternative dates for Baugh's personal appearance.  (Compl., ECF No. 1, PageID.9,

¶ 42).  On September 13, 2023, Baugh's attorney contacted Ms. Roberts by

telephone.  *Id*.  He alleged that "the investigative file still contained numerous

instances of improperly redacted information and confirmed that Baugh still

wished to have a personal appearance."  *Id*.  Between October 18 and December 4,

2023, Ms. Roberts attempted to contact Baugh's counsel three more times by

telephone, leaving voicemails stating a desire to schedule Baugh's personal

appearance.  *Id.*, ¶ 44.  On December 20, 2023, the Defendant sent a letter to

Baugh's attorney requesting Baugh's counsel to contact it regarding possible dates

for Baugh's personal appearance.  *See Id.,* Exhibit 6 – December 20, 2023 Letter to

Kel McClanahan. The letter states "[i]f we do not receive a response within 10

business days, your client's request for a review [sic] will be cancelled, due to our

inability to contact you using the most current information we have." (Compl.,

ECF No. 1, PageID.9, ¶ 45).

On January 5, 2024, Baugh filed this action in district court.  The complaint

alleges that the Defendant "has impermissibly withheld information from the

investigative file from Baugh which is not exempt under FOIA/PA and has

impermissibly required Baugh to choose between withdrawing his appeal and

prosecuting it without access to the information to which he is legally entitled."

Compl., (ECF No. 1, PageID.11, ¶ 52).  The complaint asserts that Baugh is

"entitled to relief in the form of either (a) a declaratory order that [Defendant]

violated Section 5.2 of the Executive Order 12,968, ICPG 704.3 and AR 7-7, and

an injunction compelling [Defendant] to follow those provisions and immediately

provide him with all information in his investigative file to the extent that the

information would not be exempt under FOIA/PA if requested by him; or (b) a writ

of mandamus ordering the [Defendant] to comply with those provisions and do the

same."  (Compl., ECF No. 1, PageID.11, ¶ 56).

## LEGAL STANDARDS

Dismissal pursuant to Rule 12(b)(6) is appropriate where the pleadings have

failed to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

In reviewing a Rule 12(b)(6) motion, the Court accepts all the plaintiff's factual

allegations as true and construes the complaint in the light most favorable to the

plaintiff.  *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir.

2005).  However, the court need not accept as true any "conclusory legal

allegations that do not include specific facts necessary to establish the cause of

action."  *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050

(6th Cir. 2011).  On a Rule 12(b)(6) motion, a court "may consider the Complaint

and any exhibits attached thereto, public records, items appearing in the record of

the case and exhibits attached to defendant's motion to dismiss so long as they are

referred to in the Complaint and are central to the claims contained therein."

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ARGUMENT

Baugh's claim here relates to the United States' denial of his application for

a security clearance and the actions taken by the United States with respect to his

request for review.  As the Supreme Court has noted, "[i]t should be obvious that

no one has a 'right' to a security clearance."  *Dep't of Navy v. Egan,* 484 U.S. at

528.  Rather, "[t]he grant of a clearance requires an affirmative act of discretion on

the part of the granting official," and "[t]he general standard is that a clearance

may be granted only when 'clearly consistent with the interests of the national

security.'" *Id*. (citation omitted).  Accordingly, while there is a presumption

favoring judicial review, that presumption "runs aground when it encounters

concerns of national security, as in this case, where the grant of [a] security

clearance to a particular employee, a sensitive and inherently discretionary

judgment call, is committed by law to the appropriate agency of the Executive

Branch." *Id*. at 527.

Based on *Egan*, the Sixth Circuit has held that a decision denying or

revoking a security clearance is not subject to judicial review and dismissed such

claims for failure to state a claim or for lack of jurisdiction.  *Parks v. Lyash*, No.

22-5841, 2023 WL 6237062 (6th Cir. April 12, 2023); *Humm v. Crowell*, 172 F.3d

48 (Table) (6th Cir. 1998).  Other circuits have unanimously held likewise.  *E.g.*,

*Hegab v. Long*, 716 F.3d 790, 794-96 (4th Cir. 2013); *El Ganayni v.U.S. Dep't of*

*Energy*, 591 F.3d 176, 183 (3d Cir. 2010); *Dorfmont v. Brown*, 913 F.2d 1399,

1401 (9th Cir. 1990); *Hill v. Dep't of the Air Force*, 844 F.2d 1407, 1409 (10th Cir.

1988).

