# Exhibit No. 2

Approved for Release: 2020/05/28 C06594346

(U) Disseminating or sharing any part of this document outside CIA must comply with AR 10-16.

# AR 7-7 (U) APPEAL OF PERSONNEL SECURITY DECISIONS (Formerly AR 10-16)

DS - Agency Regulation Series 7 (Security and Counterintelligence) Published on 01 December 2010

## Revision Summary

(U) ADMINISTRATIVE REVISION SUMMARY: 12/01/2010

(U) This regulation supersedes AR 10-16, dated 05/19/2010.

(U) AR 7-7 (previously numbered AR 10-16) is revised to update reference to the new Executive Order 13526, dated 29 December 2009.

(U) References/links have been reviewed and updated as necessary and appropriate.

(U) Process Steward Note - Administrative Changes were made on 15 July 2013 to correct the imbedded hyperlinks to refer to the correct associated regulations.

(U) Bold faced text has been used to indicate revisions.

## Regulation Summary

(U) This regulation prescribes the policy and responsibilities for providing reviews and appeals to covered personnel who the CIA has determined are ineligible for access to classified information, in accordance with the adjudicative guidelines promulgated pursuant to Executive Order 12968, and for cases involving access to Sensitive Compartmented Information, incorporated into ICD 704. Cases that involve the Agency's withdrawal of a conditional offer of employment or termination of employment for reasons other than ineligibility for access to classified information are not subject to appeal under this regulation, unless otherwise prescribed.

(U) This revision was written by the Office of Security/Security Policy Staff, ⎵⎵⎵⎵ (b)(3) CIAAct

## I. (U) Authorities

(U) See below.

## II. (U) Policy

## 16. (U) APPEAL OF PERSONNEL SECURITY DECISIONS

Approved for Release: 2020/05/28 C06594346

a. **(U) AUTHORITY.** The National Security Act of 1947, as amended; the CIA Act of 1949, as amended; Executive Orders 12333, **13526**, and 12968; ICD 704, and other applicable law. The appeal provisions of this regulation shall apply notwithstanding any contrary provisions in ICPG 704.3.

b. **(U) DEFINITIONS. For purposes of this regulation, the following definitions apply:**

   (1) **(U) COVERED PERSONNEL**

   (a) (U) The terms "covered personnel" and "covered individual" refer to Agency applicants, (to include applicants for the Summer Employee Program), employees, and contractors, as defined in this regulation.

   (b) (U//AIUO) The Director of the Central Intelligence Agency (D/CIA) has determined that the following individuals will not be granted any appeal:

   (1) (U//AIUO) Assets, [redacted (b)(3) CIAAct]

   (2) (U//AIUO) [redacted (b)(3) NatSecAct]

   (3) (U//AIUO) Individuals other than applicants, employees, and contractors (as defined in b(2) - b(4) of this regulation) who are screened for approval for access to national security information and for whom the Director, Office of Security (D/OS) has determined an appeal cannot be granted consistent with the national security.

(2) **(U) APPLICANTS.** For the purposes of this regulation, the terms "applicant" and "applicants" include individuals who have received conditional offers of employment to become Agency employees.

(3) **(U//AIUO)** **EMPLOYEES.** With the exception of [(b)(3) NatSecAct] foreign national employees, for the purposes of this regulation, the terms "employee" and "employees" refer to staff personnel and non-staff personnel as defined in AR 3-2.

(4) **(U//AIUO)** **CONTRACTORS.** For the purposes of this regulation, the terms "contractor" and "contractors" include independent contractors (including consultants) and employees of contractors (also known as industrial contractors). The term "contractor" also includes, for purposes of this regulation, individuals from non-National Intelligence Program (NIP) organizations for whom the Agency has denied or revoked a request for clearance and/or access(es).

