# Exhibit No. 4

## SECURITY DECISION INFORMATION AND INSTRUCTIONS

1. Intelligence Community Directive (ICD) 704 outlines the factors used in evaluating an individual's eligibility for access to classified information and an individual's rights after a security disapproval. For your review, a copy of the specific Security Executive Agent Directive (SEAD) 4 Adjudicative Guideline(s) pertaining to your disapproval is attached.

2. As a result of your disapproval, you must now indicate in all future US Government processing that you have been denied access to classified information by this organization. This includes completing forms, and speaking to a Background Investigator or other security professionals. In and of itself this disapproval does not mean you would be denied a security clearance in the future by this or another government agency.

3. Your company's security officer may resubmit you for a security approval with this organization one year after the date of your disapproval (the date is listed on page one of the attached letter). However, you cannot be resubmitted while you are in the review or appeal process.

4. Please note that you will not be reimbursed for any costs incurred as part of your request for a review or appeal of the security decision.

---

## HOW TO REQUEST YOUR INVESTIGATIVE FILE

In accordance with the Intelligence Community Policy Guidance (ICPG) 704.3 Appeals Processes, you may receive a copy of the unclassified security information (investigative file) used in the decision. You may obtain your investigative file even if you do not want the security decision reviewed.

- If you choose to request a copy of your investigative file, you must include your name and citizenship status along with either: (i) a signed statement that such information is true under penalty of perjury; or (ii) a notarized statement affirming your identity.

- Send your written request to Mr. Knowles at the address provided on page 2 of this document. The request must be submitted within 45 days of receipt of this mailing.

- Within 30 days of receiving your request, we will send you an unclassified copy of your investigative file consistent with

any applicable restrictions under the Privacy Act (5 USC 552a) or the Freedom of Information Act (5 USC 552). You may rely upon the investigative file provided to you in making any statements in support of your request that the security decision be overturned.

---

## HOW TO INTERPRET YOUR SECURITY DISAPPROVAL

If, after reviewing the attached SEAD 4 Adjudicative Guideline(s), you disagree with the reasons cited to revoke your security clearance, you may request a review of the decision. A senior security officer will then make a decision based on all the information that was known by this organization during your security processing and any further details you may provide. There are two possible results of this review, which will be provided to you in writing:

1. The decision may be **overturned**. This means that you no longer must indicate in any US Government processing that your clearance by this organization was revoked. Please contact your company's security officer if you and your employer are interested in resubmitting you for a security approval. Your prior access will not automatically be granted; a request must be submitted.

2. The decision may be **upheld**. In this instance, you have two options. First, you may do nothing. If a year has passed since you were originally revoked, your company's security officer may resubmit you as described above. Second, you may file an appeal of this decision to the second and final level. We will provide details and instructions if your case is upheld.

---

## HOW TO REQUEST A REVIEW OF
## YOUR SECURITY DISAPPROVAL

In accordance with ICPG 704.3 Appeals Processes, you may request that a senior security officer review the original security decision. To initiate the review, send a written request **within 45 days** of receipt of this letter to:

> Knowles & Hoffman
> Attn: Connor S. Knowles
> P.O. Box 1230
> Great Falls, VA  22066

The outcome of the review will rely greatly upon whether or not you provide us with information that reveals that our information was incorrect or incomplete, or unknown by this organization but present **at the time of your security disapproval**. Therefore, your letter should address only those factors.

You may, at your own expense, use the service of counsel or another individual to act as a representative on your behalf. If you would like the representative to receive correspondence from us, you must submit a signed statement to this effect. **For your privacy,** we will only correspond directly with you until we receive such a statement.

### HOW TO REQUEST A PERSONAL APPEARANCE

If you decide to request a review you have an option to make a personal appearance.

- The purpose of the personal appearance is for you to provide relevant information that you will not provide in any written correspondence, such as notarized documentation supporting your statements.

- The personal appearance will occur before a security officer. A written or recorded summary of the meeting will be included in your security record. This is neither a formal court hearing nor a mandatory part of the review of your security disapproval. Failure to request a personal appearance will have no impact on the final review decision.

