UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO STAY BRIEFING
OF DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff Ryan Baugh ("Baugh") to respectfully ask the Court to stay the briefing of Defendant's Motion to Dismiss, Dkt. #10, until it resolves Baugh's forthcoming two procedural motions: one to strike one of Defendant Central Intelligence Agency's ("CIA") exhibits and one for jurisdictional discovery regarding the implication raised in CIA's brief that CIA may not be the proper party defendant.

Baugh has good cause to request this stay. For the reasons which will be set forth in greater detail in the forthcoming motion to strike,[1] Baugh maintains that

---

[1] To be clear, this is a different motion to strike than the one the parties' counsel discussed with the Court on the telephone on 10 May 2024.

the internal regulation AR 7-7—a redacted copy of which CIA attached as Exhibit 2 to its motion—must be struck from the record, and that CIA must be directed to file an unredacted copy which comports with Federal Rule of Evidence 1002 and other legal requirements, since it is seeking to use that redacted regulation as evidence of the administrative process for security clearance appeals, and since Baugh's complaint incorporated *the regulation* by reference, not *parts of the regulation*. For the reasons which will be set forth in greater detail in the forthcoming motion for jurisdictional discovery, Baugh maintains that CIA has raised a threshold jurisdictional issue which must be resolved as soon as possible by refusing to confirm or deny that it is the proper party defendant. (Br. Supp. Def.'s Mot. Dismiss, Dkt. #10, at 1 n.1 (filed Apr. 12, 2024).) Baugh accordingly believes that the Court should immediately order jurisdictional discovery to resolve this threshold issue before any more time or energy is spent on a motion to dismiss, even if it *does* "assume the well-pleaded factual allegations in the complaint as true for the limited purpose of this motion." (*Id.*) It is therefore in the interest of judicial economy and fairness to resolve these forthcoming motions—which will be filed next week—before requiring Baugh to attempt to write a brief which would by definition be fundamentally altered by the granting of either motion. Baugh accordingly asks that the Court stay this briefing and order that Baugh's opposition

2

to CIA's motion and any accompanying cross-motion be filed no later than two weeks from the date it resolves the intervening motions.

The undersigned conferred with CIA's counsel on 10 May 2024 and was informed that CIA opposes this Motion.

Date: May 10, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*