# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S UNOPPOSED MOTION TO SEAL DOCUMENT AND FILE REDACTED COPY ON THE PUBLIC RECORD

NOW COMES Plaintiff Ryan Baugh ("Baugh"), pursuant to Local Rule 5.3(b), to respectfully ask the Court to seal Exhibit 3 to the motion to dismiss filed by Defendant Central Intelligence Agency ("CIA") as Dkt. #10-3 and replace it with the redacted copy attached to this Motion. CIA does not oppose this Motion.

The information required by Local Rule 5.3(b)(3)(A)(i)-(iii) is as follows:

(i)   No index is required because only one document is affected, and CIA does not oppose sealing.

(ii)  There are no non-party or third-party privacy interests.

(iii) There was no protective order.

Baugh has good cause to request this relief. The document in question is a letter from CIA to Baugh describing its determination that he is not eligible for a security clearance due to alleged drug use. While Baugh has admitted that CIA made an adverse clearance determination based on allegations of drug use (*see* Compl. Dkt. #1, ¶¶ 16-17 (filed Jan. 5, 2024)), this letter makes very *specific* allegations which are based on a national security background investigation. But for CIA's failure to provide Baugh with the proper due process afforded by the relevant authorities, this is highly sensitive personal information which would never be revealed publicly due to the attached stigma and the potential damage it could cause for Baugh's future employment prospects.

The District Court for the District of Columbia has held that even the disclosure of "a summary of personal information contained in a security file, compiled for purposes of determining the person's suitability for access to classified information" "would constitute an unwarranted invasion of an individual's privacy," *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 221 (D.D.C. 1989), even when the information itself was not inherently stigmatic. The instant case is even more clear cut: "[g]iven the nature of [Baugh]'s interest in maintaining the privacy of confidential information and the absence of interested nonparties, the merits of redacting and sealing the filings outweigh the public's interest, if any, in making public Mr. [Baugh]'s sensitive and private

information." *United States v. Scott*, No. 22-109, 2024 U.S. Dist. LEXIS 54311, at *4 (N.D. Ohio Mar. 26, 2024) (citing *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001)). "An individual has a constitutional right to privacy which protects 'the individual interest in avoiding disclosure of personal matters.'" *Delie*, 259 F.3d at 315 (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). The sealing of one document and its replacement with a version with only two sentences redacted is "narrowly tailored to serve that reason," *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016), and this Motion should accordingly be granted.

Date:  May 13, 2024

                                        Respectfully submitted,

                                        /s/ Kelly B. McClanahan  
                                        Kelly B. McClanahan, Esq.  
                                        D.C. Bar #984704  
                                        National Security Counselors  
                                        4702 Levada Terrace  
                                        Rockville, MD 20853  
                                        301-728-5908  
                                        240-681-2189 fax  
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Plaintiff*