UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| RYAN BAUGH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CASE NO.: 2:24-cv-10036 (SKD) |
| | * |
| CENTRAL INTELLIGENCE AGENCY, | *   HON. SUSAN K. DECLERCQ |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO STRIKE REDACTED EXHIBIT
AND COMPEL FILING OF UNREDACTED EXHIBIT**

NOW COMES Plaintiff Ryan Baugh ("Baugh") to respectfully move the Court to strike the redacted copy of Agency Regulation 7-7, attached as Exhibit 2 to Defendant's Motion to Dismiss and filed as Dkt. #10-3 (filed Apr. 12, 2024). Baugh also requests an order compelling Defendant Central Intelligence Agency ("CIA") to file—under seal if necessary—an unredacted copy of this regulation. CIA opposes this Motion.

Date: May 17, 2024

                                      Respectfully submitted,

                                      /s/ Kelly B. McClanahan
                                      Kelly B. McClanahan, Esq.
                                      D.C. Bar #984704
                                      National Security Counselors
                                      4702 Levada Terrace
                                      Rockville, MD 20853
                                      301-728-5908
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO STRIKE REDACTED EXHIBIT AND COMPEL FILING OF UNREDACTED EXHIBIT

## ISSUES PRESENTED

1.   Whether Dkt. #10-3 should be struck from the record as inadmissible in a Federal Rule of Civil Procedure 12(b)(6) motion.

2.   Whether the Central Intelligence Agency should be compelled to file an unredacted copy of Dkt. #10-3.

3.   Whether Dkt. #10-3 should be struck from the record as inadmissible under Federal Rule of Evidence 1002.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Composite Techs., LLC v. Inoplast Composites SA DE CV*, 925 F. Supp. 2d 868 (S.D. Ohio 2013)

Fed. R. Evid. 1002

Fed. R. Evid. 1003

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016)

*Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396 (6th Cir. 2012)

*Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783 (6th Cir. 2012)

*Pittenger v. John Soliday Fin. Grp., LLC*, No. 09-563, 2010 U.S. Dist. LEXIS 45465 (N.D. Ohio May 10, 2010)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)

## INTRODUCTION

Plaintiff Ryan Baugh's ("Baugh") complaint incorporated Agency Regulation 7-7 ("AR 7-7") by reference *in its entirety*, and it is integral to his allegations *in its entirety*. Accordingly, Defendant Central Intelligence Agency ("CIA") may not rely on a redacted copy to support its arguments, especially when the crux of Baugh's complaint is that CIA violated this regulation. Not only does the filing of a redacted copy violate the relevant case law regarding Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motions, but it also violates Federal Rule of Evidence ("FRE") 1002, commonly known as the Best Evidence Rule.

## I. CIA VIOLATED THE FEDERAL RULES OF CIVIL PROCEDURE

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint, and a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine with ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1] "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a

---

[1] In anticipation of CIA's argument that *Tellabs* is limited to motions to dismiss brought in Private Securities Litigation Reform Act cases, that is not supported by other courts' treatment of the case in this Circuit. *See, e.g.*, *Williams v. Clerac, LLC*, No. 21-572, 2021 U.S. Dist. LEXIS 163281, at *3-4 (N.D. Ohio Aug. 30, 2021) (applying rule in non-PSLRA case).

motion to dismiss into one for summary judgment." *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). As far as what makes a document "integral to the complaint," it is generally accepted that it must possess "independent legal significance," *Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (finding that document with "no independent legal significance to [plaintiff's] claim" was not integral to complaint), and be relied upon heavily by the plaintiff, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a document is "integral to" a complaint when the complaint "relies heavily upon its terms and effect") (quotations omitted).

It is undisputed that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing *id.*). However, as another court in this Circuit has explained, "the ability of a court to consider supplementary documents is not without limitations." *Composite Techs., LLC v. Inoplast Composites SA DE CV*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013). That court elaborated:

> The Sixth Circuit has explained that "[w]hile documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the

4

> document." Put otherwise, if the authenticity, validity, or enforceability of a document is not in dispute, the court may consider it on a motion to dismiss; but a genuine dispute as to the legal sufficiency of said document requires the court to consider the issue under a motion for summary judgment standard.

*Id.* (quoting *Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012)). Moreover, "[t]he purpose for which [a] document is offered [in this context] is particularly important where the document is one prepared by or for the defendant" because "[s]uch unilateral documents may reflect the defendant's version of contested events or contain self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 168 (4th Cir. 2016).

Taken together, the above legal framework for the admissibility of supplementary documents not only prohibits the consideration of CIA's redacted regulation; it compels the production of the unredacted regulation. Just as a court cannot disregard the possibility that a declaration filed by a defendant was carefully crafted to support the defendant's position, it can no less disregard the possibility that an internal regulation that was selectively redacted by an agency might only demonstrate what the agency *wants* to reveal. Baugh does not dispute—and in fact openly states—that AR 7-7 is integral to his complaint, and his complaint in fact includes several express quotations from it, easily passing the test for incorporation by reference. (Compl., Dkt. #1, ¶¶ 10-12 (filed Jan. 5, 2024).)

5

While he would, in theory, not dispute the authenticity, validity, or enforceability of a full, unredacted version of AR 7-7, he *does* dispute that this redacted version accurately represents the full scope of the regulation, especially to the extent that CIA argues that he has not stated a viable claim for relief, since that argument relies on the necessary inference that nothing in the redacted portions would support Baugh's claim.

