# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

NOW COMES Plaintiff Ryan Baugh to respectfully move the Court to order immediate jurisdictional discovery on the matter of whether Defendant Central Intelligence Agency is the proper party defendant. Defendant opposes this Motion.

Date: May 19, 2024

                                                  Respectfully submitted,

                                                  /s/ Kelly B. McClanahan
                                                  Kelly B. McClanahan, Esq.
                                                  D.C. Bar #984704
                                                  National Security Counselors
                                                  4702 Levada Terrace
                                                  Rockville, MD 20853
                                                  301-728-5908
                                                  240-681-2189 fax
                                                  Kel@NationalSecurityLaw.org
                                                  *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR JURISDICTIONAL DISCOVERY

## ISSUE PRESENTED

1. Whether the Court should order jurisdictional discovery on the matter of whether Defendant Central Intelligence Agency is the proper party defendant.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022)

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)

*CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619 (W.D. Mich. 2007)

*Everhart v. Credit Vision, Inc.*, No. 20-670, 2023 U.S. Dist. LEXIS 50109 (S.D. Ohio Mar. 23, 2023)

*Navajo Transitional Energy Co. v. First Nat'l Capital, LLC*, No. 23-12200, 2023 U.S. Dist. LEXIS 191663 (E.D. Mich. Oct. 25, 2023)

## ARGUMENT

Plaintiff Ryan Baugh ("Baugh") brought this complaint against Defendant Central Intelligence Agency ("CIA") based on the good faith belief that CIA was the agency which had denied his application for a security clearance and was accordingly the agency which was refusing to provide him with the information to which he is entitled under Executive Order 12,968, Intelligence Community Policy Guidance 704.3, and, if he is correct, Agency Regulation 7-7. However, in its motion to dismiss, CIA made the statement that "the United States does not even confirm or deny that Plaintiff has named the proper Defendant in this lawsuit." (Def.'s Br. Supp. Def.'s Mot. Dismiss, Dkt. #10, at 1 n.1 (filed Apr. 12, 2024); *see also id.* at 6 n.3 (same).) If there is a chance that Baugh has named the improper party defendant, the Court should authorize immediate jurisdictional discovery on that narrow question so that the parties do not waste further time litigating a motion to dismiss on other grounds when there is a potentially determinative matter of standing hanging over the proceedings.

Another court in this Circuit has recently held that suing the wrong defendant "poses an insurmountable standing problem on redressability grounds." *Dates v. HSBC*, No. 24-81, 2024 U.S. Dist LEXIS 35224, at *15 (S.D. Ohio Feb. 29, 2024). "If a plaintiff sues the wrong defendant, an order enjoining the correct official who has not been joined as a defendant cannot suddenly make the

3

plaintiff's injury redressable." *Id.* (quoting *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255 (11th Cir. 2020)). This is because "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, "[n]ot only *may* a court raise subject-matter jurisdiction *sua sponte*, it *must*." *CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 632 (W.D. Mich. 2007) (citing *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 99 F.3d 1138, 1996 U.S. App. LEXIS 27925, at *10 (6th Cir. Oct. 24, 1996)); *see also Everhart v. Credit Vision, Inc.*, No. 20-670, 2023 U.S. Dist. LEXIS 50109, at *6-7 (S.D. Ohio Mar. 23, 2023) ("Additionally, federal courts must be mindful of the limitations on their jurisdiction. Consistent with that, courts must raise *sua sponte* jurisdictional issues (such as standing) when they notice them.") (citing *id.*). This requirement tracks the Supreme Court's holding that *all* courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In other words, by implying that it might not be the proper party defendant, CIA has raised the specter of a possible jurisdictional issue, which triggers the Court's duty to determine whether subject-matter jurisdiction exists "when [it] notice[s] [it]." *Everhart*, 2023 U.S. Dist. LEXIS at *6. "[L]itigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible

moment." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). The Court should follow Judge Berg's lead and immediately order jurisdictional discovery to determine if CIA is the proper party defendant. *See Navajo Transitional Energy Co. v. First Nat'l Capital, LLC*, No. 23-12200, 2023 U.S. Dist. LEXIS 191663, at *3 (E.D. Mich. Oct. 25, 2023) ("[T]he Court believes that limited jurisdictional discovery will be the most efficient route to determine whether it may hear this dispute."). It should do so not only to satisfy the legal requirement, but also to save the parties and the Court from potentially wasted time and effort arguing and adjudicating CIA's motion to dismiss. Furthermore, because this is a threshold question of law, the Court should issue this order before requiring Baugh to respond to CIA's motion to dismiss, so that Baugh is not required to expend time and money responding to that motion, only to potentially discover after the fact that he needs to start over with a different defendant.

Date:  May 19, 2024                                  Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Plaintiff*

5