## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S UNOPPOSED MOTION FOR FURTHER ENLARGEMENT OF TIME WITHIN WHICH TO FILE HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff Ryan Baugh ("Baugh") to respectfully request a one-week enlargement of time until 14 June 2024, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, within which to file its opposition to Defendant's Motion to Dismiss, Dkt. #10. This brief is due 7 June. Defendant Central Intelligence Agency ("CIA") does not oppose this Motion.

Baugh has good cause to request this extension. As he previously indicated would be the case, Baugh filed a motion to strike one exhibit and a motion for jurisdictional discovery this past weekend. CIA's deadlines to respond to those motions are now 31 May and 3 June, respectively, which means that Baugh will be

able to use any information CIA provides in those responses in his opposition to the motion to dismiss. However, today CIA filed a misleadingly titled "unopposed" motion to extend these deadlines until 7 June, the same day that Baugh's opposition is due.[1] As the undersigned advised CIA's counsel, he now needs to request an additional week to allow him to read and analyze CIA's oppositions before filing his opposition to CIA's motion to dismiss.

This is the second extension requested for this filing.

Date:  May 20, 2024                    Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counsels
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Plaintiff*

---

[1] CIA misrepresented Baugh's position. Contrary to CIA's telling, the undersigned did not state that "he had no objection, provided that Defendant would not oppose a further extension of the deadline for his opposition to Defendant's motion to dismiss." (Def.'s Unopposed Mot. Extend Time to File Opp'ns Mot. Strike & Mot. Juris. Disc., Dkt. #20, at 1 (filed May 20, 2024).) He specifically stated that, if CIA wished to say that Baugh had no objection, it would need to *stipulate to an order* and not just state that it did not oppose Baugh's motion, explicitly referring to the discussion the parties' respective counsel had with the Court on 10 May, in which the Court discussed the distinction between a stipulated order and an unopposed motion. Rather than resolve the matter, CIA's counsel then filed a motion stating that Baugh did not oppose its request, using language the undersigned had specifically rejected. The Court should accordingly treat this motion as a stipulated order.