IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

    Plaintiff,

    v.                          Case No. 24-10036

CENTRAL INTELLIGENCE          Hon. Susan K. DeClercq
AGENCY,

    Defendant.

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE REDACTED EXHIBIT AND COMPEL FILING OF UNREDACTED EXHIBIT

### ISSUES PRESENTED

1. Whether Exhibit 2 (ECF No. 10-3) to Defendant's Motion to Dismiss (ECF No. 10) − a redacted copy of an internal Central Intelligence Agency ("CIA") regulation which was cited and quoted in Plaintiff's Complaint (ECF No. 1) − should be stricken from the record as violative of Federal Rule of Civil Procedure 12(b)(6).

2. Whether the CIA should be compelled to file an unredacted copy of Exhibit 2 when the redacted information is unrelated to Plaintiff's claim and was redacted pursuant to the National Security Act and the Central Intelligence Act.

3.  Whether Exhibit 2 should be stricken from the record as inadmissible under

    Federal Rules of Evidence.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Bassett v. Nat'l Collegiate Atlantic Ass'n,* 528 F.3d 426 (6th Cir. 2008)

*Commer. Money Ctr. v. Ill. Union Ins. Co,* 508 F.3d 327 (6th Cir. 2007)

*Solo v. United Parcel Serv. Co.,* 819 F.3d 788 (6th Cir. 2016)

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007)

*Weiner v. Klais & Co.,* 108 F.3d 86 (6th Cir. 1997)

## TABLE OF CONTENTS

INTRODUCTION ................................................................................1

FACTUAL BACKGROUND.................................................................2

ARGUMENT ......................................................................................4

I.     Defendant's Attachment of a Redacted Copy of AR 7-7
       Does Not Violate the Federal Rules of Civil Procedure ................4

II.    There Is No Basis to Compel Defendant to
       Provide an Unredacted Copy of AR 7-7.......................................10

III.   Defendant Did Not Violate Federal Rules of Evidence ................12

CONCLUSION ..................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Bassett v. Nat'l Collegiate Atlantic Ass'n,*
   528 F.3d 426 (6th Cir. 2008) ............................................................4, 13

*Cutler v. Stop & Shop Supermarket Co., LLC,*
   513 Fed. App'x 81 (2d Cir. 2013) ...........................................................13

*Gonzales v. Carestream Health, Inc.,*
   520 Fed. Appx. 8 (2d Cir. 2013)................................................................9

*Hill v. Blue Cross & Blue Shield of Mich.,*
   409 F.3d 710 (6th Cir. 2005) ..................................................................13

*Money Ctr. v. Ill. Union Ins. Co,*
   508 F.3d 327 (6th Cir. 2007) ....................................................................4

*Ouwinga v. Benistar 419 Plan Services, Inc.,*
   694 F.3d 783 (6th Cir. 2012) ................................................................7, 8

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,*
   998 F.2d 1192 (3d. Cir. 1993) ...............................................................5, 6

*Pittenger v. John Soliday Fin. Grp., LLC,*
   No. 09-563, 2010 WL 1856224 (N.D. Ohio May 10, 2010).......................... 14, 15

*Queen's Medical Center v. Kaiser Foundation Health Plan, Inc.,*
   948 F. Supp. 2d 1131 (D. Haw. 2013)........................................................8

*Solo v. United Parcel Serv. Co.,*
   819 F.3d 788 (6th Cir. 2016) ....................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007)................................................................... 4, 10, 11

*Weiner v. Klais & Co.,*
   108 F.3d 86 (6th Cir. 1997) ...............................................................4, 5

## STATUTES

5 U.S.C. § 654 ..........................................................................................11

5 U.S.C. § 702 ................................................................................................3

28 U.S.C. § 1361 .............................................................................................3

50 U.S.C. § 403(g) .........................................................................................12

50 U.S.C. § 3024 .......................................................................................4, 11

50 U.S.C. § 3507 .......................................................................................4, 12

**ADMINISTRATIVE MATERIALS**

Executive Order 12,968
   60 Fed. Reg. 40,245 (Aug. 2, 1995) ......................................................2

**RULES**

Fed. R. Evid. 1002 ........................................................................................13

