IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

    Plaintiff,

v.                                    Case No. 24-10036

CENTRAL INTELLIGENCE              Hon. Susan K. DeClercq
AGENCY,

    Defendant.

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

---

## ISSUES PRESENTED

1.    Whether this Court should order jurisdictional discovery on whether Defendant Central Intelligence Agency is the proper party prior to ruling on Defendant's Rule 12(b)(6) Motion to Dismiss for failure to state a claim.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710 (6th Cir. 2005)

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND ................................................................................1

ARGUMENT .........................................................................................................3

CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Akno 101 Market Street St. Louis Missouri LLC v. Pourtaghi,*
　43 F.4th 624 (6th Cir. 2022) .................................................................................7

*Arbaugh v. Y & H Corp.,*
　546 U.S. 500 (2006) ..........................................................................................7, 8

*CMS North America, Inc., v. De Lorenzo Marble and Tile, Inc.,*
　521 F. Supp. 2d 619 (W.D. Mich. 2007) ...............................................................6

*Dates v. HSBC,*
　__ F. Supp.3d ___, 2024 WL 860918 (S.D. Ohio Feb. 29, 2024) .........................5

*Everhart v. Credit Vision, Inc.,*
　No. 1:20-cv-670, 2023 WL 2607274 (S.D. Ohio March 23, 2023) ......................6

*Hill v. Blue Cross & Blue Shield of Mich.,*
　409 F.3d 710 (6th Cir. 2005) ...................................................................... 1, 2, 4

*Jacobson v. Florida Secretary of State,*
　974 F.3d 1236 (11th Cir. 2020) .............................................................................5

*Jifry v. F.A.A.,*
　370 F.3d 1174 (D.C. Cir. 2004) .............................................................................8

*Navajo Transitional Energy Co. v. First National Capital, LLC,*
　No. 2:23-CV-12200, 2023 WL 7027500 (E.D. Mich. Oct. 25, 2023) ...................6

**STATUTES**

5 U.S.C. § 702 ........................................................................................................2, 4

28 U.S.C. § 1331 ....................................................................................................6, 7

28 U.S.C. § 1332 ....................................................................................................6, 7

28 U.S.C. § 1361 ....................................................................................................2, 4

**ADMINISTRATIVE MATERIALS**

Executive Order No. 12,968,
 60 Fed. Reg. 40,245 (Aug. 2, 1995) ......................................................... 2, 3, 4, 5

## INTRODUCTION

Defendant Central Intelligence Agency ("CIA" or "Defendant") respectfully submits this memorandum in opposition to Plaintiff's Motion for Jurisdictional Discovery (ECF No. 19).  In his motion, Plaintiff asserts that the Court should allow discovery into whether the CIA is the proper defendant before ruling on CIA's Rule 12(b)(6) motion to dismiss the complaint for a failure to state a claim (ECF No. 10).  Contrary to Plaintiff's allegations, no jurisdictional discovery is required to resolve Plaintiff's motion because in reviewing a Rule 12(b)(6) motion, the Court accepts all of Plaintiff's factual allegations as true and construes the complaint in the light most favorable to Plaintiff.  This includes the allegation that the CIA is the federal entity that denied Plaintiff's application for a security clearance.  Moreover, as explained below, the resolution of the motion to dismiss does not turn on the identity of the specific federal entity that denied Baugh's security clearance.  Accordingly, Plaintiff's motion should be denied.

## FACTUAL BACKGROUND

This case stems from a denial of an application for a security clearance by Plaintiff Ryan Baugh ("Baugh"), a government subcontractor employee.  Compl., ECF No. 1, PageID.5-6, ¶¶ 14-18.  Baugh sought administrative review of the denial and has been provided a redacted copy of the investigative file upon which the denial is based.  *Id*., PageID.6, ¶ 24 & PageId.8., ¶ 39.  Although he has

submitted a request for administrative review of the denial, Baugh has refused to proceed with his administrative appeal on the grounds that he has not been provided the investigative file to the extent that he believes that he is entitled. *Id.*, PageID.11, ¶ 54. He alleges that the Defendant violated Executive Order No. 12,968, 60 Fed. Reg. 40,245 (Aug. 2, 1995) ("E.O. 12,968"), Intelligence Community Policy Guidance No. 704.3 issued by the Office of the Director of National Intelligence, and an internal CIA regulation (AR 7-7 Appeal of Personnel Security Decisions) by allegedly withholding certain information from its investigative file that is not exempt under the Freedom of Information Act and Privacy Act. Compl., ECF No. 1, PageID.11, ¶¶ 52, 56. Rather than raise that issue in the administrative review process, Baugh seeks to challenge the redactions made in his investigative file in this Court and requests this Court to issue an order requiring Defendant to release additional portions of his investigative file.

