UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR JURISDICTIONAL DISCOVERY**

**ISSUE PRESENTED**

1. Whether the Court should order jurisdictional discovery on the matter of whether Defendant Central Intelligence Agency is the proper party defendant.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)

## ARGUMENT

After Defendant Central Intelligence Agency ("CIA") implied (and continues to imply) that it is not the proper party Defendant, CIA now asks this Court to ignore its clear responsibility to conclusively resolve any question of standing as soon as it is raised. In doing so, it asks the Court to allow it—which might not even be the proper party Defendant—to waste the time of both Plaintiff Ryan Baugh ("Baugh") and the Court arguing and adjudicating a dispute over the judicial enforceability of a CIA-specific regulation. The Court should not allow CIA to continue to present substantive arguments in this case until it has conclusively established that CIA is the proper party Defendant. Since CIA continues to refuse to clarify the matter, the only way to accomplish this is to order jurisdictional discovery.

After spending three pages rearguing the merits of the case under the guise of a "Factual Background" (Def.'s Opp'n Pl.'s Mot. Juris. Disc., Dkt. #26, at 1-3 (filed June 7, 2024) [hereinafter CIA's Opp'n]), CIA makes its core argument, arguing that because the Court must accept all of Baugh's factual allegations as true and construe the complaint in the light most favorable to Baugh in the context of a Rule 12(b)(6) motion, it must also accept the factual allegation that CIA is the proper party Defendant. (*See id.* at 4.) This argument completely lacks any merit. It is axiomatic that courts *must* address subject-matter jurisdiction questions—which

include questions about the proper parties to the case—"even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Despite CIA's argument that the fact that it did not seek dismissal under Rule 12(b)(1) or Rule 12(b)(2) is dispositive (CIA's Opp'n at 3), it simply cannot disavow a standing argument. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

If there is a question of whether or not CIA is the proper party Defendant, then there is a question of whether the Court has the power to hear this case. If the Court cannot be certain that it has the power to hear a case, it cannot adjudicate any substantive motions filed in the case until it resolves that threshold issue. None of CIA's attempts to distinguish the cases cited by Baugh can change this immutable fact.

Regarding CIA's final suggestion that the Court allow it "to provide additional information to the Court *ex parte in camera* [sic] to inform its decision" (CIA's Opp'n at 8 n.2), this request is procedurally improper. CIA implies rather than states—let alone provides evidence to support—that the information it would seek to provide is classified, but the Court cannot simply allow a party to submit information to it *ex parte* and *in camera* based on the *hint* that it *might* be classified. If CIA wanted to argue that it needs to present properly classified

information *ex parte* and *in camera* to the Court to properly defend against Baugh's Motion, it needed to file a motion formally requesting as much and provide admissible evidence to support the motion. The Court cannot entertain this request to accept secret argument from a party, especially when that party will not even admit that it is a proper party to the case. The Court should forcefully reject this transparent gamesmanship and remind CIA that it must conduct its litigation in good faith as befits an agency of the United States Government.

Date:  June 13, 2024

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*