UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN BAUGH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO.: 2:24-cv-10036 (SKD) |
| | * | |
| CENTRAL INTELLIGENCE AGENCY, | * | HON. SUSAN K. DECLERCQ |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO STRIKE REDACTED EXHIBIT AND COMPEL FILING OF UNREDACTED EXHIBIT**

**ISSUES PRESENTED**

1. Whether Dkt. #10-3 should be struck from the record as inadmissible in a Federal Rule of Civil Procedure 12(b)(6) motion.

2. Whether the Central Intelligence Agency should be compelled to file an unredacted copy of Dkt. #10-3.

3. Whether Dkt. #10-3 should be struck from the record as inadmissible under Federal Rule of Evidence 1002.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396 (6th Cir. 2012)

*Moyar v. DOD*, No. 23-5085, 2024 U.S. App. LEXIS 13146, at *9 (D.C. Cir. May 31, 2024)

*Queen's Medical Ctr. v. Kaiser Found. Health Plans, Inc.*, 948 F. Supp. 2d 1131 (D. Haw. 2013)

## ARGUMENT

After Defendant Central Intelligence Agency ("CIA") introduced a redacted copy of an integral internal regulation, CIA now resists the efforts by Plaintiff Ryan Baugh ("Baugh") to ensure that he and the Court have access to the full regulation in accordance with all of the relevant rules. Despite the fact that Baugh provided ample case law to support his arguments, CIA has elected not to cite any cases in support of its position, choosing instead to rely on weak attempts to distinguish Baugh's cited cases on their facts and to imply the existence of facts not in evidence. The Court should accordingly order Dkt. #10-3—a CIA regulation known as Agency Regulation ("AR") 7-7—to be struck from the docket and direct CIA to file the unredacted copy on the docket in a prompt manner.[1]

After spending two pages rearguing the merits of the case under the guise of a "Factual Background" (Def.'s Opp'n Pl.'s Mot. to Strike Redacted Ex. & Compel Filing of Unredacted Ex., Dkt. #25, at 2-3 (filed June 7, 2024) [hereinafter CIA's Opp'n]), CIA makes its first substantive argument, which completely misses the point of Baugh's Motion. CIA spends significant time supporting its argument that "[i]t is thus clear that Defendant appropriately attached AR 7-7 to its motion to

---

[1] If the Court is considering allowing some or all of CIA's redactions, it should direct CIA to provide a copy of the unredacted version *in camera*—but not *ex parte*—and file a motion to redact information from the publicly filed version. If CIA's assertions about the redactions are correct, Baugh may agree to a stipulated order, but he should be allowed the chance to make that informed decision.

dismiss." (*Id.* at 5.) Baugh does not dispute that AR 7-7 should be attached to CIA's motion to dismiss. He in fact relies on this fact. However, CIA did *not* attach AR 7-7 to its motion to dismiss. It attached *part* of AR 7-7 to its motion to dismiss. And *that* is what Baugh objects to.

CIA's argument is particularly inexplicable in light of the reason it gives for attaching the regulation in the first place: "The regulation was attached as an exhibit . . . because Plaintiff selectively quoted portions of it in his complaint as a basis for his claim for relief, and it was important for the Court to consider a portion of the regulation that Plaintiff chose to omit." (*Id.* at 1.) In CIA's view, it is "important for the Court to consider a portion of the regulation that Plaintiff chose to omit," but it is *not* "important for the Court to consider a portion of the regulation that [Defendant] chose to omit." In other words, plaintiffs do not get to omit parts of an integral document; only defendants get to do that.

CIA then attempts to defend its redactions by implying that they are not relevant to Baugh's case, but without offering any evidence or case law to support the drawing of such an inference. CIA relies solely on what it considers to be contextual clues about the redacted information, but in the absence of other evidence such clues are not by themselves sufficient to meet the exacting standard that "[i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Mediacom Se. LLC v. BellSouth*

4

*Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). CIA could have proffered a declaration from a witness stating under oath what its counsel alleges about the redacted information on pages 6-7 of its brief, specifically describing why the redacted information is not relevant to Baugh's case *at all* (as opposed to being not relevant to one argument, as it attempts to argue later in the brief). It chose instead to make factual statements about the matter in its argument section, where the Court may not consider them. *See*, *e.g.*, *Associação Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 621 (6th Cir. 2018) ("[A]n attorney's statement in a brief is not evidence.") (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006)).

It may be that, after reviewing admissible evidence, the Court could find that some or even all of the redacted portions are not relevant to this case. However, since CIA has not provided any admissible evidence, the Court cannot resolve this matter in CIA's favor. As CIA concedes, "[i]n reviewing [a Rule 12(b)(6)] motion, the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff." (CIA's Opp'n at 13 (citing *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005)).) This necessarily includes "draw[ing] all reasonable inferences in [the plaintiff's] favor." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). Accordingly, in the absence of actual admissible evidence to the contrary,

5

the Court should draw the reasonable inference that "there exist[s] [a] material disputed issue[] of fact regarding the relevance of the" redacted portions, *Mediacom Se.*, 672 F.3d at 400, which requires striking the redacted version and ordering the unredacted version to be docketed.

