MORI DocID: 1511299

(b)(2)
(b)(3)

# UNCLASSIFIED

**Date:** 04/12/2005

**Category:**    10 - Security          **OPR:** SC

**Title:**    AR  10-16    (U) APPEAL OF PERSONNEL SECURITY DECISIONS

---

> **REVISION SUMMARY:** 12 April 2005
>
>   This regulation supersedes AR 10-16, dated 16 May 2002.
>
>   AR 10-16 is revised to update organizational titles.  This revision reflects the Agency's organizational restructuring that resulted from the DCI's decision, effective 4 January 2005, to abolish the Mission Support Offices and establish the Directorate of Support.
>
> *Boldfaced text in this regulation indicates revisions.*

*This revision was written by the Security Center,*

## 16.  APPEAL OF PERSONNEL SECURITY DECISIONS

**SYNOPSIS.  This regulation prescribes the policy and responsibilities for providing reviews and appeals to covered personnel who the CIA has determined are ineligible for access to classified information, in accordance with the adjudicative guidelines promulgated pursuant to Executive Order 12968, and for cases involving access to Sensitive Compartmented Information, incorporated into DCID No. 6/4.  Cases that involve the Agency's withdrawal of a conditional offer of employment or termination of employment for reasons other than ineligibility for access to classified information are *not* subject to appeal under this regulation, unless otherwise prescribed.**

**a.  AUTHORITY.**  The National Security Act of 1947, as amended; the CIA Act of 1949, as amended; Executive Orders 12333, 12958, and 12968; DCID No. 6/4, and other applicable law.  The appeal provisions of this regulation shall apply notwithstanding any contrary provisions in the appeals annex to DCID No. 6/4.

**b.  DEFINITIONS**

   **(1) COVERED PERSONNEL.**   The terms "covered personnel" and "covered individual" refer to Agency applicants, (to include applicants for the summer employee program),

APPROVED FOR RELEASE
DATE: JAN 2008

Ex. A

**UNCLASSIFIED**

employees, and contractors, as defined in this regulation.[1]

[1]Pursuant to the National Security Act of 1947, as amended, and sections 1.1(e) and 5.2(e) of Executive Order 12968, the Director of Central Intelligence has determined that the following individuals will not be granted any appeal: (a) Assets, as defined in AR 20-73; [                                ] and (c) individuals other than applicants, employees, and contractors (as defined in b(2)-b(4) of this regulation) who are screened for approval for access to national security information and for whom the **Chief, Security Center** has determined an appeal cannot be granted consistent with the national security.

(2) **APPLICANTS.** For the purposes of this regulation, the terms "applicant" and "applicants" include individuals who have received conditional offers of employment to become Agency employees.

(3) **EMPLOYEES.** With the exception of [                    ] foreign national employees, for the purposes of this regulation, the terms "employee" and "employees" refer to staff personnel and non-staff personnel as defined in AR 20-2▦, Categories of Personnel.

(4) **CONTRACTORS.** For the purposes of this regulation, the terms "contractor" and "contractors" include independent contractors (including consultants) and employees of contractors (also known as industrial contractors). The term "contractor" also includes, for purposes of this regulation, individuals from non-National Foreign Intelligence Board (NFIB) organizations for whom the Agency has denied or revoked a request for clearance and/or access(es).

**c. SECURITY AND SUITABILITY DETERMINATIONS**

(1) **GENERAL.** Cases that involve the Agency's denial or revocation of security clearances and/or access approvals of covered personnel are subject to appeal under the terms of this regulation. Cases that involve the Agency's withdrawing a conditional offer of employment or terminating employment for reasons other than ineligibility for access to classified information (for example, performance or surplus reasons) are *not* subject to appeal under Executive Order 12968, DCID 6/4, or this regulation. However, an employee involved in a "mixed case" (see paragraph h(2)(b) below) may appeal both security and employment suitability issues in accordance with this regulation.

(2) **APPLICANTS AND EMPLOYEES.** The **Chief, Security Center (SC)** or designee will determine whether an applicant's or employee's conduct raises concerns regarding suitability for employment, security eligibility, or both. However, in cases presenting only employment suitability issues, **C/SC** may only make recommendations regarding the individual's suitability for employment to the Chief, Human Resources (C/HR), the cognizant Head of Career Service, or their respective designees (see AR **13-8**▦).

