IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

   Plaintiff,

   v.                                                                  Case No. 24-10036

CENTRAL INTELLIGENCE                             Hon. Susan K. DeClercq
AGENCY,

   Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

---

## ISSUES PRESENTED

1. Whether Plaintiff states a claim under the Administrative Procedure Act ("APA") for alleged violation of Executive Order 12,968 and of the other cited authorities.

2. Whether Plaintiff states a claim for mandamus relief under 28 U.S.C. § 1361.

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Carson v. U.S. Off. of Special Couns.*,
  633 F.3d 487 (6th Cir. 2011) ...................................................................................8

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004)................................................................................................8

*Dep't. of Navy v. Egan*,
  484 U.S. 518 (1988)............................................................................................4, 5

*Haleem v. U.S. Dep't of Def.*,
  Civ. A. No. 23-1471 (JEB), 2024 WL 230289 (D.D.C. Jan. 22, 2024) .................2

*Moyar v. U.S. Dep't of Defense*,
  No. 23-5085, 2024 WL 2795958 (D.C. Cir. May 31, 2024) ...............................2, 6

*Rimmer v. Holder*,
  700 F.3d 246 (6th Cir. 2012) ...................................................................................8

*Romero v. Dep't of Def.*,
  527 F.3d 1324 (Fed. Cir. 2008) ...............................................................................2

*State of Michigan v. Thomas*,
  805 F.2d 176 (6th Cir. 1986) ...................................................................................2

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................1

I.  Baugh Fails to State an APA Claim for Alleged Violations of
    Executive Order 12,968 or Any Regulatory Issuances ....................................1

II. Baugh Fails to State a Claim for Mandamus Relief. .......................................7

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Dorfmont v. Brown*,
  913 F.2d 1399 (9th Cir. 1990) .................................................................................5

*Fallick v. Nationwide Mut. Ins.*,
  162 F.3d 410 (6th Cir. 1998) ...................................................................................9

*Gargiulo v. Dept. of Homeland Sec.*,
  727 F.3d 1181 (Fed. Cir. 2013) ...............................................................................5

*In re Surface Min. Reg. Lit.n*,
  627 F.2d 1346 (D.C. Cir.1980) ...........................................................................4, 7

*Jamil v. Dep't. of Def.*,
  910 F.2d 1203 (4th Cir. 1990) .................................................................................5

*Legal Aid Soc. of Alameda Cnty. v. Brennan*,
  381 F. Supp. 125 (N.D. Cal. 1974) ......................................................................3, 4

*Manhattan-Bronx Postal Union v. Gronouski*,
  350 F.2d 451 (D.C. Cir. 1965) .................................................................................3

*Morongo Band of Mission Indians v. Federal Aviation Administration*,
  161 F.3d 569 (9th Cir. 1998) ...................................................................................6

*Nat'l Ass'n of Gov't Emps. v. White*,
  418 F.2d 1126 (D.C. Cir. 1969) ...........................................................................3, 4

*Nat'l Broiler Council, Inc. v. Fed. Labor Rel.s Council*,
  382 F. Supp. 322 (E.D. Va. 1974) ...........................................................................3

*Wonders v. Department of the Army*,
  659 Fed. App'x 646 (Fed. Cir. 2016) ......................................................................5

**STATUTES**

5 U.S.C. § 552 ..........................................................................................................1, 8

5 U.S.C. § 552a ........................................................................................................1, 8

5 U.S.C. § 702 ..............................................................................................................1

5 U.S.C. § 7513 ...................................................................................................5

28 U.S.C. § 1361 ...............................................................................................1, 7

50 U.S.C. § 3001 ...................................................................................................7

50 U.S.C. § 3501 ...................................................................................................7

**ADMINISTRATIVE & EXECUTIVE MATERIAL**

Executive Order No. 12,968, 60 Fed. Reg. 40245 (Aug. 2, 1995) .................. *passim*

# INTRODUCTION

This case stems from the United States' denial of an application by Plaintiff Ryan Baugh for a security clearance. Baugh claims the Defendant violated Executive Order 12,968, 60 Fed. Reg. 40245, (Aug. 2, 1995) ("E.O. 12,968") by allegedly redacting information from its investigative file which is not exempt under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the Privacy Act ("PA"), 5 U.S.C. § 552a. Compl., ECF No. 1, PageID.11, ¶¶ 52, 56. But rather than challenging the alleged improper redactions in the administrative review proceeding, he asks this Court to compel the United States to release all requested documentation to him subject to any applicable FOIA/PA exemptions. As explained in Defendant's opening brief, Baugh fails to state a claim for such relief either under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, or the Mandamus Act, 28 U.S.C. § 1361. None of the arguments raised in Plaintiff's Response to Defendant's Motion to Dismiss ("Pl.'s Opp.") provides grounds for denying the motion to dismiss.

