UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN BAUGH,

    Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

    Defendant.

_____/

Case No. 24-cv-10036

Hon. Susan K. DeClercq

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 10), DENYING PLAINTIFF'S MOTIN TO STRIKE (ECF. No. 17), AND DENYING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY (ECF No. 19)**

Smarting from the denial of a national security clearance, Plaintiff Ryan Baugh is suing the Central Intelligence Agency, not to challenge the denial itself but rather as an attempt to get access to information contained in his investigative file that he believes was unlawfully withheld from him. Because neither the Administrative Procedures Act nor the Mandamus Act allow such a challenge, Defendant's motion to dismiss will be granted and Plaintiff's related motions will be denied.

## I. BACKGROUND

In December 2018, Plaintiff Ryan Baugh applied to the Central Intelligence Agency (CIA)[1] for a Top Secret/Sensitive Compartmented Information clearance to work on behalf of his employer, a government subcontractor. ECF No. 1 at PageID.5. The CIA sent Baugh a letter in July 2019, informing him that his application was "disapproved" and advising Baugh of his right to appeal the decision and to request his investigative file. *Id*. at PageID.6.

The federal security clearance eligibility and adjudication process is generally established by Executive Order No. 12,968, and its implementing guidance, Intelligence Community Directive No. 704, and Intelligence Community Policy Guidance No. 704.3 (ICPG 704.3). *Id*. at PageID.3; Exec. Order No. 12,968, 60 Fed. Reg. 40245 (Aug. 2, 1995); Intel. Cmty. Directive No. 704, https://www.intel.gov/assets/documents/Intelligence%20Community%20Directives/ICD_704_Jun2018.pdf (last accessed Feb. 5, 2025); Intel. Cmty. Pol'y Guidance No. 704.3,  https://www.intel.gov/assets/documents/Intelligence%

---

[1] In a footnote, Defendant's counsel has indicated that the CIA may not have been the actual governmental agency that made the decision on Baugh's application. ECF No. 10 at PageID.55. Based on that statement, Baugh filed a motion to allow limited discovery specifically on that issue. ECF No. 19. However, because the Executive Order and relevant guidance pertain to all agencies that are part of the "intelligence community," at this stage it does not matter which agency actually made the decision. Moreover, based on the Court's finding that Baugh's complaint fails to state a claim, plaintiff's motion will be denied as moot.

20Community%20Directives/ICD_704_Jun2018.pdf (last accessed Feb. 5, 2025). Each agency also promulgates its own regulations governing its implementation of these; for the CIA, it is Agency Regulation (AR) 7-7. *Id*.

Under Executive Order 12,968 Section 5.2, an individual subject to a denial or revocation of a security clearance is allowed several procedural protections. These include: (1) a "comprehensive and detailed written explanation of the basis for [the denial] as the national security interests of the United States and other applicable law permit;" (2) upon request, "*to the extent documents would be provided if requested under the Freedom of Information Act (5 U.S.C. § 552) or the Privacy Act ([5] U.S.C. § 552a), as applicable*, any documents, records, and reports upon which a denial or revocation is based;" (3) an opportunity to be represented by counsel and "to request the entire investigative file, *as permitted by national security and other applicable law*, which, if requested, shall be promptly provided prior to the time set for a written reply;" (4) "a reasonable opportunity to reply in writing to, and to request a review of, the determination;" (5) "written notice of and the reasons for the [denial], the identity of the deciding authority, and written notice of the right to appeal;" (6) "an opportunity to appeal in writing to a high level panel, appointed by the agency head, which shall be comprised of at least three members, two of whom shall be selected outside the security field[;]" and (7) "an opportunity to appear personally and to present relevant documents, materials, and information at some point in the process

before an adjudicative or other authority, other than the investigative entity, as determined by the agency head." *Id*. (emphasis added). It further states that it "creates no procedural or substantive rights." Exec. Order 12,968 § 5.2(c). The procedures set forth in the Executive Order guidance (ICD 704 and ICGP 704.3), as well as in the CIA's regulations (AR 7-7), mirror these procedures and disclaimers.

Thus, in August 2019, Baugh requested his investigative file and requested that his deadline for submitting an appeal request be tolled until after the file was received. ECF No. 1 at PageID.6. According to the CIA, a letter acknowledging this request and enclosing a redacted copy of Baugh's investigative file was sent to Baugh in September 2019. *Id*. at PageID.6–7. Baugh disclaimed receiving this correspondence, so in October 2022, the CIA resent the September letter and investigative file, which consisted of the CIA's 2019 denial letter, Baugh's 20-page application, and three pages of redacted notes. *Id*. at PageID.7–8. The letter explained the production as follows:

> The investigative file has been provided to you consistent with processing under the Privacy Act or the Freedom of Information Act. Certain categories of Government information are exempt in their entirety from release. The release of the file has been made pursuant to the provisions of Executive Order 12968.

*Id*. at PageID.6.

