**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Kelly L. Stephens
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed:  July 10, 2026

Ms. Sonia Carson
U.S. Department of Justice
Appellate Staff
950 Pennsylvania Avenue, N.W.
Room 7218
Washington, DC 20530

Mr. Kel McClanahan
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD 20852

Mr. Charles W. Scarborough
U.S. Department of Justice
Appellate Staff
950 Pennsylvania Avenue, N.W.
Room 7218
Washington, DC 20530

    Re:  Case No. 25-1332, *Ryan Baugh v. CIA*
        Originating Case No. 2:24-cv-10036

Dear Counsel,

    The Court issued the enclosed opinion today in this case.

    Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                Sincerely yours,

                s/Cathryn Lovely
                Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

Case 2:24-cv-10036-SKD-APP ECF No. 39, PageID.2771 Filed 07/10/26 Page 2 of 9    (2 of 9)

NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0298n.06

Case No. 25-1332

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 10, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| RYAN BAUGH, | ) | |
| Plaintiff-Appellant, | ) | |
|  | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|  | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| Defendant-Appellee. | ) | |
|  | ) | OPINION |

Before: SUTTON, Chief Judge; McKEAGUE and BUSH, Circuit Judges.

SUTTON, Chief Judge. The Central Intelligence Agency denied Ryan Baugh's application for a security clearance. The Agency provided Baugh with a redacted copy of its investigation record, gave a page-length explanation for its decision, and notified him about the opportunity to seek administrative review. Baugh declined to seek administrative review. He instead sought an injunction and writ of mandamus in federal court to compel the Agency to release its unredacted investigation file. The district court dismissed the lawsuit for failure to state a claim. We affirm.

I.

In January 2019, Ryan Baugh applied to the Central Intelligence Agency to obtain clearance to handle Top Secret and Sensitive Compartmented Information on behalf of his employer, a government contractor. Six months later, the Agency informed Baugh by letter that the government denied his application. It concluded that Baugh's past use of controlled substances

No. 25-1332, *Baugh v. Central Intelligence Agency*

disqualified him from accessing classified materials.  The letter told Baugh that he could request review of the decision and could obtain non-classified information contained in the government's investigation file about him.

Baugh declined to seek review of the denial, but he did request the investigation file. When Baugh received the file in October 2022, he learned that the Agency had heavily redacted it. Although the Agency detailed its final decision and reasons for denying his application, it blacked out Baugh's identifying information and several pages of notes by the officers who reviewed the application.  Citing Executive Order 12,968 and agency policy, it explained that agencies must provide documents that justify the denial of a security clearance application but only "to the extent the documents would be provided if requested under the Freedom of Information Act (5 U.S.C. § 552) or the Privacy Act (5 U.S.C. § 552a)."  R.10-2 at 3; Exec. Order No. 12,968, § 5.2(a)(2)–(3), 60 Fed. Reg. 40245, 40252 (Aug. 2, 1995); *see* ICPG 704.3(D)(1)(c) (Intelligence Community guidance implementing EO); AR 7-7(II)(16)(e)(2)(b) (Central Intelligence Agency guidance implementing EO).

Over the next year, Baugh repeatedly asked the Agency to release his full investigation file.  The Agency sent several additional documents but continued to censor the reviewing officers' notes.  The Agency also continued to ask Baugh if he wanted to seek review of its security clearance decision.  Baugh, for his part, remained focused on the redacted investigation file and stopped responding to the Agency's invitations to begin the review process.  R.1 at 9.  On December 20, 2023, after the Agency's fifth inquiry about whether Baugh wanted to seek review of its no-clearance decision, the Agency informed Baugh's attorney that, "[i]f we do not receive a response within 10 business days, your client's request for a review will be cancelled, due to our inability to contact you."  R.1 at 9.

No. 25-1332, *Baugh v. Central Intelligence Agency*

At this point, Baugh abandoned the administrative process. He instead filed this lawsuit in federal court. He claimed that the Agency's redactions violated Executive Order 12,968 and agency policy, which prevented him from "continu[ing] with the ongoing administrative proceeding" to gain a security clearance. R.1 at 11. He requested declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 702, plus a writ of mandamus under the Mandamus Act, 28 U.S.C § 1361.

The Agency moved to dismiss Baugh's lawsuit for failure to state a claim under the APA or the Mandamus Act. In its motion, the Agency disclaimed any "acknowledgment" of "the factual veracity of any of the allegations," including whether Baugh "named the proper Defendant." R.10 at 10 n.1. Based on this disclaimer, Baugh moved for jurisdictional discovery. The district court granted the Agency's motion to dismiss the lawsuit and denied Baugh's motion for jurisdictional discovery.

## II.

The APA provides a cause of action if "there is no other adequate remedy in a court." 5 U.S.C. § 704. The Mandamus Act likewise requires Baugh to show that "he has no other adequate remedy." *Baaghil v. Miller*, 1 F.4th 427, 435 (6th Cir. 2021) (quotation omitted). "[R]elief will be deemed adequate where a statute affords an opportunity for *de novo* district-court review of the agency action" and "relief of the same genre to the party seeking redress," even if that relief is not "identical." *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (quotation omitted).