In this action, Baugh attempts to avoid such dismissal by framing his claim

as a procedural challenge to the process he has been provided.  Specifically, he

claims the Defendant violated Executive Order 12,968, ICPG 704.3 and AR 7-7 by

12

allegedly withholding information from its investigative file which is not exempt under FOIA/PA.  (Compl., ECF No. 1, PageID.11, ¶¶ 52, 56).  But rather than challenging the alleged improper redactions in the administrative review proceeding, he attempts to bypass the administrative process by asking this Court to compel the United States to release all requested documentation to him subject to any applicable FOIA/PA exemptions.  As explained below, Baugh fails to state a claim for such relief either under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361.  Accordingly, Baugh's complaint should be dismissed under Federal Rule 12(b)(6).

## I.   Baugh Fails to State an APA Claim for Alleged Violations of Executive Order 12,968 or Any of the Other Directives

The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  Plaintiff's claim is fundamentally flawed because it is predicated on the erroneous assumption that Executive Order 12,968 creates judicially enforceable rights and that actions taken under it are judicially reviewable.  This assumption ignores the fact that the Executive Order explicitly states that it 'is intended only to improve the internal management of the executive branch and . . . does not . . . create any right to administratively or judicial review, or any other right or benefit or trust responsibility, substantive or

13

procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other persons." E.O. 12,968, § 7.2(e). Based on this language, courts have dismissed claims challenging the United States's compliance with Executive Order 12,968 for failure to state a claim. *See Haleem v. U.S. Dep't of Def.,* Civ. A. No. 23-1471, 2024 WL 230289, at *15 (D.D.C. Jan. 22, 2024); *Moyar v. Dep't of Def.*, Civ. A. No. 22-478, 2023 WL 2662915, at *3 (D.D.C. Mar. 28, 2023), *appeal filed*, No. 23-5084 (D.C. Cir. Apr. 25, 2023); *Romero v. Dep't of Def.,* 527 F.3d 1324, 1330 n. 1 (Fed. Cir. 2008).

Courts have reached the same conclusion with respect to other executive orders containing identical or similar language. For example, the Sixth Circuit upheld the dismissal of a claim that the Environmental Protection Agency had violated Executive Order 12,291, 46 Fed. Reg. 13,193 (Feb. 17, 1991). *See State of Michigan v. Thomas,* 805 F.2d 176 (6th Cir. 1986). In that case, the state argued that the EPA violated Section 3 of Executive Order 12,291 because it had failed to conduct a Regulatory Impact Analysis. Section 9 of Executive Order 12,291 contained language like that of Executive Order 12,968; it stated "[t]his Order is intended only to improve the internal management of the Federal government, and is not intended to create any right or benefit, substantive or procedural, enforceable

at law by a party against the United States, its agencies, its officers or any person."
*Id.* at 187 (quoting Executive Order 12,291).

Similarly, the D.C. Circuit has held that "[a]n Executive Order devoted solely to the internal management of the executive branch−and one which does not create any private rights−is not . . . subject to judicial review." *Meyer v. Bush*, 981 F.2d 1288, 1296 n.8 (D.C. Cir. 1993). Accord *Helicopter Ass'n Int'l, Inc. v. Federal Aviation Admin.,* 722 F.3d 430, 439 (D.C. Cir. 2013); *National Mining Ass'n v. United Steel Workers,* 985 F.3d 1309, 1327 (11th Cir. 2021); *Sur Contra La Contaminacion v. En. Prot. Agency,* 202 F.3d 443, 449-50 (1st Cir. 2000); *Morongo Band of Mission Indians v. Federal Aviation Admin.,* 161 F.3d 569, 575 (9th Cir. 1998).

Baugh's attempt to state a claim for alleged violations of ICPG 704.3 and AR 7-7 suffers the same flaw as his attempt to state a claim for violation of Executive Order 12,968 because they also specifically state that they are intended solely for internal management and do not create any enforceable rights. *See* ICPG 704.3, ¶ D.5 and AR 7-7i.(5).

In short, Baugh's claim cannot establish that the Defendant has any legal right to receive the investigative file under Executive Order 12,968. Accordingly, Baugh's challenges to the United States' compliance with Executive Order 12,968, ICPG 704.3 and AR 7-7 should be dismissed for failure to state a claim.

## II.    Baugh Fails to State a Claim for Mandamus Relief.

Baugh's request for mandamus relief under 28 U.S.C. § 1361 should also be dismissed for failure to state a claim.  A writ of mandamus is a drastic remedy invoked only in extraordinary situations.  *See Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).  The mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.[4]  A writ of mandamus is available only if (1) the party seeking the writ has a clear right to relief; (2) respondent has a clear duty to act; and (3) there is no other adequate remedy available to petitioner.  *See, e.g., Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004); *Rimmer v. Holder*, 700 F.3d 246, 264 (6th Cir. 2012); *Carson*, 633 F.3d at 491.  Baugh fails to meet those requirements.