## c. (U) SECURITY AND SUITABILITY DETERMINATIONS

(1) **(U//AIUO)** **GENERAL.** Cases that involve the Agency's denial or revocation of security clearances and/or access approvals of covered personnel are subject to appeal under the terms of this regulation. Cases that involve the Agency's withdrawing a conditional offer of employment or terminating employment for reasons other than ineligibility for access to classified information (for example, performance or surplus reasons) are *not* subject to appeal under Executive Order 12968, ICD 704, or this regulation. However, an employee involved in a "mixed case" (see

paragraph h(2)(b) below) may appeal both security and employment suitability issues in accordance with this regulation

(2) **(U//AIUO)** **APPLICANTS AND EMPLOYEES.** The Director, Office of Security (D/OS) or designee will determine whether an applicant's or employee's conduct raises concerns regarding suitability for employment, security eligibility, or both. However, in cases presenting only employment suitability issues, ⟨(b)(3) CIAAct / (b)(3) NatSecAct⟩ D/OS may only make recommendations regarding the individual's suitability for employment to the Chief, Human Resources (C/HR), the cognizant Head of Career Service, or their respective designees (see AR 4-16 (U) Termination of Employment).

(3) **(U//AIUO)** **CONTRACTORS.** The Office of Security (OS) is only concerned with a contractor's eligibility for a security clearance, access approval, or security approval as defined in AR 7-1 (U) Security Clearances, Accesses, and Approvals. An industrial contractor's suitability for employment is solely and exclusively the responsibility of the contractor's employer, not the Agency.

(4) **(U//AIUO)** **CONSULTATION.** In cases involving the possible denial or revocation of a security clearance or access approval where it is unclear whether the conduct involved raises solely security concerns or includes concerns involving an employee's suitability for employment, the OS will consult with the Office of General Counsel (OGC).

(5) **(U) ADVERSE SECURITY DECISIONS**

Approved for Release: 2020/05/28 C06594346

 (a) (U//AIUO) Denials of waivers of adjudicative or investigative requirements as defined in AR 7-1, may not be appealed.

 (b) **(U//AIUO)** With the exception of temporary suspensions or administrative terminations of access as defined in AR 7-1, whenever the OS determines that covered personnel are not eligible for access to classified information, the procedures set forth below shall apply unless the Director of the Central Intelligence Agency (D/CIA) or the Deputy Director of the Central Intelligence Agency, (DD/CIA) determines that the appeal procedures cannot be made available in a particular case without damaging the national security interest of the United States (U.S.)

### d. (U) INITIAL SECURITY DECISIONS

 (1) **(U//AIUO) APPLICANTS AND CONTRACTORS.** An OS officer delegated authority by the D/OS will make a decision to deny or revoke an applicant's or a contractor's security clearance and/or access approval(s).

 (2) **(U//AIUO) EMPLOYEES.** The D/OS, usually after receiving the recommendation from the Personnel Evaluation Board (PEB), will make a decision to revoke an employee's security clearance and/or access approval(s). The D/OS will seek a recommendation from the PEB in cases involving staff personnel only. Detailed information concerning the PEB is set forth in AR 4-6 (U) Personnel Evaluation Board.

### e. (U) STATEMENT OF REASONS; PROCEDURES ASSOCIATED WITH REQUESTING REVIEW OF AN INITIAL SECURITY DECISION

Approved for Release: 2020/05/28 C06594346

## (1) (U) APPLICANTS AND CONTRACTORS

(a) (U) Consistent with national security and as otherwise provided by applicable law and this regulation, the OS shall provide an applicant or contractor with a comprehensive written statement of reasons (SOR) setting forth the basis for the initial security decision that the applicant or contractor does not meet the standard(s) for access to classified information.