- You may bring an attorney or other designated representative to appear with you or to act on your behalf. You are not required to have an attorney or representative with you at your appearance.

- You must request the appearance at the same time you submit your request for the review, or we will assume that you are waiving this opportunity.

- Given scheduling constraints, requesting a personal appearance may extend the time necessary to process your review.

## REMINDERS

☐ Review all concerns and mitigating factors cited in the attached Adjudicative Guideline(s) used in your disapproval.

☐ Consider whether you would like to request your investigative file. In your request you must provide a signed or notarized statement as explained previously.

☐ If you want to receive a copy of your investigative file, you must request it within 45 days of receipt of this letter or at the same time you request your appeal, or we will assume you are waiving this opportunity.

☐ Determine whether or not you would like to request a review of your case. You have 45 days from the time you get this letter to make the request in writing to the address provided on page three. Remember, you are eligible to be resubmitted one year after the date of your disapproval if you are not undergoing the review.

☐ If you decide to ask for the review, determine if you would like to request a personal appearance. The purpose of this appearance is to provide **additional relevant** information that you are not including in any submitted correspondence.

☐ Provide any necessary documentation to indicate whether or not you have designated another individual to act on your behalf during the review and/or your personal appearance.

☐ Submit all information that should be considered by the senior security officer during your review. Ensure that your letter addresses only information that was incorrect or incomplete, or unknown by this organization but present **at the time of your security disapproval.** Mention whether or not you want a personal appearance.

THIS FORM IS FOR YOUR USE ONLY
PLEASE DO NOT RETURN

# GUIDELINE H: DRUG INVOLVEMENT AND SUBSTANCE MISUSE

24. *The Concern.* The illegal use of controlled substances, to include the misuse of prescription and non-prescription drugs, and the use of other substances that cause physical or mental impairment or are used in a manner inconsistent with their intended purpose can raise questions about an individual's reliability and trustworthiness, both because such behavior may lead to physical or psychological impairment and because it raises questions about a person's ability or willingness to comply with laws, rules, and regulations. *Controlled substance* means a "controlled substance" as defined in 21 U.S.C. 802. *Substance misuse* is the generic term adopted in this guideline to describe any of the behaviors listed above.

25. *Conditions that could raise a security concern and may be disqualifying include:*

(a) any substance misuse (see above definition);

(b) testing positive for an illegal drug;

(c) illegal possession of a controlled substance, including cultivation, processing, manufacture, purchase, sale, or distribution; or possession of drug paraphernalia;

(d) diagnosis by a duly qualified medical or mental health professional (e.g., physician, clinical psychologist, psychiatrist, or licensed clinical social worker) of substance use disorder;

(e) failure to successfully complete a drug treatment program prescribed by a duly qualified medical or mental health professional;

(f) any illegal drug use while granted access to classified information or holding a sensitive position; and

(g) expressed intent to continue drug involvement and substance misuse, or failure to clearly and convincingly commit to discontinue such misuse.

26. *Conditions that could mitigate security concerns include:*

(a) the behavior happened so long ago, was so infrequent, or happened under such circumstances that it is unlikely to recur or does not cast doubt on the individual's current reliability, trustworthiness, or good judgment;

(b) the individual acknowledges his or her drug involvement and substance misuse, provides evidence of actions taken to overcome this problem, and has established a pattern of abstinence, including, but not limited to:

> (1) disassociation from drug-using associates and contacts;
> (2) changing or avoiding the environment where drugs were used; and
> (3) providing a signed statement of intent to abstain from all drug involvement and substance misuse, acknowledging that any future involvement or misuse is grounds for revocation of national security eligibility;

1

(c) abuse of prescription drugs was after a severe or prolonged illness during which these drugs were prescribed, and abuse has since ended; and

(d) satisfactory completion of a prescribed drug treatment program, including, but not limited to, rehabilitation and aftercare requirements, without recurrence of abuse, and a favorable prognosis by a duly qualified medical professional.