In that respect, this case is comparable to the fact pattern examined by this Circuit in *Ouwinga v. Benistar 419 Plan Services*, where the Circuit held that the district court had erred by considering disclaimers offered into evidence by the defendant which had been challenged not because they were inauthentic, but because they were offered out of context to imply that they were more completely applicable than the full evidence might suggest. 694 F.3d 783, 796-97 (6th Cir. 2012). *Ouwinga* is not the only decision on point, however. In *Queen's Medical Center v. Kaiser Foundation Health Plan, Inc.*, the Hawaii District Court "decline[d] to incorporate only part of [a] Contract when the entire document may be important in deciding the issues in this case," 948 F. Supp. 2d 1131, 1143 (D. Haw. 2013), and in *Gonzales v. Carestream Health, Inc.*, the Second Circuit found that the district court had erred by dismissing a complaint "on the basis of two years' worth of highly redacted performance evaluations and highly redacted copies of two performance improvement plans selected, edited, and submitted by"

6

the defendant, when the plaintiff had worked for the defendant for thirty-four years, 520 Fed. App'x 8, 11 (2d Cir. 2013). It is therefore clear that the redacted copy of AR 7-7 that CIA filed cannot be considered by the Court in an FRCP 12(b)(6) motion without converting it into a motion for summary judgment, and it should be accordingly struck from the record.[2]

However, the unique nature of this case necessitates not only striking the redacted version of AR 7-7, but also requiring CIA to file an *unredacted* version as a necessary component of its motion to dismiss. In *Tellabs*, the Supreme Court directed that a district court "*must* consider the complaint in its entirety, as well as other sources courts ordinarily examine with ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference." 551 U.S. at 322 (emphasis added). While the Court has discretion to consider a document in the context of an FRCP 12(b)(6) motion on the basis that it is integral to the plaintiff's complaint, the Supreme Court clearly stated that that discretion disappears when the document is incorporated into the complaint by reference. In

---

[2] Alternatively, the Court should give the parties notice that it intends to convert CIA's motion into a motion for summary judgment, so that they can present all relevant evidence and, in Baugh's case, argue that discovery is necessary. Due to the fact that Baugh's clearance adjudication is frozen while he is engaged in this litigation, the Court should give this notice as soon as possible rather than waiting for the parties to fully brief CIA's motion, only to then have to start all over again.

7

such a circumstance, the Court simply *cannot* evaluate a motion to dismiss without considering the incorporated document.

Accordingly, CIA's motion to dismiss cannot, as a matter of law, succeed if it does not provide the Court—and Baugh—with an unredacted copy of AR 7-7. Therefore, the Court should direct CIA to immediately provide it and Baugh with an unredacted copy of the regulation, making it clear that a refusal to do so will result in an immediate denial of CIA's motion to dismiss. Furthermore, because this is a threshold question of law, the Court should issue this order before requiring Baugh to respond to CIA's motion to dismiss, so that Baugh is not required to expend time and money responding to a motion that cannot possibly be granted.

## II.  CIA VIOLATED THE FEDERAL RULES OF EVIDENCE

"An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. *See also Cutler v. Stop & Shop Supermarket Co., LLC*, 513 Fed. App'x 81, 83 (2d Cir. 2013) ("We reject Cutler's argument to the extent that it is based on his testimony about the contents of the book of time sheets because he did not produce those time sheets for the summary judgment record."). The purpose behind the Best Evidence Rule is to prevent witnesses from describing such matters as terms of a written contract and asking courts to "trust them" that the characterization of

8

those terms is accurate, but it is equally applicable to this case. In this case, it goes without saying that the best evidence of the full content of AR 7-7 is AR 7-7, not *excerpts* of AR 7-7.

FRE 1003 states that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. This rule has been held to be relevant to the issue of redacted exhibits. *See*, *e.g.*, *Pittenger v. John Soliday Fin. Grp., LLC*, No. 09-563, 2010 U.S. Dist. LEXIS 45465, at *6-7 (N.D. Ohio May 10, 2010) (finding redacted spreadsheet to be admissible under FRE 1003).

As discussed above, Baugh has raised a genuine question about whether the redacted copy authentically represents the totality of the relevant portions of the regulation. More concerning, however, is the prejudice that considering this redacted copy would cause to Baugh. CIA makes numerous arguments about the administrative process that it contends Baugh was "supposed" to follow, arguing, *inter alia*, that the Court should dismiss the case because "[i]f he seeks to challenge the redactions made in the investigative file, he can raise that issue in the administrative review proceedings before the Defendant." (Def.'s Br. Supp. Def.'s Mot. Dismiss, Dkt. #10, at 19 (filed Apr. 12, 2024).) CIA then proceeds to complain that Baugh "offers no explanation of why he cannot raise that issue in the

9

administrative review process" (*id.*) before asking the Court to dismiss the case for failure to exhaust administrative remedies.

This line of argument necessarily implies that the administrative process that CIA complains Baugh did not exhaust allows a person to challenge redactions made to the investigative file and that such a challenge would not be futile, but there is no mention either way in the redacted regulation regarding this possibility. If the redacted portion stated that such an administrative challenge is possible, CIA would have surely provided that evidence, which must lead the Court to conclude that the redacted portion either demonstrates the futility of such a challenge or is completely silent regarding it. In either circumstance it clearly "would be unfair to admit the duplicate in lieu of the original," Fed. R. Evid. 1003, and accordingly the Court should find that CIA's Exhibit 2 is inadmissible and strike it from the record.

In conclusion, the Court should strike Dkt. #10-3 and compel CIA to file an unredacted copy on the record.[3]

---

[3] In the interest of expediency, Baugh would likely stipulate to a request to file the unredacted regulation under seal at this juncture, although he would reserve the right to ask for it to be unsealed at a later date, once he has reviewed the unredacted copy and determined which portions he would need to rely on.

10

Date: May 17, 2024

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        D.C. Bar #984704
        National Security Counselors
        4702 Levada Terrace
        Rockville, MD 20853
        301-728-5908
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*