Fed. R. Evid. 1003 ........................................................................................14

Federal Rule of Civil Procedure 12(b)(6) ................................................ 1, 8, 10, 12

## INTRODUCTION

Defendant Central Intelligence Agency ("CIA" or "Defendant")[1] respectfully submits this memorandum in opposition to Plaintiff's Motion to Strike Redacted Exhibit and Compel Filing of Unredacted Exhibit (ECF No. 17) ("Mot. to Strike").  Contrary to Plaintiff's allegations, the CIA did not violate either the Federal Rules of Civil Procedure or the Federal Rules of Evidence by attaching a redacted copy of AR 7-7 − an internal CIA regulation – as Exhibit 2 (ECF No. 10-3) to its Motion to Dismiss.  The regulation was attached as an exhibit to Defendant's Motion to Dismiss because Plaintiff selectively quoted portions of it in his complaint as a basis for his claim for relief, and it was important for the Court to consider a portion of the regulation that Plaintiff chose to omit.

Plaintiff's motion should be denied.  First, it is well-established that a defendant may submit a document in support of a Rule 12(b)(6) motion where, as here, the document is cited in Plaintiff's complaint as a basis for his claim.  Second, there is no basis for requiring the CIA to submit an unredacted copy, especially where the redacted information is, as here, unrelated to Plaintiff's claim and is protected by federal statutes.  Third, contrary to Plaintiff's assertion, there is

---

[1] As in its Motion to Dismiss, Defendant assumed the well-pleaded factual allegations in the complaint are true for purposes of this submission.  *See* Compl., ECF No. 10, PageID.10 n.1.  Nothing in this submission, should be considered an acknowledgment by the United States or CIA of the factual veracity of any of the allegations.

no basis for striking Exhibit 2 under the Federal Rules of Evidence.  Accordingly, Plaintiff's motion to strike Exhibit 2 and compel the filing on an unredacted copy should be denied.

## FACTUAL BACKGROUND

This case stems from a denial of an application for a security clearance by Plaintiff Ryan Baugh ("Baugh"), a government subcontractor employee.  Compl., ECF No. 1, PageID.5-6, ¶¶ 14-18.  Baugh sought administrative review of the denial and has been provided a redacted copy of the investigative file upon which the denial is based.  *Id*., PageID.6, ¶ 24 & PageId.8., ¶ 39.  Although he has submitted a request for administrative review of the denial, Baugh has refused to proceed with his administrative appeal on the grounds that he has not been provided an unredacted copy of the investigative file.  *Id*., PageID.11, ¶ 54.  He alleges that the Defendant violated Executive Order 12,968, 60 Fed. Reg. 40,245 (Aug. 2, 1995) ("E.O. 12,968"), Intelligence Community Policy Guidance No. 704.3 issued by the Office of the Director of National Intelligence, and an internal CIA regulation (AR 7-7 Appeal of Personnel Security Decisions) by allegedly withholding certain information from its investigative file that is not exempt from disclosure under the Freedom of Information Act and Privacy Act.  Compl., ECF No. 1, PageID.11, ¶¶ 52, 56.  Rather than raise that issue in the administrative review process, Baugh seeks to challenge the redactions made in his investigative

file in this Court and requests this Court to issue an order requiring Defendant to release additional portions of his investigative file.

Defendant moved to dismiss Baugh's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Baugh fails to state a claim under either the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361.  Def.'s Mot. to Dismiss, ECF 10.  As explained in Defendant's brief, Baugh fails to state a claim under the APA because Executive Order 12,968 expressly provides that it does not create any judicially enforceable rights.  *Id.,* PageID.22-24.  Both the policy guidance and the internal regulation on which Baugh relies each contain similar limitations.  *Id.,* PageID.15, 24.  Because Baugh has no clear and undisputed right to his investigative file under Executive Order 12,968 or any of the other authorities, Baugh also fails to meet the requirements for mandamus relief.  *Id.*, PageID.25-28.