Defendant moved to dismiss Baugh's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Baugh fails to state a claim under either the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361. Def.'s Mot. to Dismiss, ECF 10. In a footnote, Defendant noted that it assumed the well-pleaded factual allegations in the complaint are true for the limited purpose of its motion to dismiss. Def.'s Mot. to Dismiss, ECF No. 10, PageID10 n. 1. It further stated that "[n]othing in this

2

submission should be considered an acknowledgment by the United States of, or indeed any comment on, the factual veracity of all of the allegations." *Id*. It also stated that "[a]s just one example, while Defendant acknowledges that Plaintiff challenges an action of, or failure to act by, the United States, the United States does not even confirm or deny that Plaintiff has named the proper Defendant in this lawsuit." *Id*.

In its motion to dismiss, Defendant argued that Baugh fails to state a claim under the APA because Executive Order 12,968 expressly provides that it does not create any judicially enforceable rights. *Id.*, PageID.22-24. Both the policy guidance and the internal regulations on which Baugh relies each contain similar limitations. *Id*., PageID.15,24. Because Baugh has no clear and undisputed right to his investigative file under Executive Order 12,968 or any of the other authorities cited in his complaint, Defendant also argued that Baugh fails to meet the requirements for mandamus relief. *Id.*, PageID.25-28.

## ARGUMENT

Contrary to Baugh's assertion, no jurisdictional discovery is necessary to resolve Defendant's motion to dismiss. Defendant did not file a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) (subject matter jurisdiction) or Rule 12(b)(2) (personal jurisdiction). Instead, Defendant seeks to dismiss this action under Rule 12(b)(6) for failure to state a claim under either the Administrative

3

Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361. *See* Mot. to Dismiss, ECF 10, PageID.22-28. As noted in its brief, in reviewing a Rule 12(b)(6) motion, the Court accepts all plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.,* 409 F.3d 710, 716 (6th Cir. 2005). This includes the allegation that the CIA is the federal entity that denied Baugh's request for a security clearance and is thus the proper defendant. Compl., ECF No. 1, PageID.6, ¶ 18; *see also id.*,PageID.5, ¶ 15 (alleging that he submitted his application for a clearance to the CIA) .

Hence, at this stage, there is no reason for the Court to authorize jurisdictional discovery, particularly here, where the merits of the Rule 12(b)(6) motion do not hinge on the identity of the specific federal entity that denied the security clearance. Baugh's claims under both the APA and the Mandamus Act are predicated on the assumption that Executive Order 12,968 creates judicially enforceable rights and that actions taken under it are judicially reviewable. Compl., ECF No 1, PageID.11, ¶ 56. Resolution of that legal issue does not turn on the identity of the specific government entity that denied Baugh's security clearance. Section 1.1 of Executive Order 12,968 defines "agency" as "any 'Executive agency,' as defined in 5 U.S.C. 105, the 'military department,' as defined in 5 U.S.C. 102, and any other entity within the executive branch that

4

comes into the possession of classified information, including the Defense Intelligence Agency, National Security Agency, and the National Reconnaissance Office." 60 Fed. Reg. at 40,245. Accordingly, this Court can resolve the motion to dismiss without any discovery.[1]

The cases cited by Baugh are not on point because those cases were at different stages and raised different jurisdictional issues. In *Dates v. HSBC,* __ F. Supp.3d ___, 2024 WL 860918 (S.D. Ohio Feb. 29, 2024), plaintiff sought a temporary restraining order preventing them from being removed from their home. The court denied their request for a temporary restraining order because it lacked the subject-matter jurisdiction to entertain such equitable relief where they sought to enjoin the wrong entity. *Id*. at *5. *Jacobson v. Florida Secretary of State,* 974 F.3d 1236, 1255 (11th Cir. 2020), is distinguishable for the same reason. In that case, the Court of Appeals held the district court had improperly enjoined a non-party because the injury was not redressable by the party defendant. Here, unlike those cases, there is no risk of the Court enjoining the wrong entity when all that needs to be decided is whether the case should be dismissed.