Contrary to CIA's attempts to distinguish them, Baugh's cited cases are directly applicable to this case, *Queen's Medical Center v. Kaiser Foundation Health Plans, Inc.* most of all. As CIA states, "[I]n that case, while the hospital believed that a contract between Kaiser and Stratose existed, the hospital did not have notice of the content of the contract, and defendants had refused to provide a copy of the contract. Instead Kaiser attempted to use the redacted copy of the contract to raise affirmative defenses." (CIA's Opp'n at 8-9 (citing 948 F. Supp. 2d 1131, 1142-43 (D. Haw. 2013)) (citation omitted).) CIA argues that this case is distinguishable because Baugh relied on part of AR 7-7, while the hospital did not know what the contract said in *Queen's Medical Center*. That is the wrong portion to focus on, however. In this case, Baugh does not know what is in *the entire document*, and CIA has refused to provide a copy of *the entire document*. In this case, CIA attempts to use the redacted copy of the regulation to seek dismissal, which is the same basic goal as raising affirmative defenses. The fact that Baugh relied on part of the regulation does not negate the requirement that the Court consider *all* of the regulation.

6

CIA's next argument requires the Court to accept without question CIA's claim that the redacted portions "contain[] sensitive information protected by the National Security Act or the CIA Act" (*id.* at 12) without any evidence to support such a contention. At this point, the Court does not even need to determine whether it could properly consider a redacted document where the redacted information fit this description, because it has no evidence that such is true in the first place. CIA's entire contention rests on its counsel's statement that *CIA claimed in a different lawsuit* that the redacted information fits this description, but that does not change the fact that a counsel's statement is not evidence and a claim that information is statutorily protected is not the same as *evidence* that information is statutorily protected. CIA instead asks the Court to "trust it" that this information was legitimately withheld pursuant to those two statutes, but a motion to dismiss cannot be decided based on trust.[2]

---

[2] This is doubly true when evidence exists that the information has not been properly withheld. For example, the first redaction on page 2 of AR 7-7, which CIA claims is protected by the CIA Act, reads only, "Assets, [redacted]" (Dkt. 10-3 at 3), while the previously officially released predecessor regulation reveals that the entire line read, "Assets, as defined in AR 20-73." (AR 10-16, attached as Ex. A.) While the cited regulation number has likely changed, the Court cannot reasonably conclude that the unadorned statement that the term "Assets" is defined in another regulation relates to "the organization, or functions of the Agency, or of the names, official titles, salaries, or numbers of personnel employed by the Agency," 50 U.S.C. § 3507, without some minimal quantum of admissible evidence. Nevertheless, CIA asks the Court to do just that, based solely on the statement of its counsel that CIA made this assertion four years ago when even the CIA Act itself was different (in that it did not cover "functions of the Agency," as

CIA's penultimate argument posits that a document considered integral to a complaint does not have to be admissible under the Federal Rules of Evidence because "the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff." (CIA's Opp'n at 13 (citing *Hill*, 409 F.3d at 716).) However, this argument misrepresents the power differential between such a document and a complaint. It is well-established that when a written instrument integral to a complaint contradicts allegations in the complaint, the document trumps the allegations. *See, e.g., Clorox Co. v. Proctor & Gamble Commer. Co.*, 228 F.3d 24, 32 (1st Cir. 2000). This fact by itself invalidates CIA's argument, because CIA is asking the Court to hold that the text of AR 7-7 contradicts Baugh's allegations, which, if the Court agrees, would mean that the Court would *not* "accept[] all the plaintiff's factual allegations as true and construe[] the complaint in the light most favorable to the plaintiff." *Hill*, 409 F.3d at 716. CIA is trying to have it both ways, arguing that its redacted copy of AR 7-7 trumps Baugh's allegations, while maintaining falsely that that redacted copy does not have to be admissible because the Court must believe Baugh's allegations. The Court should soundly reject this argument.

---

held by numerous courts before the law was changed, *see, e.g., Nat'l Sec. Counselors v. CIA*, 206 F. Supp. 3d 241, 263-66 (D.D.C. 2016) (describing history of cases rejecting CIA's claim that CIA Act protected "functions of the agency itself" as opposed to "functions of its individual employees")).

CIA's final argument lacks merit for a different reason. It argues that the Court should not strike AR 7-7 because it could rule in CIA's favor on *other* grounds without reaching the question of administrative exhaustion. (CIA's Opp'n at 15-16.) This argument misunderstands the nature of Baugh's argument. Baugh offered the administrative exhaustion context as an *example* of how the redacted information might be relevant, but because he has never seen the redacted information, he cannot be expected to state that it is the *only* example. Moreover, the exact wording of AR 7-7 might end up being the most relevant issue in this case. As the D.C. Circuit noted only two weeks ago after holding that the Executive Order was not judicially enforceable (which Baugh disputes), "the fact that the Executive Order is not judicially enforceable says nothing about whether agency implementing regulations are judicially enforceable." *Moyar v. DOD*, No. 23-5085, 2024 U.S. App. LEXIS 13146, at *9 (D.C. Cir. May 31, 2024). The Court should not prejudge the relevance of the redacted information to Baugh's case and should accordingly grant Baugh's Motion.

Date: June 14, 2024

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              4702 Levada Terrace
                                              Rockville, MD 20853

        301-728-5908
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*