(3) **CONTRACTORS.** The **Security Center (SC)** is only concerned with a contractor's eligibility for a security clearance, access approval, or security approval as defined in AR 10-1▦. The decision regarding an industrial contractor's suitability for employment is solely and exclusively the responsibility of the contractor's employer, not the Agency.

(4) **CONSULTATION.** In cases involving the possible denial or revocation of a security

**UNCLASSIFIED**

UNCLASSIFIED

clearance or access approval where it is unclear whether the conduct involved raises solely security concerns or includes concerns involving an employee's suitability for employment, **the SC** will consult with the Office of General Counsel (OGC).

(5) **ADVERSE SECURITY DECISIONS**

    (a) With the exception of temporary suspensions or administrative terminations of access as defined in AR 10-1▨, whenever **the SC** determines that covered personnel are not eligible for access to classified information, the procedures set forth below shall apply unless the Director of Central Intelligence (DCI) or Deputy Director of Central Intelligence (DDCI) determines that the appeal procedures cannot be made available in a particular case without damaging the national security interest of the United States (U.S.)

    (b) Denials of waivers of adjudicative or investigative requirements as defined in AR 10-1▨, may not be appealed.

**d. INITIAL SECURITY DECISIONS**

  (1) **APPLICANTS AND CONTRACTORS.** An SC officer delegated authority by the **C/SC** will make a decision to deny or revoke an applicant's or a contractor's security clearance and/or access approval(s).

  (2) **EMPLOYEES.** The **C/SC**, usually after receiving the recommendation from the Personnel Evaluation Board (PEB), will make a decision to revoke an employee's security clearance and/or access approval(s). The **C/SC** will seek a recommendation from the PEB in cases involving staff personnel only. Detailed information concerning the PEB is set forth elsewhere in Agency regulations.

**e. STATEMENT OF REASONS; PROCEDURES ASSOCIATED WITH REQUESTING REVIEW OF AN INITIAL SECURITY DECISION**

  (1) **APPLICANTS AND CONTRACTORS**

    (a) Consistent with national security and as otherwise provided by applicable law and this regulation, **the SC** shall provide an applicant or contractor with a comprehensive written statement of reasons (SOR) setting forth the basis for the initial security decision that the applicant or contractor does not meet the standard(s) for access to classified information.

    (b) The SOR shall inform the applicant or contractor that he or she may:

        (*1* )                                       Within 45 days of receipt of the SOR, r⋯ the initial security decision;

        (*2* )    At his or her own expense, use the services of counsel or another individual to act as a representative on the applicant's or contractor's behalf;

        (*3* )                            Request from **the SC** those documents, recor⋯ investigative file, upon which the initial security decision was based. (The applicant or contractor must make the request for documents at the time of his or her request for a review of the initial security decision. Within 30 days of

UNCLASSIFIED

UNCLASSIFIED

receiving the request, **the SC** shall provide the requested documentation in a manner consistent with national security and to the extent the documentation would be provided if requested under the Freedom of Information Act or the Privacy Act.); and

*(4* ) Request to appear, at his or her own expense, personally before an Agency representative identified to accept information regarding the applicant's or contractor's request for a review. (The applicant or contractor must make the personal appearance prior to the review.)

(*a* ) The appearance shall be solely to present relevant documents, materials, and information for consideration by the designated review authority.

(*b* ) The Agency representative shall include a written summary of the appearance in the applicant's or contractor's security file for consideration by the designated review authority.

## (2) **EMPLOYEES**

(a) Consistent with national security and as otherwise provided by applicable law and this regulation, **the SC** shall provide an employee with a comprehensive written SOR setting forth the basis for the initial security decision that the employee does not meet the standard(s) for access to classified information.

(b) Within 10 days of receipt of the SOR, employees may reply in writing and request a review of the initial security decision. If an employee's response would reveal classified information, it must be prepared and stored at a secure site acceptable to **the SC.** Employees may also, within that 10 day period, request those documents, records, and reports, including the entire investigative file, upon which the initial security decision was based. Within 30 days of receiving the request, **the SC** shall provide the documentation in a manner consistent with national security and as permitted by the Freedom of Information Act and the Privacy Act. (For cases where the SOR or the associated documentation of the decision may be classified due to cover or other considerations, access to the SOR or documentation will be provided at a secure facility designated by **the SC** as though making a discretionary disclosure under the Privacy Act.)