# ARGUMENT

**I.  Baugh Fails to State an APA Claim for Alleged Violations of Executive Order 12,968 or Any Regulatory Issuances**

<u>Executive Order 12,968</u>: As explained in Defendant's initial brief, Baugh's APA claim is predicated on the erroneous assumption that he has an enforceable

right under the Executive Order 12,968 to a less redacted version of the investigative file upon which denial of his application for a security clearance was based. Def.'s Mot. to Dismiss, ECF No. 10, PageID.22-24. That assumption ignores the fact that Executive Order 12,968 explicitly states that it "is intended only to improve the internal management of the executive branch and . . . does not . . . create any right to administrative or judicial review, or any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person." E.O. 12,968, § 7.2(e), 60 Fed. Reg. at 40,254. Based on this language, multiple courts have held that Executive Order 12,968 "creates no judicially enforceable rights" and dismissed claims challenging the United States' compliance with it for failure to state a claim. *Moyar v. U.S. Dep't of Defense*, No. 23-5085, 2024 WL 2795958 (D.C. Cir. May 31, 2024); *accord Romero v. Dep't of Def.*, 527 F.3d 1324, 1330 n. 1 (Fed. Cir. 2008); *Haleem v. U.S. Dep't of Def.,* Civ. A. No.23-1471(JEB), 2024 WL 230289 *15 (D.D.C. Jan. 22, 2024). The Sixth Circuit in *State of Michigan v. Thomas*, 805 F.2d 176 (6th Cir. 1986), and at least four other Circuit Courts have reached the same conclusion with respect to other executive orders containing identical or similar language. *See* Def.'s Mot. to Dismiss, ECF No. 10, PageID23-24.

In his response, Baugh does not cite any cases holding that an executive order containing such disclaimers is enforceable or that actions taken under it are subject to review. Instead, he relies on three cases involving executive orders that do not contain such disclaimers and thus are inapposite: *Legal Aid Soc. of Alameda Cnty. v. Brennan*, 381 F. Supp. 125 (N.D. Cal. 1974); *Nat'l Broiler Council, Inc. v. Fed. Labor Rel.s Council*, 382 F. Supp. 322 (E.D. Va. 1974); *Nat'l Ass'n of Gov't Emps. v. White*, 418 F.2d 1126 (D.C. Cir. 1969). Pl.'s Opp., ECF No. 30, PageID.8-9.

In his response, Baugh overlooks this fundamental difference and simply seeks to dismiss *Moyar* and the other cases cited by Defendant as based "on flawed analysis from one 1965 decision which has since been rejected." Pl.'s Opp., ECF No. 30, PageID.7. The fact that *Manhattan-Bronx Postal Union v. Gronouski,* 350 F.2d 451 (D.C. Cir. 1965), was distinguished in other cases does not mean that its reasoning was flawed and has been rejected. Pl.'s Opp., ECF No. 30, PageID.7, 9-10. It simply means that the facts in the other cases were different. Unlike the executive order in *Gronouski* and Executive Order 12,968, the executive orders in the cases cited by Baugh did not contain any language stating that they were intended only to improve internal management of the Executive Branch and did not create any enforceable rights.

3

The cases cited by Baugh are also distinguished from *Gronouski* and this case on other grounds.  For example, the "particular executive order" at issue in *Legal Aid Society of Alameda County.* was "based on statutory authority resting with the President to provide … procurement, utilization, and management of government property" as well as other statutes.  381 F. Supp. at 130.  In this case, Baugh has not cited any statutory basis for Executive Order 12,968.  *In re Surface Min. Reg. Lit.n*, 627 F.2d 1346, 1357 (D.C. Cir.1980) ("executive orders without specific foundation in congressional action are not judicially enforceable in private civil suits").  As the Supreme Court has recognized, the President's authority "to classify and control access to information bearing on national security" is derived from Section 2 of Article II of the United States Constitution and "exists quite apart from any explicit congressional grant."  *Dep't. of Navy v. Egan,* 484 U.S. 518, 527 (1988).