Unhappy that portions of the investigative file had been redacted, Baugh's attorney contacted a CIA attorney in March 2023. *Id*. at PageID.8. In July 2023, the CIA sent a modified copy of the investigative file which revealed some previously

- 4 -

redacted information, but still withheld text that appeared to contain the agency personnel's recommendation and conclusion, as well as other information "the nature of which cannot be determined from the context." *Id*. at PageID.8–9.

In August 2023, CIA officer Vivian Roberts attempted to contact Baugh's attorney by telephone, leaving voicemail messages stating a desire to advise him of alternative dates for Baugh's personal appearance. *Id*. at PageID.9. On September 13, 2023, Baugh's attorney contacted Roberts to express his concern that the investigative file still contained "redacted information and confirmed that Baugh still wished to have a personal appearance." *Id*. Between October 18 and December 4, 2023, Roberts attempted contact with Baugh's attorney three more times by telephone, leaving voicemails trying to schedule Baugh's personal appearance. On December 20, 2023, the CIA sent a letter to Baugh stating, "[i]f we do not receive a response within 10 business days, your client's request for a [review] will be cancelled, due to our inability to contact you using the most current information we have on file." *Id*.

Rather than respond to the CIA, Baugh filed the instant case on January 5, 2024, alleging that the CIA "has impermissibly withheld information from the investigative file from Baugh which is not exempt under FOIA/PA." *Id*. at PageID.11. Without this information, Baugh alleges that he "has not been meaningfully able to continue with the ongoing administrative proceeding." *Id*. He

titles his single cause of action "APA/MANDAMUS – FAILURE TO PROVIDE DOCUMENTATION," and seeks relief in the form of a declaratory order or a writ of mandamus. *Id*. at PageID.10–11.

## II. STANDARD OF REVIEW

Civil Rule 12(b)(6) requires dismissal of an action when a plaintiff fails to plead facts that, if accepted as true, suffice to state "a claim . . . that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must allege enough to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court considering a 12(b)(6) motion to dismiss must accept the factual allegations in the complaint as true for purposes of the motion but need not accept "[t]hreadbare recitals of the elements of a cause of action" or credit bald legal conclusions advanced by the plaintiff. *Id*.

## III. ANALYSIS

### A. Administrative Procedures Act

Baugh's contention that he is entitled to a copy of his security file is based entirely upon the procedures set forth in Executive Order 12,968 and its progeny guidance. *See* ECF No. 1 at PageID.2–5. However, Executive Order 12,968 contains language explicitly stating that Section 5.2 "creates no procedural or substantive

rights." Exec. Order 12,968 § 5.2(c). Moreover, section 7.2(e) states that the entire Executive Order "is intended only to improve the internal management of the executive branch" and does not "create any right to administrative or judicial review, or any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other persons." Exec. Order 12,968 § 7.2(e). The Executive Order guidance (ICD 704 and ICGP 704.3), as well as the CIA's regulations (AR 7-7), also specifically state that they are intended solely for internal management and do not create any enforceable rights. ICD 704 ¶ D.1; ICGP 704.3 ¶ D.5; AR 7-7 ¶ II.16.i.(5).

Based on this language, neither Executive Order 12,968 nor its related guidance bestow any private right that Baugh can enforce against the United States or CIA. Indeed, multiple courts have held that Executive Order 12,968 creates no judicially enforceable rights. *See Moyar v. U.S. Dep't of Def.*, No. 23-5085, 2024 WL 2795958 (D.C. Cir. May 31, 2024); *Haleem v. U.S. Dep't of Def.*, Civ.A.No.23-147, 2024 WL 230289, at *15 (D.D.C. Jan. 22, 2024). This is also consistent with the Sixth Circuit's conclusion in a case involving another executive order containing identical or similar language. *Michigan v. Thomas*, 805 F.2d 176, 187 (6th Cir. 1986) (upholding dismissal of a claim involving similar Environmental Protection Agency executive order). Baugh's arguments to the contrary pertain to executive orders that

do not contain such language and so are inapposite. *See, e.g.*, *Legal Aid Soc'y of Alemeda Cnty. v. Brennan*, 381 F. Supp. 125 (N.D. Cal. 1974); *Nat'l Broiler Council, Inc. v. Fed. Lab. Rels. Council*, 382 F. Supp. 322 (E.D. Va. 1974). Given that Baugh cannot establish that he has any legal right to receive a copy of his investigative file, he has failed to state a judicially reviewable APA claim.

### B. Mandamus Relief

Baugh's claim for mandamus relief is similarly unavailing. A writ of mandamus is available only if (1) a party seeking the writ has a clear right to relief, (2) the respondent has a clear duty to act, and (3) there is no other adequate remedy available. *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011).

*First*, as discussed above, Baugh does not have a right to receive a copy of his investigative file, much less an unredacted one.