Baugh's complaint fails to state a claim under either statute. It alleges that the Agency failed to comply with Executive Order 12,968 and the implementing guidance, which restate the Agency's obligation to provide documents to the extent required by applicable law, namely FOIA

3

No. 25-1332, *Baugh v. Central Intelligence Agency*

and the Privacy Act. Baugh asks for an injunction and writ of mandamus ordering the Agency to "immediately provide him with all information in his investigative file to the extent that the information would not be exempt under FOIA" and the Privacy Act. R.1 at 11.

Baugh's complaint thus attempts to "duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). Both FOIA and the Privacy Act provide for injunctive relief if an agency wrongfully withholds records. 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(3)(A); *see Cincinnati Enquirer v. U.S. Dep't of Justice*, 45 F.4th 929, 932 (6th Cir. 2022); *see also Hanley v. U.S. Dep't of Justice*, 623 F.2d 1138, 1139 (6th Cir. 1980) (per curiam). And if Baugh brought a claim under those laws, a favorable ruling would "order relief identical to that" now claimed under the APA and Mandamus Act, "*i.e.*, production of the unredacted documents [Baugh] seeks." *Rimmer*, 700 F.3d at 262. That possibility "clearly provides an alternat[ive] adequate remedy" and deprives Baugh of a cause of action under the APA or the Mandamus Act. *Id.* at 262, 264.

The disclaimers in the Executive Order and implementing guidance cement this conclusion. They say that they "create[] no procedural or substantive rights" "enforceable by a party against the United States." Exec. Order No. 12,968 §§ 5.2(c), 7.2(e); *accord* ICPG 704.3(D)(5); AR 7-7(II)(16)(i)(5). It is true that an agency, on occasion, might find itself bound by an order or policy promising "greater procedural protections" than those laid out by Congress. *Vitarelli v. Seaton*, 359 U.S. 535, 539–40 (1959). But the Executive Order and guidance took care to avoid this situation. They "remind[] affected parties of existing duties" established by FOIA and the Privacy Act. *Tenn. Hosp. Ass'n v. Azar*, 908 F.3d 1029, 1042 (6th Cir. 2018) (quotation omitted). The sole "requirement in Executive Order 12,968 and the implementing

4

No. 25-1332, *Baugh v. Central Intelligence Agency*

regulations," as Baugh himself acknowledges, "is that [the] CIA *apply FOIA and the Privacy Act*." Reply Br. 5 (emphasis in original).

Baugh resists this conclusion on the ground that he cannot sue under FOIA and the Privacy Act until the Agency completes its review of his security clearance application. But he never explains why the Agency's review of his security clearance application bars his FOIA and Privacy Act claims. *Bard v. Brown County*, 970 F.3d 738, 750 (6th Cir. 2020) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited.") (quotation omitted). Nor does our own review of the statutes reveal any such exhaustion requirement. *See Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990); *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

Baugh separately claims that litigation under FOIA and the Privacy Act takes too long to qualify as an adequate remedy. But any delay in Baugh's vindication of his FOIA and Privacy Act rights is of his own making. He offers no explanation why he did not bring claims for this information under FOIA and the Privacy Act several years ago. Any procedural hurdles under these statutes, moreover, do not aid his cause. As our "sister circuits" have "uniform[ly] conclu[ded]," a legal remedy does not become inadequate merely "because it is procedurally inconvenient for a given plaintiff." *Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020) (per curiam) (quotation omitted) (collecting cases from six circuits).

III.

Baugh separately insists that he has a right to jurisdictional discovery. The premise of his request is a footnote in the Agency's motion to dismiss saying that "the United States does not . . . confirm or deny that Plaintiff has named the proper Defendant in this lawsuit." R.10 at 10 n.1. As

No. 25-1332, *Baugh v. Central Intelligence Agency*

Baugh sees it, this disclaimer calls into question whether a different agency holds his investigation files and thus whether this court even has jurisdiction over his lawsuit.

The district court did not abuse its discretion in denying Baugh's request. *See Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018). Baugh offers no authority for the novel idea that a court must permit jurisdictional discovery to soothe a party's own doubts about jurisdiction in his own case. Such requests risk serious abuse, particularly when, as here, discovery offers nothing more than "a fishing expedition for an otherwise claimless plaintiff." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988) (quotation omitted). Even if we overlook that point, Baugh's own complaint fully supported the district court's jurisdiction. It showed injury ("adverse and harmful professional and financial effects"), causation ("as a result of" the Agency's "impermissibly with[o]ld[ing] information"), and redressability ("an injunction compelling" the Agency to "immediately provide him with all information" required by FOIA and the Privacy Act). R.1 at 11; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). At this stage of litigation, "jurisdiction follows from (and only from) the operative pleading." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). The district court thus had jurisdiction over Baugh's complaint.

We affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-1332

RYAN BAUGH,

    Plaintiff - Appellant,

    v.

CENTRAL INTELLIGENCE AGENCY,

    Defendant - Appellee.

```
┌─────────────────────────────┐
│           FILED             │
│        Jul 10, 2026         │
│   KELLY L. STEPHENS, Clerk  │
└─────────────────────────────┘
```

Before:  SUTTON, Chief Judge; McKEAGUE and BUSH, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

*Kelly L. Stephens*

_____

Kelly L. Stephens, Clerk