First, Baugh has no clear and undisputable right to a copy of his investigative file.  Nor does the Defendant have a clear duty to provide Baugh with

---

[4] For the same reasons the mandamus claim fails on the merits, the Court could also dismiss it for lack of subject-matter jurisdiction; the Sixth Circuit has held that "[t]he existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue[.]" *Carson*, 633 F.3d at 491 (quoting *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)).

16

a copy his investigative file. As explained above, Section 7.2(e) of Executive Order 12,968 explicitly states that "is intended only to improve the internal management of the executive branch" and does create any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person." E.O. 12,968 § 7.2(e).

Second, even if Baugh had an enforceable right to receive portions of his investigative file, he does not dispute that the United States has provided him a redacted copy of the investigative record.  Thus, he does not allege that the United States failed to act, but that he differs with how the Defendant acted.  That sort of claim cannot satisfy the "clear duty to act" element of mandamus: "Mandamus has never been regarded as the proper writ to control the judgment or discretion of an officer as to the decision of a matter which the law gave him the power and imposed upon him [a] duty to decide for himself." *Citizens for Resp. & Ethics in Wash. v. Sec. & Exch. Comm'n*, 916 F. Supp.2d 141, 151 (D.D.C. 2013) (quoting *Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 220 (1930)).  *See also Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004) (a writ of mandamus may be employed to direct an agency to "take action upon a matter, without directing  how it shall act") (citations omitted).  Baugh's core assertion—that Defendant has impermissibly withheld information, which is not exempt under FOIA/PA from the

17

copy it provided to him, (Compl., ECF No. 1, PageID.11, ¶ 52) —reflects

dissatisfaction with how Defendant exercised a discretionary function. Because

the determination of what portions of production of the investigative record are

permitted by national security or would be available in response to a request under

the FOIA or the Privacy Act is not a "ministerial act," but one that requires

analysis whether disclosure of any of the requested information would harm

national security or other governmental interests or impact the privacy interests of

persons named in the investigative file, it cannot justify mandamus.[5]

Third, mandamus can be a remedy only if a plaintiff has exhausted all other

avenues of relief, including his administrative remedies. *Heckler v. Ringer*, 466

U.S. 602, 616 (1984) (mandamus action properly dismissed where plaintiff had an

adequate remedy for denial of claim). Baugh cannot meet this requirement

because he has not exhausted his administrative remedies. Executive Order 12,968

sets forth a two-step administrative review process for denials or revocations of

---

[5] The FOIA permits an agency to withhold information protected by nine exemptions. For example, Exemption 3, 5 U.S.C. § 552(b)(3) protects information specifically exempted from disclosure by statutes, such as the National Security Act, which protects "intelligence sources and methods." 50 U.S.C. § 3024(i)(1). Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This provision incorporates the deliberative process privilege which documents "reflecting advisory opinions, recommendations, and deliberations comprising part of the process by which government decisions and policies are formulated." *U.S. Fish & Wildlife Serv. v Sierra Club, Inc.*, 592 U.S. 261, 267 (2021).

security clearances.  E.O. 12,968 § 5.2(4) & (6).  If he seeks to challenge the redactions made in the investigative file, he can raise that issue in the administrative review proceedings before the Defendant.

In this case, Baugh has not even completed the first level of review before a security officer.  Although he has submitted his request for the review, he has refused to proceed with his administrative appeal on the grounds that he has not been provided the investigative file to the extent that he believes that he is entitled. (Compl., ECF No. 1, PageID.11, ¶ 54).  However, he offers no explanation of why he cannot raise that issue in the administrative review process.

As the Supreme Court has emphasized, the exhaustion doctrine "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992).  It "acknowledges the commonsense notion of dispute resolution that an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id.*; *accord Shearson v. Holder,* 725 F.3d 588, 593 (6th Cir. 2013) (holding that a plaintiff challenging her detention upon reentry to the United States was required to exhaust administrative remedies under DHS's Travel Redress Program before bringing an action).  These observations are particularly applicable to cases, such as this one, where a plaintiff seeks a mandamus remedy but has not exhausted his administrative remedies.

19

Accordingly, Baugh's claim for a less-redacted version of his investigative file meets none of the requirements for mandamus.  His claim should be dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director
Federal Programs Branch

*s/Marcia K. Sowles*
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 11028
Washington, DC 20530
Tel: (202) 514-4960
Fax: (202) 616-8470

Counsel for United States

Dated: April 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024, I electronically filed the foregoing memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Kelly McClanahan

*/s/ Marcia K. Sowles*
Marcia K. Sowles
Senior Trial Counsel