(b) (U) The SOR shall inform the applicant or contractor that he or she may:

   (1) (U//AIUO) Within 45 days of receipt of the SOR, reply in writing to and request a review of the initial security decision;

   (2) (U) At his or her own expense, use the services of counsel or another individual to act as a representative on the applicant's or contractor's behalf;

   (3) (U//AIUO) Request from the OS those documents, records, and reports, including the entire investigative file, upon which the initial security decision was based. (The applicant or contractor must make the request for documents at the time of his or her request for a review of the initial security decision. Within 30 days of receiving the request, the OS shall provide the requested documentation in a manner consistent with national security and to the extent the documentation would be provided if requested under the Freedom of Information Act or the Privacy Act.); and

Approved for Release: 2020/05/28 C06594346

Approved for Release: 2020/05/28 C06594346

(4) (U) Request to appear, at his or her own expense, personally before an Agency representative identified to accept information regarding the applicant's or contractor's request for a review. (The applicant or contractor must make the personal appearance prior to the review.)

(a) (U) The appearance shall be solely to present relevant documents, materials, and information for consideration by the designated review authority.

(b) (U) The Agency representative shall include a written summary of the appearance in the applicant's or contractor's security file for consideration by the designated reviewing authority.

## (2) (U) EMPLOYEES

(a) (U) Consistent with national security and as otherwise provided by applicable law and this regulation, the OS shall provide an employee with a comprehensive written SOR setting forth the basis for the initial security decision that the employee does not meet the standard(s) for access to classified information.

(b) (U//~~AIUO~~) Within 10 days of receipt of the SOR, employees may reply in writing and request a review of the initial security decision. If an employee's response would reveal classified information, it must be prepared and stored at a secure site acceptable to the OS. Employees may also, within that 10 day period, request those documents, records, and reports, including the

entire investigative file, upon which the initial security decision was based. Within 30 days of receiving the request, the OS shall provide the documentation in a manner consistent with national security and as permitted by the Freedom of Information Act and the Privacy Act. (For cases where the SOR or the associated documentation of the decision may be classified due to cover or other considerations, access to the SOR or documentation will be provided at a secure facility designated by the OS as though making a discretionary disclosure under the Privacy Act.)

(c) (U) The OS shall advise employees in the SOR that they may, at their own expense, use the services of counsel or another individual to act as a representative on their behalf. If an employee retains private counsel or a personal representative, the employee must obtain an Agency security clearance, access approval, or security approval for their personal counsel or personal representative prior to discussing any classified information with said counsel or representative.

(d) (U) Employees may request to appear personally with counsel or their personal representative before an Agency representative identified to accept information regarding the employee's request for a review. (The employee must make the personal appearance within 10 days of receipt of the SOR and prior to the review of the initial security decision.)

(1) (U) The appearance shall be solely to present relevant documents, materials, and information

Approved for Release: 2020/05/28 C06594346

for consideration by the designated review authority.

(2) (U) The Agency representative shall include a written summary of the appearance in the employee's security file for consideration by the designated reviewing authority.

(3) (U) The requirement that an individual stationed outside of the Headquarters area pay travel expenses associated with a personal appearance will be waived for Agency employees and detailees. These individuals will be provided with transportation to Headquarters and appropriate lodging and subsistence expenses needed to make a personal appearance. All other costs incurred by these individuals, as part of the review of the initial security decision, are not reimbursable.

## f. (U) REVIEW OF INITIAL SECURITY DECISIONS

(1) (U//AIUO) REVIEW OF INITIAL SECURITY DECISIONS. When a review of the initial revocation or disapproval decision is requested by the applicant or contractor, the D/OS shall designate an OS officer, other than the officer that made the initial revocation or disapproval decision, to review the initial security decision. For employees, the D/OS will review the initial security decision after the personal appearance has occurred or, where an employee does not request a personal appearance, after receipt of the employee's request for review of the initial security decision.

(2) (U//AIUO) NOTICE OF RESULTS OF REVIEW. The OS shall provide covered personnel, who have

Approved for Release: 2020/05/28 C06594346

requested and received a review of an initial security decision by one of the above designated reviewing authorities, written notice of and the reasons for the results of the review. In addition, the OS shall provide covered personnel with the identity of the deciding authority, consistent with cover and other applicable security considerations.