Because Baugh selectively quoted portions of AR 7-7 in his Complaint and cited to it as one of the bases for his claim, Defendant attached a redacted copy of the regulation to its motion to dismiss as Exhibit 2.  *See* Exhibit 2 to Def.'s Mot. to Dismiss, ECF No. 10-3.  The copy contained four minor redactions, none of which related to the review procedures at issue.  *See infra* at 6-7.  The exhibit, as redacted, is the same redacted copy of AR 7-7 that had been provided Baugh's counsel in a separate FOIA action unrelated to Baugh's complaint here.  *See*

*Muckrock, LLC, v. Central Intelligence Agency,* No. 14-00997 (D.D.C.), Supp. Decl. of Vanna Blaine, ECF No. 65-2, PageID.14. n.1, 32-47). As indicated on the redacted copy, the information was withheld under the CIA Act of 1949, 50 U.S.C. § 3507, and the National Security Act, 50 U.S.C. § 3024(i)(1). *See* ECF No. 10-3, PageID.2-5.

On May 17, 2024, Baugh filed a motion to strike Exhibit 2 to Defendant's motion and to compel Defendant to file an unredacted copy. *See* ECF No. 17.

## ARGUMENT

**I.      Defendant's Attachment of a Redacted Copy of AR 7-7 Does Not Violate the Federal Rules of Civil Procedure**

It is well-established that when, as here, "a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commer. Money Ctr. v. Ill. Union Ins. Co,* 508 F.3d 327, 335 (6th Cir. 2007); *accord Solo v. United Parcel Serv. Co.,* 819 F.3d 788, 794 (6th Cir. 2016) ("The court 'consider[s] the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters which a court may take judicial notice.'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007)); *Bassett v. Nat'l Collegiate Atlantic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) (a court may consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein"); *Weiner v. Klais*

*& Co.,* 108 F.3d 86, 89 (6th Cir. 1997) ("noting documents that defendant attaches to a motion to dismiss are also considered part of the pleadings if referred to in the complaint and central to the claim").

In his motion to strike, Baugh admits that that he quoted portions of AR 7-7 as support for his claim in his complaint.  Mot. to Strike, ECF No. 17, PageID.7.  Indeed, "Baugh does not dispute—and in fact openly states—that AR 7-7 is integral to his complaint, and his complaint in fact includes several express quotations from it, easily passing the test for incorporation by reference." *Id.*  He also concedes that "a court may consider an undisputedly authentic document that defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.,* ECF No. 17, PageID.6 (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d. Cir. 1993)).  It is thus clear that Defendant appropriately attached AR 7-7 to its motion to dismiss.

Baugh nevertheless tries to avoid this well-established doctrine by finding some significance in the fact that Exhibit 2 contains minor redactions.  He asserts that Exhibit 2 should be stricken because the court cannot disregard "the possibility that an internal regulation selectively redacted by an agency might only demonstrate what an agency *wants* to reveal."  Mot. to Strike, ECF No. 17, PageID.7 (emphasis in original).  Based on that alleged "possibility," he disputes that the redacted version "accurately represents the full scope of the regulation,

especially to the extent that CIA argues that he has not stated a viable claim for relief, since the argument relies on the necessary inference that nothing in the redacted portions would support Baugh's claim." *Id.*, PageID.8.

Baugh's assertion that the redacted portions of AR 7-7 might somehow support his claim has no merit. The redacted version contains only four minor redactions which, when reviewed in their context, make it clear that they deal with matters that are not remotely related to his purported claim to a copy of his investigative file or the review procedures for the denial of a security clearance to an employee of a contractor.

- The first redaction on page 1 of AR 7-7 identifies information related to CIA's organizational structure and the part of the organization responsible for drafting the internal regulation. *See* Exhibit 2, ECF No. 10-3, PageID.2.

- The second redaction on page 2 of AR 7-7 identifies the individuals whom the Director of the CIA has determined will not be granted any appeal. *See id.,* PageID.3. This redaction has no possible bearing on Baugh's claim because he has been provided an opportunity to seek administrative review of the denial of security clearance.

- The third redaction on page 3 of AR 7-7 relates to an exception to the definition of the term "employee" for certain foreign national employees. *See id.*, PageID.4. That redaction has no possible application to Baugh's

claim because he has not asserted that he was or is a foreign national employee of the CIA.  Further, Baugh's complaint alleges that he was an employee of a government subcontractor and "was directed to apply for a TS/SCI clearance so that he could be placed on a contract by the prime contractor," (Compl., ECF No. 1, PageID.5, ¶ 14), which would fall under the subsequent, fully unredacted provision in AR 7-7.