---

[1] The fact that Baugh also cites to the ICPG 704.3 and AR 7-7 does not change this conclusion because they are based on Executive Order 12,968 and also specifically state that they do not create any enforceable rights. *See* ECF No. 10, Page ID15, 24.

5

*Everhart v. Credit Vision, Inc.,* No. 1:20-cv-670, 2023 WL 2607274 (S.D. Ohio March 23, 2023), also involved a case at the relief stage, not at the pleading stage. In that case, plaintiff sought a default judgment against a debt collector for violation of the Fair Debt Collection Practices Act (FDCPA) for both statutory and actual damages. The court found that plaintiff had established a violation, but requested plaintiff to submit further briefing to support her claim for damages and to confirm that she had suffered sufficient harm to confer standing under the FDCPA. Here, too, therefore, the court confirmed that the plaintiff had standing before imposing a remedy, not at the 12(b)(6) stage.

Unlike this case, which rests on federal question jurisdiction, *see* 28 U.S.C. § 1331, Compl. ¶ 1, other cases Baugh relies upon involved courts ensuring there was diversity jurisdiction under 28 U.S.C. § 1332. In *CMS North America, Inc., v. De Lorenzo Marble and Tile, Inc.,* 521 F. Supp. 2d 619 (W.D. Mich. 2007), for example, the defendant had removed the action to federal court on diversity jurisdiction grounds, and the plaintiff filed a motion to remand. The court granted plaintiff's motion to remand the case to state court on the grounds that plaintiff had not established the requisite amount in controversy under 28 U.S.C. § 1332. Similarly, in *Navajo Transitional Energy Co. v. First National Capital, LLC,* No. 2:23-CV-12200, 2023 WL 7027500 (E.D. Mich. Oct. 25, 2023) plaintiff had asserted diversity jurisdiction under 28 U.S.C. § 1332. After reviewing the

6

complaint, the court held that it "was unable to determine whether the parties were completely diverse" and issued an order for plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. *Id.* *1. Plaintiff responded that information regarding the citizenship of the defendants was not publicly available. Under those particular circumstances, the court allowed plaintiff 90 days to conduct limited jurisdictional discovery. In this case, Baugh invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1331, and Defendant does not contest that jurisdiction.

*Akno 101 Market Street St. Louis Missouri LLC v. Pourtaghi,* 43 F.4th 624 (6th Cir. 2022), is distinguishable on similar grounds. In that case, plaintiff had asserted diversity jurisdiction under 28 U.S.C. § 1332, and the district court had granted summary judgment without properly establishing the parties' citizenship. In remanding the case, the Sixth Circuit Court of Appeals stressed that "a party asserting diversity jurisdiction bears the burden of establishing the parties' citizenship." Id. at 626.

*Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006), also does not provide support for Baugh's request for discovery. In that case, plaintiff invoked federal-question jurisdiction under 28 U.S.C. § 1331, but her claim arose under Title VII of the Civil Right Act of 1964, that "specifies, as a prerequisite to its application, the existence of a particular fact, i.e., 15 or more employees." 546 U.S. at 514. The

7

issue before the Supreme Court was "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." *Id.* at 503. The Supreme Court held it was not a jurisdictional requirement, and thus could be waived. *Id.* at 512. This case thus does not speak to the propriety of jurisdictional discovery where a Rule 12(b)(6) motion is pending.

In short, Baugh has failed to present any basis why discovery should be required before the Court rules on Defendant's motion to dismiss.[2]

## CONCLUSION

For the reasons stated above, Plaintiff's motion for jurisdictional discovery should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Branch Director
Federal Programs Branch

---

[2] To the extent the Court is inclined to permit jurisdictional discovery, Defendant requests an opportunity to provide additional information to the Court *ex parte in camera* to inform its decision. *See, e.g., Jifry v. F.A.A.,* 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("[T]he court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function.").

8

<u>s/Marcia K. Sowles</u>
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 11028
Washington, DC 20530
Tel: (202) 514-4960
Fax: (202) 616-8470

Counsel for United States

Dated: June 7. 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I electronically filed the foregoing memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Kelly McClanahan

*/s/ Marcia K. Sowles*
Marcia K. Sowles
Senior Trial Counsel