(c) **The SC** shall advise employees in the SOR that they may, at their own expense, use the services of counsel or another individual to act as a representative on their behalf. If an employee retains private counsel or a personal representative, the employee must obtain an Agency security clearance, access approval, or security approval for their personal counsel or personal representative prior to discussing any classified information with said counsel or representative.

(d) Employees may request to appear personally with counsel or their personal representative before an Agency representative identified to accept information regarding the employee's request for a review. (The employee must make the personal appearance within 10 days of receipt of the SOR and prior to the review of the initial security decision.)

UNCLASSIFIED

UNCLASSIFIED

(*1* )     The appearance shall be solely to present relevant documents, materials, and information for consideration by the designated review authority.

(*2* )     The Agency representative shall include a written summary of the appearance in the employee's security file for consideration by the designated review authority.

(*3* )     The requirement that an individual stationed outside of the Headquarters area pay travel expenses associated with a personal appearance will be waived for Agency employees and detailees. These individuals will be provided with transportation to headquarters and appropriate lodging and subsistence expenses needed to make a personal appearance. All other costs incurred by these individuals as part of the review of the initial security decision are not reimbursable.

f.  **REVIEW OF INITIAL SECURITY DECISIONS**

(1) **REVIEW OF INITIAL SECURITY DECISIONS. The C/SC** shall designate an SC officer, other than the officer that made the initial revocation or disapproval decision, to review initial security decisions regarding applicants and contractors, when such a review has been requested by the applicant or contractor. For employees, the **C/SC** will review the initial security decision after the personal appearance has occurred or, where an employee does not request a personal appearance, after receipt of the employee's request for review of the initial security decision.

(2) **NOTICE OF RESULTS OF REVIEW. The SC** shall provide covered personnel, who have requested and received a review of an initial security decision by one of the above designated review authorities, written notice of and the reasons for the results of the review. In addition, **the SC** shall provide covered personnel with the identity of the deciding authority, consistent with cover and other applicable security considerations.

g.  **APPEALS**

(1) **NOTICE OF APPEAL.** In the written notice of and reasons for the results of the review, **the SC** shall advise covered personnel that they may appeal the initial security decision (and the review) to an appeals panel. Applicants and contractors must file their appeal within 30 days of the receipt of the notice and results of the review of the initial security decision. Employees must file their appeal within 10 days of the receipt of the notice and results of the review of the initial security decision.

(2) **APPEALS PANELS**

(a) **Applicants.** The appeals panel will consist of a senior SC officer (who will serve as the chairperson) designated by the **C/SC**; the C/HR; and the deputy head of the office that seeks to employ the applicant.

(b) **Contractors.** The appeals panel will consist of the **C/SC** (who will serve as the chairperson), the Chief, Counterintelligence Center (Chief, CIC), and the head of the office that requested the use of the contractor. For non-NFIB cases, the appeals panel will consist of the **C/SC** (who will serve as the chairperson), the Chief, CIC, and the C/HR.

(c) **Employees.** For employees from outside the E Career Service, the appeals panel

UNCLASSIFIED

UNCLASSIFIED

will consist of the Agency Executive Director (EXDIR) (who will serve as the chairperson), the Associate Deputy Director for Operations for Counterintelligence (ADDO/CI), and the Head of the employee's Career Service. For employees within the E Career Service, the panel will consist of the EXDIR (who will serve as the chairperson), the ADDO/CI, and the head of the employee's office. An **SC** representative will attend the panel sessions as a nonvoting member and will advise the panel regarding security considerations concerning the employee.

 (d) **Alternates.** Voting members of Agency appeals panels may designate other senior Agency officials (Senior Intelligence Service or equivalent grade) to act as their alternates at an appeals panel meeting in the event the voting member will be unavailable to attend the panel meeting.

 (3) **CONVENING OF APPEALS PANELS.** At the call of the appropriate appeals panel's chairperson, the panel will convene to review the appeal of a covered individual.

 (4) **PARTICIPATION BY OTHERS IN APPEALS PANELS.** Any of the above-mentioned appeals panels may request that representatives of OGC, the Office of Medical Services, the Office of Equal Employment Opportunity, or any other appropriate Agency office, attend appeals panels as nonvoting members to provide expertise and advice. Covered personnel and their representatives will not attend meetings of the appeals panels.

 (5) **DECISIONS OF APPEALS PANELS**

 (a) The decision of an appeals panel shall be in writing, and the Agency shall notify the covered personnel in writing.

 (b) Except as provided in paragraph g(5)(c) below, the decision of an appeals panel shall be final and conclusive.