The claims in *National Association of Government Employees* are also distinguishable from the claims raised here.  In that case, plaintiffs alleged that the challenged order violated their First Amendment rights "to assemble, freely speak and petition Congress[.]" 418 F.2d at 1129.  Although Baugh did not allege a constitutional claim in his complaint, he now tries to fabricate a constitutional claim by characterizing the provisions in Section 5.2(a) of Executive Order 12,968 as "due process provisions."  Pl.'s Opp., ECF 30, PageID.9.  But, as the Supreme

4

Court has recognized, "no one has a 'right' to a security clearance" and the decision to grant a security clearance is "an affirmative act of discretion on the part of the granting official." *Egan*, 484 U.S. at 528. Accordingly, courts have consistently rejected procedural due process claims in the context of security clearance decisions. *See, e.g., Gargiulo v. Dept. of Homeland Sec.,* 727 F.3d 1181, 1186 (Fed. Cir. 2013) (holding the Merit System Protection Board "erred [in] holding that due process provides an employee with procedural rights in connection with a security clearance determination"); *Dorfmont v. Brown,* 913 F.2d 1399, 1403-04 (9th Cir. 1990); *Jamil v. Dep't. of Def.,* 910 F.2d 1203, 1209 (4th Cir. 1990).

Baugh's reliance on *Wonders v. Department of the Army,* 659 Fed. App'x 646, 647 (Fed. Cir. 2016), is also misplaced. First, Baugh is not a federal employee and therefore the procedural protections for termination of employment set forth in 5 U.S.C. § 7513 and cited in that case have no application. Second, contrary to Baugh's assertion, neither the Merit System Protection Board ("MSPB") nor the Federal Circuit even mentions Section 5.2(a) of Executive Order 12,968. Pl.'s Opp., ECF No. 30, PageID.10-11. The case simply has no application.

<u>ICPC 704.3 and AR 7-7</u>: Baugh also fails to state a claim based on alleged violations of Intelligence Community Policy Guidance No. ("ICPG") 704.3 (policy

5

guidance issued by the Office of the Director of National Intelligence) and AR 7-7 (an internal CIA regulation) because, like Executive Order 12,968, they also specifically state that they are intended solely for internal management and do not create any enforceable rights. *See* Def.'s Mot. to Dismiss, ECF No. 10, PageID.6. In such circumstances, the agency regulatory issuances are not enforceable. ICPG 704.3 and AR 7-7 are similar to the Department of Transportation's Environmental Justice Order ("EJO") at issue in *Morongo Band of Mission Indians v. Federal Aviation Administration*, 161 F.3d 569, 575 (9th Cir. 1998). As here, the EJO was issued by the agency to implement an executive order, and both the executive order and EJO contained language stating that it did not create any right to judicial review for non-compliance. Based on that language, the district court did not even consider whether the FAA had violated either the executive order or the EJO. *Id*.

In his brief, Baugh seeks to avoid this fundamental flaw by noting the Circuit Court in *Moyar* left open the possibility that the DOD regulations might be judicially enforceable. Pl.'s Opp., ECF 30, PageID.12 (citing *Moyar*, 2024 WL 2795958, at *4). The reason that the Circuit Court did not address the issue was that the plaintiff had not asserted claims under any DOD regulations in his complaint. For that reason, the Circuit Court remanded the case to the district court. The fact that the Circuit Court acknowledged that an agency may adopt regulations which are enforceable, however, does not support Baugh's claim here

because, as noted above, the regulatory issuances he relies upon for his claim specifically state that they are intended for internal management and do not create any enforceable rights.