*Second*, even if an argument could be made that the CIA has a duty to provide Baugh with his investigative file, it is undisputed that he received a copy of the file. *See* ECF No. 1 at PageID.6. Baugh simply is unhappy because the file he received "was heavily redacted, with a significant amount of information being redacted which" he alleges "would not be exempt under FOIA/PA." *Id*. at PageID.7. The determination of what information in the investigative file is permitted by national security or FOIA or the Privacy Act to be produced, however, is not a ministerial act; rather, it requires analysis, which makes it a discretionary function, not a "clear duty

to act." *Citizens for Resp. & Ethics in Wash. v. Sec. and Exch. Comm'n*, 916 F. Supp. 2d 141, 151 (D.D.C. 2013) ("Mandamus has never been regarded . . . to control the judgment or discretion of an officer as to the decision of a matter which the law gave him the power and imposed upon him the duty to decide for himself." (quoting *Wilbur v. United States*, 218 U.S. 206, 220 (1930)).

*Third*, Baugh has an alternate adequate remedy available, which he was pursuing before he filed this case. *See* ECF No. 1 at PageID.11 (alleging that Baugh "properly submitted his request for documentation to CIA as part of an ongoing administrative proceeding"). Executive Order 12,968 sets forth a two-step administrative review process for denials or revocations of security clearances. Exec. Order No. 12,968 §§ 5.2(4), (6). Although Baugh submitted a request for review, it is undisputed that he refused to proceed and filed the instant action instead. ECF No. 1 at PageID.11. His contention that continuing with the administrative process would be futile is unpersuasive as he provides no explanation of why the issue of the redactions in his file cannot be raised in the administrative review process. *See id.* Moreover, if the real issue is that Baugh believes that the redactions made to his administrative file were beyond those allowable by FOIA or the Privacy Act, those statutes also offer alternative adequate remedies. *See Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1244 (D.C. Cir. 2018); *Wilson v. McHugh,* 842 F.

Supp. 2d 310, 320 (D.D.C. 2012). Therefore, Baugh has not stated a claim for relief under the Mandamus Act.

### C. Motion to Strike

Baugh finally argues that the CIA violated Civil Rule 12(b)(6) and Evidence Rule 1002 by submitting a redacted copy of AR 7-7 as an exhibit (Exhibit 2) to its motion to dismiss. ECF No. 17 at PageID.125. However, it is well established that when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into a motion for summary judgment. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016). Also, "a court may consider an undisputedly authentic document that defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." ECF No. 17 at PageID.126 (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Here, Baugh refers to and even quotes from AR 7-7, throughout his complaint. ECF No. 1 at PageID.3–4, 11. As Baugh concedes, ECF No. 17 at PageID.127, it is clearly integral to his claims.

Nonetheless, he argues that the Court cannot consider the version of AR 7-7 submitted by the CIA as Exhibit 2 to its motion to dismiss because it contains four minor redactions. ECF No. 17 at PageID.128. Baugh argues that these selective redactions may obscure information that would support his claim. *Id.* He urges the

Court to not only disregard the exhibit but to order the CIA to produce an unredacted version of the document. *Id.* at PageID.127.

When viewing the redactions in context, however, it is evident that they pertain to information unrelated to Baugh's claim in this case. The agency structure and drafter origin, ECF No. 10-3 at PageID.77, the definition of "employee," *Id.* at PageID.79, and information on "cases presenting only employment suitability issues" for CIA employees, *Id.* at PageID.80, are clearly not relevant to Baugh, who is an employee of a contractor. Moreover, information about individuals whom the Director of the CIA has determined "will not be granted any appeal," ECF No. 10-3 at PageID.78, also is not relevant to this case since Baugh has been provided an opportunity to seek review. Baugh offers no authority that says *any* redactions at all are improper under Civil Rule 12(b)(6) or Evidence Rule 1002.

And regarding the Best Evidence Rule, it has no application here because AR 7-7 is itself being offered, not testimony describing the contents of AR 7-7. Also, Baugh's beef is not that Exhibit 2 is a copy—he doesn't even seek the original document—he objects only that it is redacted. There is nothing in the language of the Best Evidence Rule that prohibits a redacted copy of a document. It simply states that a "duplicate is admissible to the same extent as an original unless a genuine question is raised about the original's authenticity, or in circumstances make it unfair to admit the duplicate." FED. R. EVID. 1003.

Here, Baugh is not challenging the *authenticity* of AR 7-7, he again simply argues that the redactions may be obscuring important information. ECF No. 17 at PageID.131. However, even if, as Baugh argues, the redacted information in AR 7-7 may hide that Baugh cannot challenge the redactions made to his investigative file through the CIA's administrative proceeding, Baugh's purported "APA/Mandamus" claim still fails for other reasons, as discussed above. Accordingly, Plaintiff's motion to strike Defendant's Exhibit 2 and compel Defendant to file a unredacted copy will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss, ECF No. 10, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Strike Redacted Exhibit and Compel Filing of Unredacted Exhibit, ECF No. 17, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion for Jurisdictional Discovery, ECF No. 19, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 13, 2025