## g. (U) APPEALS

(1) **(U//AIUO) NOTICE OF APPEAL.** In the written notice of and reasons for the results of the review, the OS shall advise covered personnel that they may appeal the initial security decision (and the review) to an appeals panel. Applicants and contractors must file their appeal within 30 days of the receipt of the notice and results of the review of the initial security decision. Employees must file their appeal within 10 days of the receipt of the notice and results of the review of the initial security decision.

(2) **(U) APPEALS PANELS**

   (a) **(U//AIUO) Applicants.** The appeals panel will consist of Chief, Personnel Security Group (PSG), who will serve as the chairperson, as designated by the D/OS; Chief, Recruitment and Retention Center (RRC), as designated by C/HR; and the deputy head of the office that seeks to employ the applicant.

   (b) **(U//AIUO) Contractors.** The appeals panel will consist of the D/OS (who will serve as the chairperson), the Deputy Chief, Counterintelligence Center (CIC) (as delegated by Chief, CIC), and the head of the office that requested the use of the contractor. For non-NIP cases, the appeals panel

Approved for Release: 2020/05/28 C06594346

will consist of the D/OS (who will serve as the chairperson), the Deputy Chief, CIC (as delegated by Chief, CIC) and Chief, RRC, as delegated by C/HR.

(c) **(U//AIUO) Employees.** For employees from outside the E Career Service (D/CIA area), the appeals panel will consist of the Agency Associate Deputy Director of the Central Intelligence Agency (ADD/CIA) who will serve as the chairperson, the Associate Deputy Director for Counterintelligence, National Clandestine Service (ADD/NCS/CI), and the Head of the employee's Career Service. For employees within the E Career Service, the panel will consist of the ADD/CIA (who will serve as the chairperson), the ADD/NCS/CI, and the head of the employee's office. An OS representative will attend the panel sessions as a nonvoting member and will advise the panel regarding security considerations concerning the employee.

(d) **(U) Alternates.** Voting members of Agency appeals panels may designate other senior Agency officials (Senior Intelligence Service or equivalent grade) to act as their alternates at an appeals panel meeting in the event the voting member will be unavailable to attend the panel meeting.

(3) **(U) CONVENING OF APPEALS PANELS.** At the call of the appropriate appeals panel's chairperson, the panel will convene to review the appeal of a covered individual.

(4) **(U//AIUO) PARTICIPATION BY OTHERS IN APPEALS PANELS.** Any of the above-mentioned appeals panels may request that representatives of the OGC, the

Office of Medical Services, the Office of Equal Employment Opportunity, or any other appropriate Agency office, attend appeals panels as nonvoting members to provide expertise and advice. Covered personnel and their representatives will not attend meetings of the appeals panels.

### (5) (U) DECISIONS OF APPEALS PANELS

(a) (U) The decision of an appeals panel shall be in writing, and the Agency shall notify the covered personnel in writing.

(b) (U) Except as provided in paragraph g(5)(c) below, the decision of an appeals panel shall be final and conclusive.

(c) (U//AIUO) Nothing in this regulation shall prohibit the D/CIA, in his sole discretion, from overturning an appeals panel's decision or from taking any other action regarding an individual's security clearance, access, or security approval as he deems appropriate. Covered personnel, however, may not appeal security decisions to the D/CIA.

### h. (U) RELATIONSHIP BETWEEN SECURITY DECISIONS AND EMPLOYMENT

(1) **(U) APPLICANTS.** When the appeals panel upholds the security decision in a case involving an applicant, the applicant will not be hired. The decision of any appeals panel shall be recorded by OS in the appropriate OS files and databases, to include the applicant's security file and electronic record.

(2) **(U) EMPLOYEES**

(a) **(U//AIUO) Security Cases.** When the appeals

Approved for Release: 2020/05/28 C06594346

panel upholds the security decision in a case involving an employee, the ADD/CIA will terminate the individual's Agency employment pursuant to the terms of AR 4-16. The decision of any appeals panel shall be recorded by OS in the appropriate OS files and databases, to include the employee's security file and electronic record.