- The fourth redaction relates to cases "presenting only employment suitability issues" for CIA employees or applicants to become CIA employees.  Exhibit 2, ECF No. 10-3, PageID.6.  The information redacted has no application to Baugh's claim because Baugh alleged that he is an employee of a contractor, not a CIA employee or an applicant to become a CIA employee.  Compl., ECF No. 1, PageID.5, ¶ 14.

Hence, contrary to Baugh's speculation, Defendant has not selectively redacted a document to hide portions of a document that may support Baugh's claim.  Instead, as explained *infra* at 11-12, information was redacted pursuant to federal statutes that prevent the disclosure of sensitive information.

The cases cited by Baugh to support this motion are not comparable.  In *Ouwinga v. Benistar 419 Plan Services, Inc.,* 694 F.3d 783 (6th Cir. 2012), employers brought a putative class action against insurance companies and others who marketed and sold purported tax-deductible welfare benefit plans.  The district

7

court dismissed the state-law claims based disclaimers and disclosures that appeared in certain documents attached to the motions to dismiss. *Id.* at 790. The Court of Appeals reversed, finding that the district court erred in considering the disclaimers at the 12(b)(6) stage when they were interspersed among "a mountain of documents" containing repeated representations about the tax benefits of the plan. *Id*. The facts in that case are thus not analogous to the facts here, where Baugh selectively quoted a portion of a specific internal CIA regulation in his Complaint to support his alleged claim, and Defendant has attached a copy to the cited regulation to demonstrate that another portion of the regulation explicitly undercuts his claim. *See* Mot. to Dismiss, ECF No. 10, PageID.15 n.3, 24.

Baugh's reliance on *Queen's Medical Center v. Kaiser Foundation Health Plan, Inc.,* 948 F. Supp. 2d 1131 (D. Haw. 2013), is similarly misplaced. One of the defendants – Kaiser Foundation Health Plan – filed a Rule 12(b)(6) motion to dismiss, attaching three pages of its contract with the other defendant – Stratose, Inc. – as an exhibit. *Id*. at 1142-1143. Unlike here, Plaintiff had not cited the contract to support its claim. Indeed, in that case, while the hospital believed that a contract between Kaiser and Stratose existed, the hospital did not have notice of the content of the contract, and defendants had refused to provide a copy of the contract. *Id*. Instead, Kaiser attempted to use the redacted copy of the contract to

raise affirmative defenses to the hospital's claim. Based on those facts, the court denied Kaiser's motion to dismiss and declined to consider the redacted contract.

That case is clearly distinguishable from this case in at least three ways. First, unlike *Queen's Medical Center,* the redacted AR 7-7 is not attached by Defendant to support an affirmative defense; instead, AR 7-7 was explicitly cited by Baugh in his complaint to support his claims. Second, by attaching Exhibit 2, Defendant is not springing a new document on Plaintiff's counsel; the CIA had previously provided him with the same redacted version in a FOIA case, and counsel quoted from it in his Complaint. *See supra* at 3-4. Accordingly, Plaintiff's counsel was well-aware of the language in AR 7-7 stating that it did not create any judicially enforceable rights. Finally, as previously explained, *supra* at 6-7, the redactions here are minor and when viewed in context clearly demonstrate that they relate to matters that are irrelevant to the validity of Baugh's claim.

*Gonzales v. Carestream Health, Inc.,* 520 Fed. Appx. 8 (2d Cir. 2013), is also not on point. In that case, an employee alleged that the defendant had discriminated against him on the basis of age and retaliated against him for exercising his rights under the Family and Medical Leave Act. The court of appeals held that the district court erred in basing its dismissal on highly redacted and incomplete performance evaluations submitted by defendant in its responsive papers. *Id.* at 10. Unlike the facts here, plaintiff had not cited to any specific

documents in his complaint.  Instead, he simply alleged, *inter alia*, that he "maintained a stellar work record" for 34 years prior to his termination.  *Id.* at 11.  In this case, the document at issue was specifically referenced and selectively quoted by Baugh in his complaint.