 (c) Nothing in this regulation shall prohibit the DCI, in his sole discretion, from overturning an appeals panel's decision or from taking any other action regarding an individual's security clearance, access, or security approval as he deems appropriate. Covered personnel, however, may not appeal security decisions to the DCI.

**h. RELATIONSHIP BETWEEN SECURITY DECISIONS AND EMPLOYMENT**

 (1) **APPLICANTS.** When the appeals panel upholds the security decision in a case involving an applicant, the applicant will not be hired. **The SC** will record the security decision in the applicant's security file, and HR will record the security decision in the applicant's personnel file.

 (2) **EMPLOYEES**

 (a) **Security Cases.** When the appeals panel upholds the security decision in a case involving an employee, the EXDIR will terminate the individual's Agency employment pursuant to the terms of AR 13-8 . **The SC** will record the decision in the individual's security file, and HR will record the termination in the employee's personnel file.

UNCLASSIFIED

UNCLASSIFIED

(b) **Mixed Cases.** When an employee's case involves issues regarding both security and suitability for employment, the procedural processing of the case will proceed as set forth in this regulation (including paragraph h(2)(a) immediately above). The employee will be notified of and may simultaneously address the issues relating to both security and suitability for employment, and these issues will be addressed by the appeals panel. The appeal by an employee of a mixed case will be handled under this regulation rather than the appeal provisions of any other regulation.

(3) **CONTRACTORS.** When the appeals panel upholds the security decision in a case involving an industrial contractor, the Agency will advise the individual and may also advise his or her employer. Employment decisions following the denial or revocation of an industrial contractor's security clearance and/or access approval(s) are solely and exclusively at the discretion of the employer. When an appeals panel upholds the security decision in a case involving an independent contractor, the Agency will not retain the services of the contractor. In both cases, **the SC** will record the decision in the individual's security file.

(4) **DETAILEES.** When the appeals panel upholds the security decision in a case involving a detailee, the detailee will be reassigned to his or her parent organization, and **the SC** will record the decision in the individual's security file.

(5) **INDIVIDUALS AT NON-NFIB ORGANIZATIONS.** When the appeals panel upholds the security decision in a case involving an individual who is at a non-NFIB organization and who is not physically assigned or physically detailed to the Agency, the Agency will advise the individual and his or her parent organization, and **the SC** will record the decision in the individual's security file.

**i.  DELEGATION OF AUTHORITY AND LIMITATIONS**

(1) **C/SC** is the senior agency official designated under section 6.1 of Executive Order 12968 to direct and administer the Agency's personnel security program.

(2) **C/SC** is delegated all authority granted by Executive Order 12968 to the DCI, as head of the Agency, except for the following provisions that must be exercised by the DCI or DDCI, acting on the DCI's behalf:

(a) **Section 2.4(b).** Making determinations regarding the sensitivity level of special access programs when considering access reciprocity;

(b) **Section 5.2(b).** Personally acting as the final appeal authority;

(c) **Section 5.2(d).** Denying covered personnel a particular appeal procedure under this regulation; and

(d) **Section 5.2(e).** Denying covered personnel an appeal under this regulation.

(3) This regulation applies only to individuals whose affiliation with the Agency requires that they undergo security processing to receive access to classified information. Time deadlines set forth in this regulation, other than those mandated by Executive Order 12968, may be extended or waived by D/OS or designee.

UNCLASSIFIED

**UNCLASSIFIED**

(4) Nothing in this regulation shall be deemed to limit or affect the authority of Agency personnel to make determinations with respect to an individual's suitability or availability for employment, assignment, or affiliation with the Agency.

(5) This regulation does not create for or confer on any person or entity any right to administrative or judicial review of these procedures, their implementation, or decisions or actions rendered thereunder. It also does not create or confer any right, benefit, or privilege, whether substantive or procedural, for access to classified information. Finally, this regulation does not create or confer any substantive or procedural right, benefit, or privilege enforceable by any party against the U.S., the Agency, or any other agency or instrumentality of the executive branch, its officers or employees, or any other person.

(6) Nothing in this regulation shall be deemed to preclude the DCI or the DDCI under the authority of the National Security Act of 1947, as amended, from taking any actions regarding a covered individual's security clearance or access, or employment with the Agency. The DCI or the DDCI may take any actions regarding an individual's security clearance, access, security approval, or employment with the Agency, without regard to any of the provisions of this or any other Agency regulation or DCI directive.