In his response, Baugh attempts to avoid this flaw by noting that ICPG 704.3 and AR 7-7 cite certain statutes as the authority for their issuance. Pl.'s Opp., ECF No. 30, PageID.12. Those references simply identify the general authority of the Director of National Intelligence and the CIA under the National Security Act, 50 U.S.C. § 3001, et seq., and the CIA under the Central Intelligence Agency Act, 50 U.S.C. § 3501, et seq. Baugh has not pointed to any provisions in either of these statutes directing the agencies to adopt certain procedures for administrative review of security clearance decisions. Thus, contrary to Baugh's assertion, like Executive Order No. 12,968, they "are without specific foundation in congressional action." Pl.'s Opp., ECF No. 30, PageID.12 (citing *In re Surface Min Reg. Lit.,* 627 F.2d at 1357).

Accordingly, Baugh's challenges to Defendant's compliance with Executive Order 12,968, ICPG 704.3 and AR 7-7 should be dismissed for failure to state a claim.

## II. Baugh Fails to State a Claim for Mandamus Relief.

Baugh's attempt to state a claim for mandamus relief under 28 U.S.C. § 1361 also has no merit. A writ of mandamus is available only if three conditions

are met: (1) the party seeking the writ has a clear right to relief; (2) respondent has a clear duty to act; and (3) there is no other adequate remedy available to petitioner. *See, e.g., Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004); *Rimmer v. Holder*, 700 F.3d 246, 264 (6th Cir. 2012); *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491(6th Cir. 2011). As explained in Defendant's initial brief, Baugh fails to meet any of these requirements. Def.'s Mot. to Dismiss, ECF No. 10, PageID.25-29.

In his response, Baugh concedes that the determination of whether he has a clear right to a copy of his investigative file is predicated on the same argument he made with respect to his APA claim, namely that he has a clear and undisputed right to a copy of his investigative file under Executive Order 12,968. Pl.'s Opp., ECF No. 30, PageID.13. But, as explained supra at 1-5, that claim has no merit, and thus Baugh cannot demonstrate the first criterion for mandamus relief. Because Baugh fails to meet the first requirement for mandamus relief, the Court does not even need to address the other two requirements.

In any case, Baugh has also failed to demonstrate that he meets the other two requirements. With respect to the second requirement, Plaintiff attempts to suggest that the Defendant's determination of whether a portion of an investigative file is exempt from disclosure under the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. §552a, is simply a ministerial act which requires no judgment. But, as

Defendant explained, analysis of whether disclosure of any of the requested information would harm national security or other governmental interests or impact the privacy rights of other persons named in the investigative file requires the exercise of judgment. Def.'s Mot. to Dismiss, ECF 10, PageID 27. The fact that courts can review an agency determination under the FOIA does not mean that the agency's decision is simply a ministerial act requiring no judgment.

With respect to the third criterion, Baugh seeks to disregard his failure to exhaust his administrative remedies by baldly asserting that administrative remedies "are a red herring" and would be futile. Pl.'s Opp., ECF 30, PageID.14-16. But to establish entitlement to mandamus relief, a plaintiff must do more than baldly speculate that he believes that such remedies are futile. *See, e.g., Fallick v. Nationwide Mut. Ins.,* 162 F.3d 410, 419 (6th Cir. 1998). Here, he cites nothing in the language of AR 7-7 that prevents him from raising such a claim in the administrative process. Baugh also argues that he should not be required to exhaust his remedies because if he did do so and "was not satisfied with the results, . . . judicial review would plainly be precluded by *Egan* because he would in effect be seeking judicial review of a security clearance denial." Pl.'s Opp., ECF 30, Page.ID16. But the fact that Baugh does not have a right to judicial review of security decisions does not excuse Baugh from giving Defendant the opportunity to consider the propriety of its redactions in the administrative process. Nor does it

9

provide a basis for the court to grant mandamus relief, where, as here, he has no enforceable right to his investigative file in the first place.

Accordingly, Baugh's claim for a less-redacted version of his investigative file meets none of the requirements for mandamus. His mandamus claim should be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above and in Defendant's initial brief, Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LAUREN A. WETZLER
Deputy Branch Director
Federal Programs Branch

*s/Marcia K. Sowles*
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Room 11028
Washington, DC 20530
Tel: (202) 514-4960
Fax: (202) 616-8470

Counsel for United States

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, I electronically filed the foregoing memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Kelly McClanahan

*/s/ Marcia K. Sowles*
Marcia K. Sowles
Senior Trial Counsel