(b) **(U//AIUO)** **Mixed Cases.** When an employee's case involves issues regarding both security and suitability for employment, the procedural processing of the case will proceed as set forth in this regulation [including paragraph h(2)(a) immediately above]. The employee will be notified of and may simultaneously address the issues relating to both security and suitability for employment, and these issues will be addressed by the appeals panel. The appeal by an employee of a mixed case will be handled under this regulation rather than the appeal provisions of any other regulation.

(3) **(U//AIUO)** **CONTRACTORS.** When the appeals panel upholds the security decision in a case involving an industrial contractor, the Agency will advise **only** the individual of the outcome. Employment decisions following the denial or revocation of an industrial contractor's security clearance and/or access approval(s) are solely and exclusively at the discretion of the employer. When an appeals panel upholds the security decision in a case involving an independent contractor, the Agency will not retain the services of the contractor. In both cases, the OS will record the decision in the appropriate OS files and databases, to include the individual's security file and electronic record.

Approved for Release: 2020/05/28 C06594346

(4) **(U//AIUO) DETAILEES.** When the appeals panel upholds the security decision in a case involving a detailee, the detailee will be reassigned to his or her parent organization, and the OS will record the decision in the appropriate OS files and databases, to include the individual's security file and electronic record.

(5) **(U//AIUO) INDIVIDUALS AT NON-NIP ORGANIZATIONS.** When the appeals panel upholds the security decision in a case involving an individual who is at a non-NIP organization and who is not physically assigned or physically detailed to the Agency, the Agency will advise the individual, and the OS will record the decision in the appropriate OS files and databases, to include the individual's security file and electronic record.

### i. (U) DELEGATION OF AUTHORITY AND LIMITATIONS

(1) (U) D/OS is the senior agency official designated under section 6.1 of Executive Order 12968 to direct and administer the Agency's personnel security program.

(2) (U) D/OS is delegated all authority granted by Executive Order 12968 to the D/CIA, as head of the Agency, except for the following provisions that must be exercised by the D/CIA or DD/CIA, acting on the D/CIA's behalf:

   (a) (U) Section 2.4(b). Making determinations regarding the sensitivity level of special access programs when considering access reciprocity;

   (b) (U) Section 5.2(b). Personally acting as the final appeal authority;

Approved for Release: 2020/05/28 C06594346

(c) (U) Section 5.2(d). Denying covered personnel a particular appeal procedure under this regulation; and

(d) (U) Section 5.2(e). Denying covered personnel an appeal under this regulation.

(3) (U) This regulation applies only to individuals whose affiliation with the Agency requires that they undergo security processing to receive access to classified information. Time deadlines set forth in this regulation, other than those mandated by Executive Order 12968, may be extended or waived by D/OS or designee.

(4) (U) Nothing in this regulation shall be deemed to limit or affect the authority of Agency personnel to make determinations with respect to an individual's suitability or availability for employment, assignment, or affiliation with the Agency.

(5) (U) This regulation does not create for or confer on any person or entity any right to administrative or judicial review of these procedures, their implementation, or decisions or actions rendered there under. It also does not create or confer any right, benefit, or privilege, whether substantive or procedural, for access to classified information or facilities. Finally, this regulation does not create or confer any substantive or procedural right, benefit, or privilege enforceable by any party against the U.S., the Agency, or any other agency or instrumentality of the executive branch, its officers or employees, or any other person.

(6) (U) Nothing in this regulation shall be deemed to preclude the D/CIA or the DD/CIA, under the authority of the National Security Act of 1947, as amended,

Approved for Release: 2020/05/28 C06594346

from taking any actions regarding a covered individual's security clearance or access, or employment with the Agency. The D/CIA or the DD/CIA may take any actions regarding an individual's security clearance, access, security approval, or employment with the Agency, without regard to any of the provisions of this or any other Agency regulation or D/CIA directive.