Accordingly, Defendant did not remotely violate the Federal Rules of Civil Procedure by attaching a redacted copy of AR 7-7 to its motion to dismiss.

## II.    There Is No Basis to Compel Defendant to Provide an Unredacted Copy of AR 7-7

Plaintiff next seeks to have the Court compel Defendant to file an unredacted copy of AR 7-7, but there is no authority for doing so.  In his reach to find support for his motion to strike, Baugh erroneously asserts that the Supreme Court's decision in *Tellabs* requires the Defendant to submit an unredacted copy of AR 7-7.  Mot. to Strike, ECF No. 17, PageID.9-10.  Baugh bases this claim on the statement that in considering a motion to dismiss under Rule 12(b)(6), a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a Rule 12(b)(6), in particular documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs,* 551 U.S. at 323.  Contrary to Baugh's suggestion, nothing in this statement supports his claim that a court must consider an unredacted copy of a document incorporated by reference in the complaint.  The court in that case was not considering the question Baugh raises here − i.e., whether a document

10

referenced in the complaint must be produced in unredacted form by the opposing party.  The next sentence of *Tellabs* shows what the Court was actually considering when it referred to considering the complaint in its entirety: "The inquiry, as several Court of Appeals have recognized, is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meet that standard."  *Id*. at 322-23.

Not only is there no basis for requiring Defendant to file an unredacted copy of AR 7-7, but requiring Defendant to do so ignores the basis for the redactions here.  As explained *supra* at 3-4, the redacted copy of AR 7-7 attached as Exhibit 2 to Defendant's Motion to Dismiss is the same redacted copy provided to Plaintiff's counsel in an unrelated FOIA case.  The redacted version thus on its face contains notations by each of the redactions explaining that they were made pursuant to the CIA Act and/or the National Security Act.  The National Security Act, 50 U.S.C. § 3024 et seq., requires the Director of National Intelligence, and by extension each component of the intelligence community, to safeguard information concerning intelligence sources and methods.  *See* 50 U.S.C. § 3024(i)(1) (formerly codified at 50 U.S.C. § 403-1(i)(1)).  Section 6 of the CIA Act is titled "Protection of nature of Agency's functions" and mandates that the CIA "shall be exempted from the provisions of sections 1 and 2, chapter 795 of the Act of August 28, 1935 (49 Stat. 956, 957; 5 U.S.C. 654), and the provisions of any other law which require the

publication or disclosure of the organization,  or functions of the Agency, or of the names, official titles, salaries, or numbers of personnel employed by the Agency." 50 U.S.C. § 3507, as amended by the National Defense Authorization Act for Fiscal Year 2023 (NDAA) (formerly codified at 50 U.S.C. § 403(g)).  Baugh cites no authority to require the Defendant to file a document containing sensitive information protected by the National Security Act or the CIA Act, especially where, as here, the redacted information is not relevant to Baugh's claim.[2]

 In sum, there is no valid basis to compel Defendant to file an unredacted version of the regulation.  If Baugh's theory were correct, a plaintiff could force the government to disclose sensitive information simply by citing or quoting a portion of a government document in his complaint.  Baugh cites no authority for such a proposition, and Defendant is aware of none.

## III.    Defendant Did Not Violate Federal Rules of Evidence

 Baugh's assertion that Defendant violated Rules 1002 and 1003 of the Federal Rules of Evidence also has no merit.  As an initial matter, Baugh cites no authority for the proposition that a document needs to constitute admissible evidence for it to be cited at the Rule 12(b)(6) stage.  To the contrary, documents provided by the Defendant may be considered in adjudicating a Rule 12(b)(6)

---

[2] If requested, the Defendant would provide the Court an unredacted copy *ex parte in camera*.

motion "so long as they are referred to in the Complaint and are central to the claims contained therein," *Bassett,* 528 F.3d at 430; there is no further proviso stating that a document must be admissible under the Federal Rules of Evidence. *See supra* at 4. To require that documents relied on at the Rule 12(b)(6) stage be admissible evidence misunderstands the Court's inquiry on a 12(b)(6) motion.  In reviewing such a motion, the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).  It does not weigh or admit evidence at this stage.

Even if AR 7-7 needed to be admissible, however, there is no impediment to the Court considering a redacted version of the regulation.  Rule 1002 states that "[a]n original writing, recording, or photograph is required to prove its content unless these rules or a federal statute provides otherwise."  Fed. R. Evid. 1002.  As Baugh acknowledges, the purpose of Rule 1002 is to prevent witnesses, unless some exemption applies, from describing the terms of a written contract or content of a written record rather than the actual written record.  *See* Mot. to Strike, ECF No. 17, PageID.10; *see also Cutler v. Stop & Shop Supermarket Co., LLC,* 513 Fed. App'x 81, 83 (2d Cir. 2013) (court rejecting plaintiff's argument regarding hours worked by co-workers "to the extent it is based on his testimony about the contents of the book of time sheets because he did not produce those time sheets

13

for the summary judgment record"). In this case, Rule 1002 has no application because Defendant is not submitting testimony describing the contents of AR 7-7. Instead, it has submitted a redacted copy of AR 7-7.

Baugh seeks to avoid this fundamental flaw with his reliance on Rule 1002 by suggesting that Rule 1003 bars the admissibility of a redacted copy. Mot. to Strike, ECF 17, PageID.11. Nothing in the language of Rule 1003, however, prohibits the admission of a redacted copy of document. It simply states that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Indeed, the case cited by Baugh to support his claim – *Pittenger v. John Soliday Fin. Grp., LLC,* No. 09-563, 2010 WL 1856224 (N.D. Ohio May 10, 2010) – held that the submission of a redacted spreadsheet, showing only plaintiff's account, rather than showing 2,516 accounts purchased by Ameristar, did not violate Rule 1003.

Baugh attempts to distinguish that case by asserting that the redacted version of AR 7-7 is somehow unfair. Mot. to Strike, ECF No. 17, PageId.11-12. But, as previously explained, *supra* at 6-7, the redactions are not prejudicial because the redacted information has no bearing on Baugh's central claim that he is entitled to a less redacted copy of his investigative file.

14

In his brief, Baugh nevertheless asserts that an unredacted copy of AR 7-7 is relevant to the issue of whether he is required to exhaust his administrative remedies by raising his challenge to the redactions in his investigative file in the administrative review procedures before seeking relief in this Court.  Mot. to Strike, ECF No. 17, PageID.11-12.  He suggests that Defendant's exhaustion argument is undercut if "the redacted portion either demonstrates the futility of such a challenge or is completely silent regarding it." *Id.*  This argument does not provide a basis for striking Exhibit 2.    As described above, *see supra* at 6-7, the redacted portions of the regulation do not pertain to exhaustion of administrative remedies.  Defendant disagrees that the regulation's silence undercuts its exhaustion argument, but that is ultimately an issue for this Court to decide in adjudicating the motion to dismiss; it is not a justification for compelling Defendant to produce an unredacted version of the regulation.

In any event, the exhaustion issue is only one of the three arguments made by Defendant for dismissing his mandamus claim.  *See* Mot. to Dismiss, ECF No. 10, PageID.25-28.  In addition to the exhaustion argument, Defendant also argued that Baugh had no clear and indisputable right to a copy of his investigative file and that the determination of what portions of the investigative file are permitted under the FOIA and the Privacy Act is not a "ministerial" act.  *Id.,* ECF No. 10, PageID25-28. Thus, if this Court finds that Baugh's mandamus claim should be

dismissed on either of the other two grounds, the Court does not need to even reach the issue of whether Baugh has exhausted his administrative remedies.

Accordingly, contrary to Baugh's claim, the Defendant did not violate the Federal Rules of Evidence by submitting a redacted copy of AR 7-7.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to strike Exhibit 2 to Defendant's Motion to Dismiss and compel Defendant to file an unredacted copy should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Branch Director
Federal Programs Branch

*s/Marcia K. Sowles*
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 11028
Washington, DC 20530
Tel: (202) 514-4960
Fax: (202) 616-8470

Counsel for United States

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I electronically filed the foregoing

memorandum with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following:

Kelly McClanahan

*/s/ Marcia K. Sowles*
Marcia K. Sowles
Senior Trial Counsel
